**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: |
| SHUKHRAT KULDOSHOV and | : | |
| LYFT, INC. | : | |

# ORDER

AND NOW, this _____ day of ______________________, 2026, upon consideration of Defendant Lyft, Inc.'s Partial Motion to Dismiss, and any responses in opposition thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED as follows:

1. Count II (Negligent Hiring, Retention, Training, Supervision, and Negligent Entrustment) of Plaintiff's Complaint are dismissed with prejudice;

BY THE COURT:

___________________________________
HON.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: |
| SHUKHRAT KULDOSHOV and | : | |
| LYFT, INC. | : | |

**DEFENDANT LYFT, INC.'S PARTIAL MOTION TO DISMISS**

Defendant Lyft, Inc. ("Lyft"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., respectfully moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to issue an Order dismissing Count II (Negligent Hiring, Retention, Training, Supervision and Entrustment) as to Lyft.

A Brief in Support of this Motion is being filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, Defendant Lyft, Inc. respectfully requests that this Honorable Court issue the attached Order.

Respectfully submitted,

Date: 4/23/2026

s/ James R. Andrzejewski

James R. Andrzejewski, Esq. (PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2281
Attorneys for Defendant, Lyft, Inc.

**TABLE OF CONTENTS FOR BRIEF IN SUPPORT OF DEFENDANT LYFT, INC.'S PARTIAL MOTION TO DISMISS**


| SECTION | PAGE NO. |
|---|---|
| I. INTRODUCTION ………………………………………………………. | 1 |
| II. PROCEDURAL POSTURE …………………………………………... | 1 |
| III. ALLEGATIONS IN THE COMPLAINT ……………… | 2 |
| IV. LEGAL STANDARD ……………………………………………… | 3 |
| V. ARGUMENT …………………………………………………………. | 5 |
| A. Plaintiff's Complaint Fails to State a Valid Claim for Negligent Hiring, Training and Supervision Against Lyft, and Therefore it Should be Dismissed. | 5 |
| B. Plaintiff's Complaint Fails to State a Valid Claim for Negligent Entrustment Against Lyft, and Therefore it Should be Dismissed. | 14 |
| VI. CONCLUSION………………………………………………………… | 15 |

**TABLE OF AUTHORITIES FOR BRIEF IN SUPPORT OF DEFENDANT LYFT, INC.'S PARTIAL MOTION TO DISMISS**

**PAGE NO.**

**Cases**


| | |
|---|---|
| *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) …………………………………….. | 4 |
| *Bell v. Lyft, Inc.*, No. 25-CV-157-GKF-CDL (N.D. OK. July 3, 2025)…… | 10 |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ……………………... | 3 |
| *Brearey v. Ramsahai,* No. 24-cv-1693, 2024 U.S. Dist. LEXIS 99655 (E.D. Pa. June 5, 2024)………………………………………………………… | 13,14,15,16 |
| *Brezenski v. World Truck Transfer, Inc.* 755 A.2d 26 (Pa. Super. Ct. 2000) | 5 |
| *Caid v. Davis, No. 19-cv-2145 (*E.D. Pa. July 29, 2019*)*……………………. | 7,8,9,15 |
| *Christiansen v. Silfies*, 667 A.2d 396 (Pa. Super. Ct. 1995) ……………….. | 16 |
| *Crawford v. Lyft, Inc. et. al.*, March Term, 2021, No. 210300379 (Phila. Cnty. Pa. Com. Pl. Jan. 19, 2021) ……………………………………….. | 9 |
| *Dempsey v. Walso Bureau, Inc.* 246 A.2d 418 (Pa. 1968) ………………… | 5,6 |
| *Doe A.F. v. Lyft, Inc.*, No. 23-3990, 2024 WL 3497886, (E.D. Pa. 2024)…. | 7 |
| *Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 362 (S.D. N.Y. 2021)…….. | 12 |
| *Dowling v. Blue Ridge Comm.*, No. 4279 Civil 2009, 2010 WL 5657050, 16 Pa. D. & C. 5th 276, 280 (Monroe Cnty. Pa. Com. Pl. Aug. 4, 2010)…... | 10 |
| *Ferry v. Fisher*, 709 A.2d 399 (Pa. Super. Ct. 1998) ……………………… | 16 |
| *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ……………….. | 4 |
| *Fuentes v. Uber Techs., Inc.*, No. 123CV458RDALRV, 2024 WL 897603, (E.D. Va. Mar. 1, 2024)…………………………………………………….. | 11 |
| *Fusco v. Uber Tech, Inc.*, No. 17-00036, 2018 WL 3618232 (E.D. Pa. July 27, 2018)………………………………………………………………. | 5,7,8,15 |
| *Guida v. Uber Technologies, Inc.*, No. 152107/2020, 2021 WL 781340, (N.Y. Sup. Ct. Mar. 01, 2021)……………………………………………… | 12 |

*Heller v. Patwil Homes, Inc.*, 713 A.2d 105 (Pa. Super. Ct. 1998)………… 5,6,7,8

*Henry v. Lyft, Inc.*, No. 2:24-cv-01891-JRA, (E.D. Pa. Sept. 25, 2024)…… 7,10,13,14,16

*Holmes v. Gates*, No. 10-2058, 403 Fed. Appx. 670 (3d Cir. 2010)……….. 7

*Horton v. Nehemiah Booth, et. al.*, November Term, 2020, No. 1771 at p. 1 (Phila. Cnty. Pa. Com. Pl. Jan 19, 2021)……………………………………… 10

*Hutchinson v. Luddy*, 742 A.2d 1052 (Pa. 1999)…………………………… 6

*Jane Doe v. Lyft*, 2024 WL 3497886, (E.D. Pa. July 19, 2024)……………. 11

*Karlen v. Uber Techs., Inc.*, No. 3:21-CV-835 (VAB), 2022 WL 3704195, (D. Conn. Aug. 27, 2022)……………………………………………………... 11

*Kauffman v. Lyft, Inc., et. al.*, November Term, 2021, No. 1218 (Phila. Cnty. Pa. Com. Pl. Jan. 27, 2022)………………………………………….. 9,15,16

*Matos v. Uber Techs., Inc.*, No. CV 23-5038-KSM, 2024 WL 3238127, (E.D. Pa. June 28, 2024)………………………………………………………. 11

*McMillan v. Lyft, Inc., et. al.*, April Term, 2021, No. 2926 (Phila. Cnty. Pa. Com. Pl. Sept. 3, 2021)………………………………………………… 9,16

*Mitchell v. Gilbert Commonwealth, Inc.*, No. 95-2844, 1996 U.S. Dist. LEXIS 14967 (E.D. Pa. Oct. 10, 1996)…………………………………….. 16

*Murray v. Uber Techs., Inc.*, 486 F. Supp. 3d 468, 477 (D. Mass. 2020)… 12

*Perez v. Bardo*, No. 11-376, 2011 U.S. Dist. LEXIS 27532 (E.D. Pa. March 17, 2011) ………………………………………………………… 16

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ………………. 4

*R.A. by and through N.A. v. First Church of Christ*, 748 A.2d 692 (Pa. Super. Ct. 2000)……………………………………………………….. 5

*Wertz v. Kephart*, 542 A.2d 1019 (Pa. Super. Ct. 1988) ………………….. 16

*Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 231 (D.D.C. 2015) …… 7,8,13

*Townes v. Nevel*, No. 2019-CV-1759 (Lackwanna Cnty. Pa. Com. Pl. Dec. 29, 2020) ………………………………………………………… 10

*Uslu v. Evans*, No. 24-cv-5482, 2025 WL 378919 (E.D. Pa. Jan. 31, 2025). 13,14,15

*Zalewski v. Alliance Energy Corp.*, C-48-CV-2010-2407, 2011 Pa. D. & C. Dec. LEXIS 869 (Northampton Cnty. Pa. Com. Pl. Feb. 3, 2011 ………… 10

**Statutes**

Fed. R. Civ. P. 8 ………………………………………………………………. 3,4

**Other Authorities**

Restatement (Second) of Torts, Section 308 ………………………………. 10

Restatement (Second) of Torts, Section 500……………………………….. 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: |
| SHUKHRAT KULDOSHOV and | : | |
| LYFT, INC. | : | |

# BRIEF IN SUPPORT OF DEFENDANT LYFT, INC.'S PARTIAL MOTION TO DISMISS

## I. INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Lyft, Inc. ("Lyft"), respectfully requests that the Court enter an order dismissing Plaintiff Deshante Scott's ("Plaintiff") claims against Lyft for negligent hiring, retention, training, supervision, and entrustment. Pennsylvania law and federal pleading standards require Plaintiff to set forth the specific factual basis for her claims. Plaintiff fails to do so. Her Complaint only includes unsupported legal conclusions, non-specific factual assertions, and generic boilerplate allegations against Lyft, not accepted as true at the pleadings stage. For the reasons set forth in detail below, Lyft requests that this Honorable Court issue an Order dismissing Count II against Lyft from Plaintiff's Complaint with prejudice.

## II. PROCEDURAL POSTURE

Plaintiff instituted the instant personal injury action with the filing of a Complaint in the Court of Common Pleas of Philadelphia County on March 19, 2026. ECF No. 2. Lyft properly removed this action to the United States District Court for the Eastern District of Pennsylvania on April 22, 2026, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), based on the existence of

diversity jurisdiction. ECF No. 1. Lyft now files this Motion to Dismiss Plaintiff's claims against Lyft for negligent hiring, retention, training, supervision, and entrustment.

### III. ALLEGATIONS IN THE COMPLAINT

This matter arises out of a motor vehicle accident ("Accident") that occurred on February 3, 2025, near the intersection of Broad Street and Ontario Street, in Philadelphia County, Pennsylvania. Plaintiff alleges Defendant Kuldoshov was traveling northbound on Broad Street when he attempted to make a left turn onto Ontario Street, causing a collision with Plaintiff's vehicle, which was traveling southbound on Broad Street. ECF No. 2, ¶¶ 4-7. Plaintiff further alleges that, at all times material hereto, Kuldoshov was an employee, contractor, and/or agent of Lyft and was acting within the course and scope of that relationship.[1] *Id.*, ¶ 8. In her Complaint, and with only *de minimis* factual background, Plaintiff then asserts an omnibus cause of action against Lyft in Count II (negligent hiring, retention, training, supervision, and entrustment) of the Complaint. Without sufficient factual support, Plaintiff alleges that Lyft was negligent in:

- ***Hiring, retaining, and permitting***, Kuldoshov to operate a motor vehicle on the Lyft rideshare platform without first properly and adequately qualifying him consistent with industry custom, applicable regulations and the statutory requirements of the Pennsylvania Transportation Network Company Law…; *Id.*, ¶ 20 (a) (emphasis added).
- ***Hiring, retaining, and permitting***, Kuldoshov to operate as a Lyft rideshare driver without first conducting a proper and adequate criminal background check, motor vehicle record review, and safety screening to ascertain whether he was competent and fit to properly and safely operate a motor vehicle while providing rideshare services for Lyft.; *Id.*, ¶ 20 (b) (emphasis added).
- ***Failing to provide proper, adequate, ongoing and/or remedial training*** to Kuldoshov consistent with industry custom, Lyft's own safety and rideshare policies, and applicable regulations, including, training in safe and defensive driving, time management, avoiding distracted or fatigued driving, and performing safe left turns. *Id.*, ¶ 20 (c) (emphasis added).
- ***Failing to take proper and adequate measures*** to prevent Kuldoshov from endangering the motoring public, including Plaintiff, by failing to ensure that he was operating his

[1] Lyft disputes that Kuldoshov was an employee or agent of Lyft. At time of the incident, Kuldoshov was an independent contractor who used Lyft's application, website, and technology platform (the "Lyft platform") to connect with other users pursuant to Lyft's Terms of Service. This legal issue is not material to the within Motion and, therefore, is not briefed herein. However, Lyft reserves the right to dispute the assertion that Kuldoshov was its agent, employee, and/or servant throughout any remaining litigation.

vehicle in a safe, alert, and undistracted manner while providing rideshare services. *Id.*, ¶ 20 (d).

- ***Retaining and permitting*** Kuldoshov to operate as a Lyft rideshare driver when Lyft knew or, in the exercise of due care and diligence, should have known – by and through his prior unsafe, negligent, and/or substandard driving conduct – that he was incompetent, unfit, or otherwise likely to engage in the careless conduct that caused harm to Plaintiff; *Id.*, ¶ 20 (e) (emphasis added).
- ***Failing to properly and adequately train, monitor, and/or supervise*** Kuldoshov to ensure that he could safely transport passengers and avoid collisions with the motoring public, including Plaintiff; *Id.*, ¶ 20 (f).
- ***Failing to properly and adequately train, monitor, and/or supervise*** Kuldoshov to ensure that he could safely transport passengers and avoid collisions with the motoring public, including Plaintiff; *Id.*, ¶ 20 (g). (emphasis added).
- ***Failing to implement and enforce*** reasonable policies and procedures to ensure that Lyft rideshare drivers operate their vehicles safely, lawfully, and in compliance with Lyft's own stated safety commitments and applicable law; *Id.*, ¶ 20 (h).
- ***Allowing and/or directing*** Kuldoshov to continue operating the Subject Lyft Vehicle while fatigued, distracted, or otherwise unsafe to drive while providing rideshare services; and *Id.*, ¶ 20 (i).
- ***Failing to warn or protect*** the motoring public, including Plaintiff, from the foreseeable risk of harm posed by Kuldoshov's unsafe and/or negligent operation of the Subject Lyft Vehicle while acting within the scope of his agency, employment, and/or contractual relationship with Lyft. *Id.*, ¶ 20 (j).

## IV. LEGAL STANDARD

Dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears that the plaintiff's claims are implausible, and "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Thus, a plaintiff must set forth facts within the complaint that, if true, suggest plausible grounds for relief. *Id.*, at 556. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). When deciding whether to grant or deny a 12(b)(6) motion, the United States Supreme Court has held that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must

> be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555; *see also*, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Furthermore, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.*, at 678 (citations omitted).

The *Iqbal* Court specifically relied upon two fundamental principles of the *Twombly* decision. First, for purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-79. Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.*, at 679. In other words, a complaint must do more than allege the entitlement to relief; its facts must *show* such an entitlement. *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *see also, Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Thus, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint must be dismissed. *Id.*

## V. ARGUMENT

Lyft's Motion to Dismiss should be granted because: (1) Plaintiff failed to set forth sufficient factual averments to support her claim for negligent hiring, training, retention, and

supervision against Lyft; and (2) Plaintiff failed to set forth sufficient factual averments to support her claim for negligent entrustment against Lyft.

**A. Plaintiff's Complaint Fails to State a Valid Claim for Negligent Hiring, Training, and Supervision Against Lyft, and Therefore it Should be Dismissed.**

Plaintiff alleges, without sufficient supporting facts, that Lyft negligently hired, trained, retained, and supervised Kuldoshov. ECF No. 2, ¶ 20. To state a claim for negligent hiring or training, a plaintiff must plead that the alleged employer knew or should have known of an applicant's propensity for misconduct and, nevertheless, hired the individual and/or failed to train the individual, thereby exposing the plaintiff to danger. *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 39-40 (Pa. Super. Ct. 2000) (citing *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 420 (Pa. 1968))[2]; *see also, Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 107-108 (Pa. Super. Ct. 1998); *Fusco v. Uber Tech, Inc.*, No. 17-00036, 2018 WL 3618232 at *12-13 (E.D. Pa. July 27, 2018). A negligent retention claim requires Plaintiff to plead that Lyft negligently declined to terminate Kuldoshov after learning of a dangerous tendency. *See Dempsey*, 246 A.2d at 420 (citing Restatement (Second) of Torts § 317 (1965)). Similarly, to state a claim for negligent supervision, a plaintiff must plead facts to support the conclusion that the employer knew or should have known of a need to supervise the employee and, by failing to do so, exposed the plaintiff to the employee's misbehavior. *R.A. by and through N.A. v. First Church of Christ*, 748 A.2d 692, 698-699 (Pa. Super. Ct. 2000).

Under any of these theories, a plaintiff must plead that ***<u>particular instances</u>*** of the employee's prior conduct would have put a reasonable employer on notice of the employee's propensity to injure others. *See Fusco*, 2018 WL 3618232, at *12-13 (citing *Heller*, 713 A.2d at

---

[2] A federal court sitting in diversity must apply the substantive law of the state in which the court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

108); *Dempsey*, 246 A.2d at 420. At the Rule 12(b)(6) stage, Plaintiff must plead sufficient facts to satisfy the "reasonably foreseeable" element of a negligent hiring, training, retention or supervision claim. *Gjeka v. Delaware Cty. Cmty. Coll.*, No. 2:12-cv-4548, 2013 WL 2257727, at *13 (E.D. Pa. May 23, 2013) (finding that because "[p]laintiff . . . failed to plead any facts indicating that she . . . complained about [the employee's] actions to an appropriate administrator," she had "failed to plead facts satisfying the 'reasonably foreseeable' element of a negligent supervision claim"); *Dempsey*, 246 A.2d at 421, 423. In that regard, the proper inquiry is, "what was [the employee's] conduct prior to [the incident] and was it of such nature as to indicate a propensity for [conduct similar to that which allegedly injured the plaintiff]?" *Id.*, at 422.

Plaintiff must allege ***<u>specific examples</u>*** of prior conduct that would have put Lyft on notice of Kuldoshov's propensity to injure others. Plaintiff alleged no prior conduct, let alone any specific examples.

The inclusion of the catalogue of baseless allegations that Lyft negligently hired, trained, retained and supervised Kuldoshov, does not satisfy the pleading requirements to survive a Rule 12(b)(6) motion. *Id.*, at ¶ 20. Specifically, Plaintiff does not allege sufficient *facts* to support the two inquiries central to a claim for negligent hiring, training, retention, or supervision: (1) that Kuldoshov's conduct prior to the date of the Accident demonstrated a propensity to act in the manner that caused Plaintiff's injuries; and (2) that Lyft knew or should have known of Kuldoshov's prior conduct. *Heller*, 713 A.2d at107-108; *see also Hutchinson v. Luddy*, 742 A.2d 1052, 1059 (Pa. 1999) (emphasizing the "importance of the defendant employer's knowledge of prior conduct by the employee").

The case law is clear: a plaintiff must assert "specific conduct" and **"particular instances"** of an employee's alleged prior conduct to overcome a challenge to the sufficiency of the complaint.

*Heller*, 713 A.2d at 107-108; *Caid v. Davis*, No. 19-cv-2145 (E.D. Pa. July 29, 2019) (granting Lyft's motion to dismiss negligent hiring, training and supervision because plaintiff failed to state any specific conduct or particular instances of the driver's prior conduct); *Fusco, supra*.; *accord Henry v. Lyft, Inc.*, No. 2:24-cv-01891-JRA, 2024 WL 4293055 at *7-8 (E.D. Pa. Sept. 25, 2024) (granting motion for judgment on the pleadings as to negligent hiring, training, retention, and supervision claim where plaintiff "fail[ed] to identify any past misconduct that would put a reasonable employer on notice of an employee's propensity for dangerous activity") (attached as Exhibit A); *Doe A.F. v. Lyft, Inc.*, No. 23-3990, 2024 WL 3497886, at *4 (E.D. Pa. 2024) (dismissing the plaintiff's negligent supervision claim because plaintiff did not plead any instances of past passenger complaints of sexual misconduct by driver); *Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 231 (D.D.C. 2015) (dismissing negligent hiring claims against Uber where driver stabbed the plaintiff passenger because plaintiff did not plead any instances of specific past misconduct as to the driver).

Here, Plaintiff *fails to allege sufficient facts – with any particularity* – in her Complaint demonstrating any *specific conduct* on the part of Kuldoshov prior to the Accident, let alone explain how Lyft knew about it or how that conduct demonstrated any propensity to drive negligently. Further, Plaintiff fails to aver any factual basis from which it could be inferred that Lyft knew or should have known of any such unspecified conduct. Plaintiff relies exclusively on the quintessential "unadorned, the-defendant-harmed-me accusation," that district courts have found to be insufficient in the wake of *Twombly* and *Iqbal*. *Holmes v. Gates*, No. 10-2058, 403 Fed. Appx. 670, 674 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 555). Plaintiff's allegations are only "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, that cannot "nudge" her claim for negligent hiring,

retention, and supervision "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Plaintiff's bare-boned legal conclusions are therefore not entitled to the presumption of truth and do not give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678-79.

In her Complaint, Plaintiff fails to cite to any driving record, ISO claim search, or any other specific facts regarding prior "accidents" and/or "moving citations." The boilerplate allegations in the Complaint fall well short of the standard, which requires Plaintiff to ***plead specific examples of particular instances***. *Heller*, 713 A.2d at 107-108; *Caid v. Davis*, No. 19-cv-2145 (E.D. Pa. July 29, 2019). Nowhere does Plaintiff allege facts supporting (1) what Kuldoshov's propensity for dangerous, careless, and reckless driving was; (2) when, where, and how often it occurred; (3) how and why Lyft should have known about it; and (4) its connection to what Kuldoshov allegedly did wrong in this Accident. As a result, Plaintiff has not come close to properly alleging a direct negligence claim.

Indeed, this Court has repeatedly dismissed claims for negligent hiring, training, retention and supervision against Lyft and similarly situated defendants under these circumstances. For instance, in *Fusco*, this Court addressed plaintiff's allegation that he entered the driver's car who was using the Uber platform, and the driver, upon learning of the plaintiff's intended destination, refused to transport the plaintiff and then assaulted him. *Fusco*, 2018 WL 3618232 at *1. Uber moved to dismiss the plaintiff's claims for negligent hiring on the grounds that the plaintiff failed to allege any instance of past misbehavior by the driver that would have put it on notice of any alleged propensity for violence. *Id.* The Court rejected plaintiff's argument that "a general allegation that the driver was unqualified should suffice," *id.* at *11, and granted Uber's motion to dismiss, noting:

> A plaintiff must provide sufficient factual allegations to "nudge[ ] [a] claim[ ] across the line from conceivable to plausible," and an allegation that is merely

> "speculative" is insufficient to progress past the pleading stage. . . For this reason, federal courts routinely dismiss negligent hiring claims under Rule 12(b)(6) if the plaintiff fails to allege a specific instance of past misconduct.

*Id.*, at *12-13 (citing *Twombly*, 550 U.S. at 568-70).

Similarly, in *Caid*, plaintiff alleged that Lyft knew or should have known that the defendant driver was inexperienced, unlicensed, unqualified, unsafe, unfit, and/or a careless driver, and that Lyft knew or should have known of same, but failed to properly screen, train and supervise its employees, including the defendant driver. *See Caid*, at p. 5. The plaintiff pled no specific instances of the driver's alleged prior misconduct or of what alleged prior conduct Lyft was aware. *Id.* at pp. 5-6. Consequently, the court granted Lyft's motion to dismiss and dismissed plaintiff's claim for negligent hiring, training, supervision, and retention. *Id.*

In addition, in *Kauffman*, the Philadelphia Court of Common Pleas sustained Lyft's preliminary objections in a motor vehicle accident case to plaintiff's claims for, *inter alia*, negligent hiring, training, retention, and supervision against Lyft. In so doing, this Court held that plaintiff "fail[ed] to allege that Lyft knew or should have known of the propensity for negligent driving of [Defendant Driver] based on prior misconduct" and that plaintiff did not allege that Defendant Driver "had any 'propensity' for negligently operating the vehicle as indicated by prior 'problems' or 'red flags', except in a conclusory manner." (citing *Keffer v. Bob Nolan's Auto Serv., Inc.*, 59 A.3d 621, 632 (Pa. Super. Ct. 2012)).

Other Pennsylvania courts are in accord and have consistently held that a plaintiff's complaint is deficient as to claims for negligent hiring, training, and supervision where a plaintiff fails to allege sufficient facts to support the notion that the employer knew or should have known of the employee's prior conduct. *See, e.g.*, *McMillan*, at pp. 3-4 (See Exhibit B); *Calvin Crawford v. Lyft, Inc. et al.*, March Term, 2021, No. 210300379 at p. 3 (Phila. Cnty. Pa. Com. Pl. Jan. 19, 2021) (sustaining Lyft's preliminary objections to claims of negligent hiring and training where

the plaintiff failed to allege any specific conduct of the defendant driver prior to the accident or that Lyft knew or should have known of such unspecified conduct); *Michele Horton v. Nehemiah Booth, et al.*, November Term, 2020, No. 1771 at p. 1 (Phila. Cnty. Pa. Com. Pl. Jan 19, 2021) (same); *Zalewski v. Alliance Energy Corp.*, No. C-48-CV-2010-2407, 2011 Pa. D. & C. Dec. LEXIS 869, at *7-8 (Northampton Cnty. Pa. Com. Pl. February 3, 2011) (finding factual averments of complaint insufficient to support claim of negligent hiring, retention and/or supervision); *Dowling v. Blue Ridge Comm.*, 16 Pa. D. & C. 5th 276, 280 (Monroe Cnty. Pa. Com. Pl. Aug. 4, 2010) (sustaining preliminary objections as to negligent hiring, retention, supervision, and entrustment claims where plaintiff "failed to allege facts establishing prior incidents that would put [the employer] on notice of any propensities" of the employee towards women); *Townes v. Nevel*, No. 2019-CV-1759 (sustaining Lyft's preliminary objections to claims for negligent hiring, training and supervision where plaintiff "fail[ed] to proffer any prior instances of any conduct, or misconduct, on behalf of [Driver] which would put Lyft on notice of his propensity to engage in negligent, careless or unsafe driving.").

These decisions are not outliers. Indeed, federal and state courts routinely dismiss virtually identical direct negligence claims against rideshare companies like Lyft and Uber:

- In *Bell v. Lyft, Inc.*, No. 25-CV-157-GKF-CDL (N.D. Okla. July 3, 2025), the court granted Lyft's motion to dismiss direct negligence claims where, "[Plaintiff's] failure to offer factual support for the scienter element of his direct negligence claim is dispositive."
- In *Henry v. Lyft*, No. CV 24-1891, 2024 WL 4293055, *7-8 (E.D. Pa. Sept. 25, 2024), the court held that the plaintiff must allege specific examples of violent or dangerous behavior to survive Lyft's motion for judgment on the pleadings as to direct negligence claims, and that a "general allegation that [driver] was dangerous does not meet this burden."

- In *Jane Doe v. Lyft*, 2024 WL 3497886, *4 (E.D. Pa. July 19, 2024), the court dismissed direct negligence claims against Lyft because “[t]he Amended Complaint fails to allege past misconduct on the part of [driver] and does not otherwise allege facts suggesting that Lyft knew or should have known that [driver] had violent tendencies.”
- In *Matos v. Uber Techs., Inc.*, No. CV 23-5038-KSM, 2024 WL 3238127, at *6 (E.D. Pa. June 28, 2024), the court ruled that “[h]ere, the Complaint is completely devoid of any factual allegations suggesting that [driver] had committed similar bad acts prior to joining Uber or that Defendants otherwise knew or should have known that [driver] had violent tendencies before enrolling him as a driver. At most, Plaintiff asserts in conclusory fashion that Defendants’ screening process was insufficient. But this allegation does not support a claim for negligent hiring because Plaintiff has failed to assert that more thorough screening would have uncovered some past misconduct on the part of [driver].”
- In *Fuentes v. Uber Techs., Inc.*, No. 123CV458RDALRV, 2024 WL 897603, at *4 (E.D. Va. Mar. 1, 2024), the court held that “Plaintiffs’ negligent retention claim also fails for the same reasons that Plaintiffs’ negligent hiring claim fails. Again, the risk of the harm must be similar to the harm actually suffered. Here, the Uber Defendants were on notice about the risk of traffic infractions – not the risk of an assault. Accordingly, Plaintiffs’ claim for negligent retention [and hiring] will be dismissed.”
- In *Karlen v. Uber Techs., Inc.*, No. 3:21-CV-835 (VAB), 2022 WL 3704195, at *5 (D. Conn. Aug. 27, 2022), the court granted Uber’s motion to dismiss direct negligence claims where “Plaintiff alleges only that Uber ‘hired [Mr. Cabrera], who was, or became unfit to perform his duties’ as an Uber driver []. Plaintiff does not, however, include any facts in

her Complaint alleging that Mr. Cabrera had a propensity to commit the tortious conduct at issue."

- In *Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 362 (S.D. N.Y. 2021), the court dismissed direct negligence claims against Uber where the plaintiff did not allege "any instances of past misconduct by [the driver] or any other facts with respect to him that should have led Uber to concern."
- In *Guida v. Uber Technologies, Inc.*, No. 152107/2020, 2021 WL 781340, at *1 (N.Y. Sup. Ct. Mar. 1, 2021), the court held that "[w]ith regard to the plaintiffs' claims for negligent hiring, supervision, and/or retention, an essential element of such claims is that Uber knew or should have known of [driver]'s propensity for the type of conduct that the plaintiffs claim [driver] engaged in and caused them injury. Absent this showing, dismissal is proper. In this case, the complaint clearly lacks any allegations that Uber knew of the propensity of [driver] to engage in the conduct alleged."
- In *Murray v. Uber Techs., Inc.*, 486 F. Supp. 3d 468, 477 (D. Mass. 2020), the court granted Uber's motion to dismiss "negligent hiring, training, retention, supervision and management" claims where "Plaintiff alleges that Uber knew or should have known that [driver] would be a danger to passengers and cause the kind of harm that plaintiff suffered. Plaintiff does not, however, plead any facts in support of her causation argument. For example, she does not identify any 'red flags' in [driver]'s background or employment history that should have alerted Uber to [driver]'s propensity for sexual assault. Neither does she explain how additional training, supervision or management would have prevented, or at least minimized the risk of, [driver] sexually assaulting plaintiff."

- In *Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 229 (D. D.C. 2015), the plaintiff asserted that Uber "had a duty to use reasonable care in the selection, hiring, training, and supervision of" the TNC driver and breached that duty "by failing to hire personnel properly qualified to operate Uber vehicles in a safe and reasonable manner; by failing to properly screen potential employees ...; by failing to abide by proper screening protocols before hiring employees ...; by hiring dangerous and unstable drivers including [the driver]; by failing to provide follow-up, in-service safety training ...; by failing to terminate [the driver] prior to the incident in question; and failing to properly supervise drivers while such drivers are operating Uber vehicles." The court found these "conclusory assertions devoid of any factual matter" and thus insufficient to overcome Uber's motion to dismiss. *Id*. "Importantly, then, to state a claim for negligent hiring, a plaintiff must allege specific facts from which an inference can be drawn that the employer did not conduct a reasonable background investigation, and that such an investigation would have uncovered a reason not to hire the alleged tortfeasor." *Id.* at 230. The Search plaintiff did not specifically identify a "red flag in [the driver]'s past" that made him unfit to drive on the date in question. *Id*.

The pattern of dismissals in this District is particularly instructive. At least three federal judges in the Eastern District of Pennsylvania have dismissed materially identical negligent hiring, retention, supervision, training, and entrustment claims premised on the same boilerplate template—all brought by Plaintiff's own counsel, Simon & Simon, P.C. *See Henry v. Lyft*, No. 24-1891; *Brearey v. Ramsahai*, No. 24-cv-1693, 2024 U.S. Dist. LEXIS 99655 (E.D. Pa. June 5, 2024); *Uslu v. Evans*, No. 24-cv-5482, 2025 WL 378919 (E.D. Pa. Jan. 31, 2025). This pattern of

dismissals confirms that the pleading deficiencies at issue are systemic to the complaint template, not a product of case-specific factual shortcomings.

In *Uslu v. Evans*, United States Magistrate Judge Sitarski granted the defendant's motion to dismiss a negligent entrustment claim, observing that the plaintiff's "proximate cause" allegations "appear to have been largely cut and pasted" from earlier cases brought by Simon & Simon, "with only minor adjustments made primarily concerning the name and gender of the vehicle operator and type of vehicle operated." 2025 WL 378919, at *3. The *Uslu* court explicitly noted that "[t]wo judges within this district have already rejected as legally insufficient negligent entrustment claims based on substantially equivalent averments in cases brought by the same firm that represents Plaintiff in this matter, Simon & Simon, PC." *Id.* (citing *Henry*, 2024 U.S. Dist. LEXIS 173705; *Brearey*, 2024 U.S. Dist. LEXIS 99655).

As Judge Kenney explained in *Brearey*, "[t]his is a fact-intensive case in which the Plaintiff has not put forward any facts at all to support a plausible claim of negligent . . . entrustment by [the defendant]. Plaintiff makes a naked legal assertion that [defendant] was negligent without cloaking that assertion in any facts, which is exactly the kind of 'legal conclusion couched as a factual allegation' that the Supreme Court warned against in Iqbal." *Brearey*, 2024 WL 2848297, at *2. The *Uslu* court found this reasoning "directly applicable" and noted that the allegations in *Henry* were "arguably stronger than in this case because Henry at least averred that the co-defendant vehicle operator had 'numerous traffic violations' and had made public TikTok videos showing himself driving with no hands and while looking at the camera rather than the road." *Uslu*, 2025 WL 378919, at *3. Even those additional allegations were found insufficient. *A fortiori*, Plaintiff's Complaint here—which contains no allegations of prior misconduct whatsoever—cannot satisfy the pleading standard.

The significance of this pattern cannot be overstated. When multiple federal judges, applying the same pleading standard, independently reach the same conclusion—that these template allegations fail to state a plausible claim—this Court should be persuaded that the deficiencies are fundamental, not mere drafting oversights curable by amendment. As the *Uslu* court explained, additional unsupported allegations "are simply additional unsupported and speculative boilerplate that fails to advance the negligent entrustment claim." *Id*. at *3. Plaintiff's enumeration of sub-allegations in her Complaint does not transform conclusions of law into well-pleaded facts.

**This Court should reach the same result here for the same reasons.**

Plaintiff's Complaint suffers from the same fatal flaws as described in *Henry*, *Brearey*, *Uslu*, *Fusco, Caid,* and *Kauffman*. Namely, Plaintiff failed to plead sufficient allegations of specific, past misconduct of which Lyft knew or should have known necessary to support her claims. *See* ECF No. 2, *generally*. Likewise, Plaintiff does not describe with factual specificity the type of training or screening that Lyft should have provided as to Kuldoshov. *Id.* Plaintiff's bare-boned legal conclusions are not entitled to the presumption of truth and do not give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678-79. Consequently, the Court should dismiss, with prejudice, the allegations of negligent hiring, training, retention and supervision in Count II of Plaintiff's Complaint.

**B. Plaintiff's Complaint Fails to State a Valid Claim for Negligent Entrustment, and Therefore it Should be Dismissed.**

Plaintiff's negligent entrustment claim should also be dismissed. Plaintiff's Complaint summarily alleges that Lyft negligently entrusted the vehicle to Kuldoshov. ECF No. 2, ¶ 20. To state a claim for negligent entrustment at the Rule 12 stage, a plaintiff must plead that the alleged employer "knows or should know that such person intends or is likely to use the thing or to conduct

himself in the activity in such a manner as to create an unreasonable risk of harm to others." Restatement (Second) of Torts, Section 308; *see also*, *Mitchell v. Gilbert Commonwealth, Inc.*, No. 95-2844, 1996 U.S. Dist. LEXIS 14967, at *12 (E.D. Pa. Oct. 10, 1996) (citing *Christiansen v. Silfies*, 667 A.2d 396, 400 (Pa. Super. Ct. 1995) (adopting Restatement (Second) of Torts, Section 308)). Negligent entrustment arises from liability imposed upon the defendant because of his or her own actions in relation to the activity under *their control*. *Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Super. Ct. 1998) (citing *Christiansen*, 667 A.2d at 400). "In the automobile context, a negligent entrustment claim requires a showing that a defendant entrusted a vehicle to a person *he knew or had reason to know was incompetent or likely to drive improperly*." *Perez v. Bardo*, No. 11-376, 2011 U.S. Dist. LEXIS 27532, at *7-8 (E.D. Pa. March 17, 2011) (citing *Wertz v. Kephart*, 542 A.2d 1019, 1023-24 (Pa. Super. Ct. 1988)) (emphasis added).

Indeed, other Pennsylvania courts have granted nearly identical objections from Lyft when plaintiff "fail[ed] to sufficiently allege that Lyft had any direct control or ownership over the vehicle. . ." and that plaintiff "fail[ed] to sufficiently allege . . . incident-specific knowledge of [Defendant Driver's] unfitness to drive." *Kerry Kauffman v. Lyft, Inc., et al.*, November Term, 2021, No. 1218 (Phila. Cnty. Pa. Com. Pl. Jan. 27, 2022) (Exhibit "C"); *see also McMillan v. Lyft, Inc., et al.*, April Term, 2021, No. 2926 (Phila. Cnty. Pa. Com. Pl. Sept. 3, 2021).

This very Court has reached the same conclusion in cases involving identical boilerplate allegations. In *Brearey*, Judge Kenney granted a motion to dismiss the plaintiff's negligent entrustment claim where, as here, "Plaintiff makes a naked legal assertion that [defendant] was negligent without cloaking that assertion in any facts." 2024 WL 2848297, at *2 (E.D. Pa. June 5, 2024). Similarly, in *Henry*, this Court dismissed the plaintiff's negligent entrustment claim against Lyft because, "although Henry alleges in conclusory fashion that Lyft knew of Marcelin's prior

unsafe conduct, she does not specify any facts to support her claim; making her averment a 'factual recitation of the elements' that does not suffice to state a plausible claim for relief." 2024 WL 4293055, at *5. These decisions confirm that the type of boilerplate allegations present in Plaintiff's Complaint are insufficient as a matter of law.

Plaintiff fails to plead that Lyft had any direct control or ownership over the vehicle, let alone sufficient facts that Lyft knew or should have known that Kuldoshov was likely to operate the vehicle in an unsafe manner based on any prior instances of negligence. Plaintiff fails to cite to any driving record, ISO claim search, or plead any other specific facts regarding these conclusory "accidents" and/or "moving citations". These general allegations fall well short of the standard, which requires Plaintiff to plead with specificity the nature of Kuldoshov's prior conduct, how it is causally related to the Accident, and how and why Lyft should have known about Kuldoshov's alleged prior unsafe conduct. Plaintiff provides no detail about prior instances of Kuldoshov'sconduct that could have possibly put Lyft on notice of any indication Kuldoshov would engage in negligent, careless, or unsafe driving. In short, Plaintiff's allegations of negligent entrustment against Lyft amount to nothing more than unsupported legal conclusions, not accepted as true at the pleadings stage. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's Complaint fails to state a plausible claim for negligent entrustment against Lyft and, therefore, Count II should be dismissed with prejudice.

## VI. CONCLUSION

WHEREFORE, Defendant Lyft, Inc. respectfully requests that this Honorable Court enter the attached Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure: dismissing Count II from Plaintiff's Complaint with prejudice.

Respectfully submitted,

Date: 4/23/2026

s/ James R. Andrzejewski

James R. Andrzejewski, Esq. (PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2281
Attorneys for Defendant, Lyft, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means, unless they are not registered to receive filings electronically, in which case service was made by U.S. Mail, postage pre-paid.

DICKIE, MCCAMEY & CHILCOTE, PC

BY: *James R. Andrzejewski*
JAMES R. ANDRZEJEWSKI, ESQUIRE

Date: 4/23/2026