EXHIBIT B

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT**
**TRIAL DIVISION – CIVIL SECTION**

| | | |
|---|---|---|
| **JASEER QUANN MCMILLAN** | : | |
| **Plaintiff,** | : | |
| | : | **APRIL TERM 2021** |
| **v.** | : | **No. 02926** |
| | : | **Control No. 21060275** |
| **LYFT, INC.; ET AL.** | : | |
| **Defendant.** | : | |

**ORDER**

AND NOW, this 3rd day of September, 2021, upon consideration of the Preliminary Objections of Defendant Lyft, Inc. ("Lyft") to the Complaint of Plaintiff Jaseer Quaan McMillan, Response of Plaintiff thereto, and Defendant's Reply thereto, it is hereby **ORDERED** and **DECREED** that the Preliminary Objections of Defendant are **SUSTAINED** as Plaintiff's claims for Negligent Hiring, Selection, and Retention (Count II) and Negligent Entrustment (Count IV) are legally insufficient under Pa. R.C.P. 1028(a)(4).

**1) Negligent Hiring, Selection, and Retention (Count II)**

Defendant Lyft, Inc.'s preliminary objection under Pa. R.C.P. 1028(a)(4) to dismiss Count II for legal insufficiency is **SUSTAINED** as Plaintiff fails to allege that Lyft knew or should have known of the propensity for negligent driving of Co-Defendant Augustin Pulimuttathu Joseph ("Joseph") based on prior misconduct.

An employer may be liable for negligent hiring, training, retention, and supervision if the employer "knew or should have known that an employee was dangerous, careless or incompetent and such employment might create a situation where the employee's conduct would harm a third person." ***Brezenski v. World Truck Transfer, Inc.***, 755 A.2d 36, 39 (Pa. Super. Ct. 2000) (citing ***Dempsey v.***



"B"

***Walso Bureau, Inc.,*** 246 A.2d 418 (Pa. 1968)). These duties apply to an employer's hiring/selection, retention, and supervision of its employees. ***See Fusco v. Uber Techs., Inc.,*** CV 17-00036, 2018 WL 3618232, at *4-5 (E.D. Pa. July 27, 2018) (dismissing similar claims under the federal standard as plaintiff "only generally allege[d] that the driver was unqualified and dangerous."); ***see also R.A. ex rel. N.A. v. First Church of Christ,*** 748 A.2d 692 (Pa. Super. Ct. 2000) (addressing negligent retention). More specifically, the Superior Court has held that an employer has "an obligation to hire drivers who operate their vehicles in a safe manner." ***Brezenski, supra,*** 755 A.2d at 44.

Plaintiff fails to allege that there was any prior misconduct on the part of Co-Defendant Joseph, that Defendant Lyft knew or should have known in the process of hiring/selecting or retaining him. Even as to negligent supervision, which is mentioned briefly in paragraphs 41, 45(a), 53(d), Plaintiff fails to allege that prior misconduct took place for a sufficient period of time or with sufficient obviousness that Lyft would have "constructive notice." ***See Heller v. Patwil Homes, Inc.,*** 713 A.2d 105, 109 (Pa. Super. Ct. 1998). Nor does Plaintiff allege that Joseph had any "propensity" for negligently operating the vehicle as indicated by prior "problems" or "red flags." ***See Keffer v. Bob Nolan's Auto Service, Inc.,*** 2012 WL 2375881 (Pa.Com.Pl.) (incorporated in ***Keffer v. Bob Nolan's Auto Serv., Inc.,*** 2012 PA Super 255, 59 A.3d 621, 632 (Pa. Super. Ct. 2012)). Indeed, the allegations in Count II largely pertain to the negligent hiring, selection, and retention of employees in general by Lyft and not to Mr. Joseph specifically (***see generally*** Complaint, ¶¶ 34-45) except in a conclusory manner. ***See id.*** at ¶ 38. Consequently, Count II is hereby **STRICKEN**.

**2) <u>Negligent Entrustment (Count IV)</u>**

Plaintiff's claim for negligent entrustment is legally insufficient as negligent entrustment arises from liability imposed upon the entrustor-defendant because of his or her own actions in relation to the activity or instrumentality under their ownership or control. ***Ferry v. Fisher***, 709 A.2d 399 (Pa. Super. Ct. 1998) (citing ***Christiansen v. Silfies***, 667 A.2d 396, 400 (Pa. Super. Ct. 1995)). To prove negligent entrustment, a defendant may be found negligent where he permits a third party, "to use a thing or engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create unreasonable risk of harm to others" ***Christiansen***, 667 A.2d at 400 (quoting Restatement (Second) of Torts, § 308). Plaintiff alleges that the vehicle was directly owned, maintained, and controlled by Defendants Augustin Joseph and Rani Augustin, ***see*** Complaint, ¶ 13, but only alleges that Lyft controlled or operated the vehicle vicariously through Joseph, ***see id.*** at 14-16, despite repeatedly referring to it as a "Lyft vehicle."

Even if Plaintiff were to proceed on the theory that Joseph's transporting him in the vehicle as a Lyft customer constitutes an "activity which is under the control" of Lyft, Plaintiff still fails to sustain a legally sufficient claim of negligent entrustment. To sustain such a claim, the Plaintiff must allege that the entrustor knew at the time the entrustee drove the vehicle that the entrustee was not fit to drive (i.e. incident-specific knowledge), as opposed to generalized knowledge of the entrustee's unfitness to drive. ***See Hosler v. Reich,*** 19 Pa. D. & C.4th 46, 48 (Pa. Com. Pl. 1992) ("The court knows of no Pennsylvania case which has recognized a cause of action for negligent entrustment based on a 'presumed-to-know' theory."); ***Hornberger v. Hommel,*** 6

Pa. D. & C.4th 376, 379 (Pa. Com. Pl. 1990) ("the knowledge in dispute is incident-specific, not generalized misgivings"); ***Gibson v. Bruner,*** 406 Pa. 315, 322, 178 A.2d 145, 148 (1961) ("Such testimony does not prove that *at that time* he was unfit to operate the truck."). Thus, Count IV is **STRICKEN** as Plaintiff fails to sufficiently allege that Lyft had any direct control or ownership over the vehicle or incident-specific knowledge of Joseph's unfitness to drive.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an Amended Complaint within twenty (20) days from the date this Order is docketed, which is to be followed by the Defendant filing a Responsive Pleading within twenty (20) days from the date the Amended Complaint is docketed.

If Plaintiffs have not filed an Amended Complaint within twenty (20) days from the date this Order is docketed, then Defendant shall file an Answer to the Original Complaint within (20) twenty days from that date.

**BY THE COURT:**

**Stella M. Tsai, J.**