201101218-Kauffman Vs Lyft, Inc. Etal

20110121800049

**IN THE COURT OF COMMON PLEAS OF PHILADELP**
**FIRST JUDICIAL DISTRICT**
**TRIAL DIVISION – CIVIL SECTION**

**KERRY KAUFFMAN,**
**Plaintiff,**

**v.**

**LYFT, INC., RYLEE BOGDEN, AND RYAN BOGDEN**
**Defendant.**

**NOVEMBER TERM 2021**
**No. 201101218**
**Control No. 21112062**

**ORDER**

AND NOW, this 26th day of January 2022, upon consideration of the Preliminary Objections of Defendant Lyft, Inc. ("Lyft") to the Amended Complaint of Plaintiff Kerry Kauffman, and Response of Plaintiff thereto, it is hereby **ORDERED** and **DECREED** that the Preliminary Objections of Defendant are **SUSTAINED** as Plaintiff's claims for Negligent Hiring, Training, and Supervision (Count II) and Negligent Entrustment (paragraph 18 and Count II) and allegations of recklessness and request for punitive damages are legally insufficient under Pa. R.C.P. 1028(a)(4).

1) **Negligent Hiring, Training, and Supervision (Count II)**

Defendant Lyft, Inc.'s preliminary objection under Pa. R.C.P. 1028(a)(4) to dismiss Count II for legal insufficiency is **SUSTAINED** as Plaintiff fails to allege that Lyft knew or should have known of the propensity for negligent driving of Co-Defendant Rylee Bogden based on prior misconduct.

An employer may be liable for negligent hiring, training, and supervision if the employer "knew or should have known that an employee was dangerous, careless or incompetent and such employment might create a situation where the employee's conduct would harm a third person." ***Brezenski v. World Truck Transfer, Inc.,***

755 A.2d 36, 39 (Pa. Super. Ct. 2000) (citing ***Dempsey v. Walso Bureau, Inc.,*** 246 A.2d 418 (Pa. 1968)). These duties apply to an employer's hiring, retention, and supervision of its employees. ***See Fusco v. Uber Techs., Inc.,*** CV 17-00036, 2018 WL 3618232, at *4-5 (E.D. Pa. July 27, 2018) (dismissing similar claims under the federal standard as plaintiff "only generally allege[d] that the driver was unqualified and dangerous."); ***see also R.A. ex rel. N.A. v. First Church of Christ,*** 748 A.2d 692 (Pa. Super. Ct. 2000) (addressing negligent retention). More specifically, the Superior Court has held that an employer has "an obligation to hire drivers who operate their vehicles in a safe manner." ***Brezenski, supra,*** 755 A.2d at 44.

Plaintiff fails to allege that there was any prior misconduct on the part of Co-Defendant Rylee Bogden that Defendant Lyft knew or should have known in the process of hiring, training or supervising her, much less that there was prior misconduct that took place for a sufficient period of time or with sufficient obviousness that Lyft would have "constructive notice." ***See Heller v. Patwil Homes, Inc.,*** 713 A.2d 105, 109 (Pa. Super. Ct. 1998). Nor does Plaintiff allege that Rylee Bogden had any "propensity" for negligently operating the vehicle as indicated by prior "problems" or "red flags." ***See Keffer v. Bob Nolan's Auto Service, Inc.,*** 2012 WL 2375881 (Pa.Com.Pl.) (incorporated in ***Keffer v. Bob Nolan's Auto Serv., Inc.,*** 2012 PA Super 255, 59 A.3d 621, 632 (Pa. Super. Ct. 2012)). Indeed, the allegations in Count II largely pertain to the negligent hiring, training, and supervision of employees in general by Lyft and not to Rylee Bogden specifically except in a conclusory manner. ***See*** Amended Complaint ("AC"), ¶ 34. Consequently, Count II is hereby **STRICKEN** to the extent that it alleges claims for negligent hiring, training, and supervision.

### 2) Negligent Entrustment (Paragraph 18 and Count II)

Plaintiff's claim for negligent entrustment is legally insufficient as negligent entrustment arises from liability imposed upon the entrustor-defendant because of his or her own actions in relation to the activity or instrumentality under their ownership or control. ***Ferry v. Fisher***, 709 A.2d 399 (Pa. Super. Ct. 1998) (citing ***Christiansen v. Silfies***, 667 A.2d 396, 400 (Pa. Super. Ct. 1995)). To prove negligent entrustment, a defendant may be found negligent where he permits a third party, "to use a thing or engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create unreasonable risk of harm to others" ***Christiansen***, 667 A.2d at 400 (quoting Restatement (Second) of Torts, § 308). Plaintiff alleges that the vehicle was directly owned by Defendant Ryan Bogden, ***see*** AC, ¶ 10, but only alleges that Lyft controlled or operated the vehicle vicariously through Rylee Bogden. ***See id.*** at ¶¶ 11, 13-19, 34.

And even if Plaintiff were to proceed on the theory that Rylee Bogden operating the Lyft technology platform while driving constitutes an "activity which is under the control" of Lyft, Plaintiff still fails to sustain a legally sufficient claim of negligent entrustment. ***See id.*** at ¶¶ 34 (f)-(h). To sustain such a claim, the Plaintiff must allege that the entrustor knew at the time the entrustee drove the vehicle that the entrustee was not fit to drive (i.e., incident-specific knowledge), as opposed to generalized knowledge of the entrustee's unfitness to drive or operate the technology platform while driving. ***See Hosler v. Reich,*** 19 Pa. D. & C.4th 46, 48 (Pa. Com. Pl. 1992) ("The court knows of no Pennsylvania case which has recognized a cause of action for negligent

entrustment based on a 'presumed-to-know' theory."); ***Hornberger v. Hommel,*** 6 Pa. D. & C.4th 376, 379 (Pa. Com. Pl. 1990) ("the knowledge in dispute is incident-specific, not generalized misgivings"); ***Gibson v. Bruner,*** 406 Pa. 315, 322, 178 A.2d 145, 148 (1961) ("Such testimony does not prove that *at that time* he was unfit to operate the truck."). Thus, paragraph 18 is **STRICKEN** in its entirety and Count II is **STRICKEN** to the extent that it alleges negligent entrustment as Plaintiff fails to sufficiently allege that Lyft had any direct control or ownership over the vehicle or incident-specific knowledge of Rylee Bogden's unfitness to drive or operate the technology platform while driving.

### 3) Allegations of Recklessness and Request for Punitive Damages

Lyft's preliminary objection under Pa. R.C.P. 1028(a)(4) as to the allegations of recklessness against Lyft directly and/or vicariously through Co-Defendant Rylee Bogden contained in paragraphs 14, 21, 24, 25, 26, 27, 29, 30, 33, 34 and demands for punitive damages contained in the ad damnum clause of Count II are **SUSTAINED** as said allegations are legally insufficient. Plaintiff baldly asserts in a conclusory manner that Lyft's individual and vicarious conduct through Rylee Bogden were reckless when the underlying factual allegations only state that the Rylee Bogden was "travelling at an excessive rate of speed" and "operated her vehicle in a careless, negligent and wanton and reckless manner with respect to Plaintiff." AC, ¶¶ 14, 30(c); ***see also id.*** at ¶ 30(a).

The Superior Court has found the following similar allegations insufficient to sustain allegations of recklessness and claims for punitive damages:

> (a) operation of said vehicle at a high and excessive rate of speed under the circumstances; (b) failure to have said motor vehicle under proper and adequate control; (c) failure to have due regard for the point and position of minor plaintiff who was a pedestrian; (d) violation of the ordinance of

> Montgomery County and the statutes of the Commonwealth of Pennsylvania; and (e) otherwise failing to exercise due care under the circumstances.

***Smith v. Brown***, 283 Pa.Super. 116, 119, 423 A.2d 743, 744 (1980). Moreover, the Superior Court, in the same opinion, reasoned that allegation (a), *supra*, which is similar to the allegations in paragraphs 14 and 30(a) here, was insufficient as "the tendency of most drivers on our roads today is to drive too fast for conditions. Whether or not such conduct is outrageous depends upon the nature of the conditions. Nowhere in her complaint does the appellant indicate what those conditions were." ***Id.*** at 121. Additionally, the insufficiency of allegations (b)-(e) in ***Smith*** – particularly allegations (b), (d), and (e) – counsel us to also find paragraphs 30 (d), (e), (f), and (g) insufficient to support punitive damages.

Finally, although Plaintiff alleges that she "suffered permanent internal and external injuries," ***see*** AC, ¶ 24; ***see also id.*** at ¶ 27, when "deciding whether to impose punitive damages, a court should not look at the end result, but at the 'act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties ...'" ***Faust v. Stish***, 43 Pa. D. & C.4th 134, 137–38 (Pa. Com. Pl. 1999) (quoting ***Chambers v. Montgomery***, 411 Pa. 339, 345, 192 A.2d 355, 358 (1963)); ***see also Feld v.* Merriam**, 506 Pa. 383, 396, 485 A.2d 742, 748 (1984). Such injuries alone, or even in conjunction with the other allegations in the Amended Complaint, are not sufficient to sustain the imposition of punitive damages.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a Second Amended Complaint within twenty (20) days from the date this Order is docketed, which is to be followed by the Defendant filing a Responsive Pleading within twenty (20) days from the date the Second Amended Complaint is docketed.

If Plaintiffs have not filed a Second Amended Complaint within twenty (20) days from the date this Order is docketed, then Defendant shall file an Answer to the first Amended Complaint within (20) twenty days from that date.

**BY THE COURT:**

**Stella M. Tsai, J.**