**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 26-2660 |
| SHUKHRAT KULDOSHOV and | : | |
| LYFT, INC. | : | |

**ORDER**

AND NOW, this _____ day of ______________________, 2026, upon consideration of Defendant Lyft, Inc.'s Partial Motion to Dismiss, and any responses in opposition thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED as follows:

1. Count II (Negligent Hiring, Retention, Training, Supervision, and Negligent Entrustment) of Plaintiff's Complaint are dismissed with prejudice;

BY THE COURT:

____________________________________
HON.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT<br><br>v.<br><br>SHUKHRAT KULDOSHOV and<br>LYFT, INC. | :<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.: 26-2660 |

**DEFENDANT LYFT, INC.'S PARTIAL MOTION TO DISMISS**

Defendant Lyft, Inc. ("Lyft"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., respectfully moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to issue an Order dismissing Count II (Negligent Hiring, Retention, Training, Supervision and Entrustment) as to Lyft.

A Brief in Support of this Motion is being filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, Defendant Lyft, Inc. respectfully requests that this Honorable Court issue the attached Order.

Respectfully submitted,

Date: 5/7/2026

s/ James R. Andrzejewski

James R. Andrzejewski, Esq. (PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2281
Attorneys for Defendant, Lyft, Inc.

## TABLE OF CONTENTS FOR BRIEF IN SUPPORT OF DEFENDANT LYFT, INC.'S PARTIAL MOTION TO DISMISS


| SECTION | PAGE NO. |
|---|---|
| I. INTRODUCTION ………………………………………………………. | 1 |
| II. PROCEDURAL POSTURE …………………………………………... | 1 |
| III. ALLEGATIONS IN THE COMPLAINT ……………… | 2 |
| IV. LEGAL STANDARD …………………………………………………… | 3 |
| V. ARGUMENT ……………………………………………………………. | 5 |
| A. Plaintiff's Complaint Fails to State a Valid Claim for Negligent Hiring, Training and Supervision Against Lyft, and Therefore it Should be Dismissed. | 5 |
| B. Plaintiff's Complaint Fails to State a Valid Claim for Negligent Entrustment Against Lyft, and Therefore it Should be Dismissed. | 14 |
| VI. CONCLUSION……………………………………………………………… | 15 |

## TABLE OF AUTHORITIES FOR BRIEF IN SUPPORT OF DEFENDANT LYFT, INC.'S PARTIAL MOTION TO DISMISS

**PAGE NO.**

**Cases**


| | |
|---|---|
| *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) …………………………………….. | 4 |
| *Bell v. Lyft, Inc.*, No. 25-CV-157-GKF-CDL (N.D. OK. July 3, 2025)…… | 10 |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ……………………... | 3 |
| *Brearey v. Ramsahai*, No. 24-cv-1693, 2024 U.S. Dist. LEXIS 99655 (E.D. Pa. June 5, 2024)………………………………………………………… | 13,14,15,16 |
| *Brezenski v. World Truck Transfer, Inc.* 755 A.2d 26 (Pa. Super. Ct. 2000) | 5 |
| *Caid v. Davis, No. 19-cv-2145 (*E.D. Pa. July 29, 2019*).………………..…* | 7,8,9,15 |
| *Christiansen v. Silfies*, 667 A.2d 396 (Pa. Super. Ct. 1995) ……………….. | 16 |
| *Crawford v. Lyft, Inc. et. al.*, March Term, 2021, No. 210300379 (Phila. Cnty. Pa. Com. Pl. Jan. 19, 2021) ……………………………………….. | 9 |
| *Dempsey v. Walso Bureau, Inc.* 246 A.2d 418 (Pa. 1968) ………………… | 5,6 |
| *Doe A.F. v. Lyft, Inc.*, No. 23-3990, 2024 WL 3497886, (E.D. Pa. 2024)…. | 7 |
| *Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 362 (S.D. N.Y. 2021)…….. | 12 |
| *Dowling v. Blue Ridge Comm.*, No. 4279 Civil 2009, 2010 WL 5657050, 16 Pa. D. & C. 5th 276, 280 (Monroe Cnty. Pa. Com. Pl. Aug. 4, 2010)…... | 10 |
| *Ferry v. Fisher*, 709 A.2d 399 (Pa. Super. Ct. 1998) ……………………… | 16 |
| *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ……………….. | 4 |
| *Fuentes v. Uber Techs., Inc.*, No. 123CV458RDALRV, 2024 WL 897603, (E.D. Va. Mar. 1, 2024)…………………………………………………….. | 11 |
| *Fusco v. Uber Tech, Inc.*, No. 17-00036, 2018 WL 3618232 (E.D. Pa. July 27, 2018)……………………………………………………………………. | 5,7,8,15 |
| *Guida v. Uber Technologies, Inc.*, No. 152107/2020, 2021 WL 781340, (N.Y. Sup. Ct. Mar. 01, 2021)……………………………………………… | 12 |

*Heller v. Patwil Homes, Inc.*, 713 A.2d 105 (Pa. Super. Ct. 1998)………… 5,6,7,8

*Henry v. Lyft, Inc.*, No. 2:24-cv-01891-JRA, (E.D. Pa. Sept. 25, 2024)…… 7,10,13,14,16

*Holmes v. Gates*, No. 10-2058, 403 Fed. Appx. 670 (3d Cir. 2010)……….. 7

*Horton v. Nehemiah Booth, et. al.*, November Term, 2020, No. 1771 at p. 1 (Phila. Cnty. Pa. Com. Pl. Jan 19, 2021)……………………………………… 10

*Hutchinson v. Luddy*, 742 A.2d 1052 (Pa. 1999)…………………………… 6

*Jane Doe v. Lyft*, 2024 WL 3497886, (E.D. Pa. July 19, 2024)……………. 11

*Karlen v. Uber Techs., Inc.*, No. 3:21-CV-835 (VAB), 2022 WL 3704195, (D. Conn. Aug. 27, 2022)…………………………………………………... 11

*Kauffman v. Lyft, Inc., et. al.*, November Term, 2021, No. 1218 (Phila. Cnty. Pa. Com. Pl. Jan. 27, 2022)………………………………………….. 9,15,16

*Matos v. Uber Techs., Inc.*, No. CV 23-5038-KSM, 2024 WL 3238127, (E.D. Pa. June 28, 2024)……………………………………………………. 11

*McMillan v. Lyft, Inc., et. al.*, April Term, 2021, No. 2926 (Phila. Cnty. Pa. Com. Pl. Sept. 3, 2021)………………………………………………… 9,16

*Mitchell v. Gilbert Commonwealth, Inc.*, No. 95-2844, 1996 U.S. Dist. LEXIS 14967 (E.D. Pa. Oct. 10, 1996)…………………………………….. 16

*Murray v. Uber Techs., Inc.*, 486 F. Supp. 3d 468, 477 (D. Mass. 2020)… 12

*Perez v. Bardo*, No. 11-376, 2011 U.S. Dist. LEXIS 27532 (E.D. Pa. March 17, 2011) ……………………………………………………… 16

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ………………. 4

*R.A. by and through N.A. v. First Church of Christ*, 748 A.2d 692 (Pa. Super. Ct. 2000)……………………………………………………….. 5

*Wertz v. Kephart*, 542 A.2d 1019 (Pa. Super. Ct. 1988) ………………….. 16

*Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 231 (D.D.C. 2015) …… 7,8,13

*Townes v. Nevel*, No. 2019-CV-1759 (Lackwanna Cnty. Pa. Com. Pl. Dec. 29, 2020) ……………………………………………………………… 10

*Uslu v. Evans*, No. 24-cv-5482, 2025 WL 378919 (E.D. Pa. Jan. 31, 2025). 13,14,15

*Zalewski v. Alliance Energy Corp.*, C-48-CV-2010-2407, 2011 Pa. D. & C. Dec. LEXIS 869 (Northampton Cnty. Pa. Com. Pl. Feb. 3, 2011 ………… 10

**Statutes**

Fed. R. Civ. P. 8 ……………………………………………………………. 3,4

**Other Authorities**

Restatement (Second) of Torts, Section 308 ………………………………. 10
Restatement (Second) of Torts, Section 500……………………………….. 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT<br><br>v.<br><br>SHUKHRAT KULDOSHOV and<br>LYFT, INC. | :<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.: 26-2660 |

**BRIEF IN SUPPORT OF DEFENDANT LYFT, INC.'S PARTIAL MOTION TO DISMISS**

## I. INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Lyft, Inc. ("Lyft"), respectfully requests that the Court enter an order dismissing Plaintiff Deshante Scott's ("Plaintiff") claims against Lyft for negligent hiring, retention, training, supervision, and entrustment. Pennsylvania law and federal pleading standards require Plaintiff to set forth the specific factual basis for her claims. Plaintiff fails to do so. Her Complaint only includes unsupported legal conclusions, non-specific factual assertions, and generic boilerplate allegations against Lyft, not accepted as true at the pleadings stage. For the reasons set forth in detail below, Lyft requests that this Honorable Court issue an Order dismissing Count II against Lyft from Plaintiff's Complaint with prejudice.

## II. PROCEDURAL POSTURE

Plaintiff instituted the instant personal injury action with the filing of a Complaint in the Court of Common Pleas of Philadelphia County on March 19, 2026. ECF No. 2. Lyft properly removed this action to the United States District Court for the Eastern District of Pennsylvania on April 22, 2026, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), based on the existence of

diversity jurisdiction. ECF No. 1. Lyft now files this Motion to Dismiss Plaintiff's claims against Lyft for negligent hiring, retention, training, supervision, and entrustment.

## III. ALLEGATIONS IN THE COMPLAINT

This matter arises out of a motor vehicle accident ("Accident") that occurred on February 3, 2025, near the intersection of Broad Street and Ontario Street, in Philadelphia County, Pennsylvania. Plaintiff alleges Defendant Kuldoshov was traveling northbound on Broad Street when he attempted to make a left turn onto Ontario Street, causing a collision with Plaintiff's vehicle, which was traveling southbound on Broad Street. ECF No. 2, ¶¶ 4-7. Plaintiff further alleges that, at all times material hereto, Kuldoshov was an employee, contractor, and/or agent of Lyft and was acting within the course and scope of that relationship.[1] *Id.*, ¶ 8. In her Complaint, and with only *de minimis* factual background, Plaintiff then asserts an omnibus cause of action against Lyft in Count II (negligent hiring, retention, training, supervision, and entrustment) of the Complaint. Without sufficient factual support, Plaintiff alleges that Lyft was negligent in:

- ***Hiring, retaining, and permitting***, Kuldoshov to operate a motor vehicle on the Lyft rideshare platform without first properly and adequately qualifying him consistent with industry custom, applicable regulations and the statutory requirements of the Pennsylvania Transportation Network Company Law…; *Id.*, ¶ 20 (a) (emphasis added).
- ***Hiring, retaining, and permitting***, Kuldoshov to operate as a Lyft rideshare driver without first conducting a proper and adequate criminal background check, motor vehicle record review, and safety screening to ascertain whether he was competent and fit to properly and safely operate a motor vehicle while providing rideshare services for Lyft.; *Id.*, ¶ 20 (b) (emphasis added).
- ***Failing to provide proper, adequate, ongoing and/or remedial training*** to Kuldoshov consistent with industry custom, Lyft's own safety and rideshare policies, and applicable regulations, including, training in safe and defensive driving, time management, avoiding distracted or fatigued driving, and performing safe left turns. *Id.*, ¶ 20 (c) (emphasis added).
- ***Failing to take proper and adequate measures*** to prevent Kuldoshov from endangering the motoring public, including Plaintiff, by failing to ensure that he was operating his

[1] Lyft disputes that Kuldoshov was an employee or agent of Lyft. At time of the incident, Kuldoshov was an independent contractor who used Lyft's application, website, and technology platform (the "Lyft platform") to connect with other users pursuant to Lyft's Terms of Service. This legal issue is not material to the within Motion and, therefore, is not briefed herein. However, Lyft reserves the right to dispute the assertion that Kuldoshov was its agent, employee, and/or servant throughout any remaining litigation.

vehicle in a safe, alert, and undistracted manner while providing rideshare services. *Id.*, ¶ 20 (d).

- ***Retaining and permitting*** Kuldoshov to operate as a Lyft rideshare driver when Lyft knew or, in the exercise of due care and diligence, should have known – by and through his prior unsafe, negligent, and/or substandard driving conduct – that he was incompetent, unfit, or otherwise likely to engage in the careless conduct that caused harm to Plaintiff; *Id.*, ¶ 20 (e) (emphasis added).
- ***Failing to properly and adequately train, monitor, and/or supervise*** Kuldoshov to ensure that he could safely transport passengers and avoid collisions with the motoring public, including Plaintiff; *Id.*, ¶ 20 (f).
- ***Failing to properly and adequately train, monitor, and/or supervise*** Kuldoshov to ensure that he could safely transport passengers and avoid collisions with the motoring public, including Plaintiff; *Id.*, ¶ 20 (g). (emphasis added).
- ***Failing to implement and enforce*** reasonable policies and procedures to ensure that Lyft rideshare drivers operate their vehicles safely, lawfully, and in compliance with Lyft's own stated safety commitments and applicable law; *Id.*, ¶ 20 (h).
- ***Allowing and/or directing*** Kuldoshov to continue operating the Subject Lyft Vehicle while fatigued, distracted, or otherwise unsafe to drive while providing rideshare services; and *Id.*, ¶ 20 (i).
- ***Failing to warn or protect*** the motoring public, including Plaintiff, from the foreseeable risk of harm posed by Kuldoshov's unsafe and/or negligent operation of the Subject Lyft Vehicle while acting within the scope of his agency, employment, and/or contractual relationship with Lyft. *Id.*, ¶ 20 (j).

## IV. LEGAL STANDARD

Dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears that the plaintiff's claims are implausible, and "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Thus, a plaintiff must set forth facts within the complaint that, if true, suggest plausible grounds for relief. *Id.*, at 556. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). When deciding whether to grant or deny a 12(b)(6) motion, the United States Supreme Court has held that:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must

> be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555; *see also*, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Furthermore, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.*, at 678 (citations omitted).

The *Iqbal* Court specifically relied upon two fundamental principles of the *Twombly* decision. First, for purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-79. Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.*, at 679. In other words, a complaint must do more than allege the entitlement to relief; its facts must *show* such an entitlement. *Id.* (citing Fed. R. Civ. P. 8(a)(2)); *see also, Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Thus, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint must be dismissed. *Id.*

## V. ARGUMENT

Lyft's Motion to Dismiss should be granted because: (1) Plaintiff failed to set forth sufficient factual averments to support her claim for negligent hiring, training, retention, and

supervision against Lyft; and (2) Plaintiff failed to set forth sufficient factual averments to support her claim for negligent entrustment against Lyft.

## A. Plaintiff's Complaint Fails to State a Valid Claim for Negligent Hiring, Training, and Supervision Against Lyft, and Therefore it Should be Dismissed.

Plaintiff alleges, without sufficient supporting facts, that Lyft negligently hired, trained, retained, and supervised Kuldoshov. ECF No. 2, ¶ 20. To state a claim for negligent hiring or training, a plaintiff must plead that the alleged employer knew or should have known of an applicant's propensity for misconduct and, nevertheless, hired the individual and/or failed to train the individual, thereby exposing the plaintiff to danger. *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 39-40 (Pa. Super. Ct. 2000) (citing *Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 420 (Pa. 1968))[2]; *see also, Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 107-108 (Pa. Super. Ct. 1998); *Fusco v. Uber Tech, Inc.*, No. 17-00036, 2018 WL 3618232 at *12-13 (E.D. Pa. July 27, 2018). A negligent retention claim requires Plaintiff to plead that Lyft negligently declined to terminate Kuldoshov after learning of a dangerous tendency. *See Dempsey*, 246 A.2d at 420 (citing Restatement (Second) of Torts § 317 (1965)). Similarly, to state a claim for negligent supervision, a plaintiff must plead facts to support the conclusion that the employer knew or should have known of a need to supervise the employee and, by failing to do so, exposed the plaintiff to the employee's misbehavior. *R.A. by and through N.A. v. First Church of Christ*, 748 A.2d 692, 698-699 (Pa. Super. Ct. 2000).

Under any of these theories, a plaintiff must plead that ***particular instances*** of the employee's prior conduct would have put a reasonable employer on notice of the employee's propensity to injure others. *See Fusco*, 2018 WL 3618232, at *12-13 (citing *Heller*, 713 A.2d at

---

[2] A federal court sitting in diversity must apply the substantive law of the state in which the court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

108); *Dempsey*, 246 A.2d at 420. At the Rule 12(b)(6) stage, Plaintiff must plead sufficient facts to satisfy the "reasonably foreseeable" element of a negligent hiring, training, retention or supervision claim. *Gjeka v. Delaware Cty. Cmty. Coll.*, No. 2:12-cv-4548, 2013 WL 2257727, at *13 (E.D. Pa. May 23, 2013) (finding that because "[p]laintiff . . . failed to plead any facts indicating that she . . . complained about [the employee's] actions to an appropriate administrator," she had "failed to plead facts satisfying the 'reasonably foreseeable' element of a negligent supervision claim"); *Dempsey*, 246 A.2d at 421, 423. In that regard, the proper inquiry is, "what was [the employee's] conduct prior to [the incident] and was it of such nature as to indicate a propensity for [conduct similar to that which allegedly injured the plaintiff]?" *Id.*, at 422.

Plaintiff must allege ***specific examples*** of prior conduct that would have put Lyft on notice of Kuldoshov's propensity to injure others. Plaintiff alleged no prior conduct, let alone any specific examples.

The inclusion of the catalogue of baseless allegations that Lyft negligently hired, trained, retained and supervised Kuldoshov, does not satisfy the pleading requirements to survive a Rule 12(b)(6) motion. *Id.*, at ¶ 20. Specifically, Plaintiff does not allege sufficient *facts* to support the two inquiries central to a claim for negligent hiring, training, retention, or supervision: (1) that Kuldoshov's conduct prior to the date of the Accident demonstrated a propensity to act in the manner that caused Plaintiff's injuries; and (2) that Lyft knew or should have known of Kuldoshov's prior conduct. *Heller*, 713 A.2d at107-108; *see also Hutchinson v. Luddy*, 742 A.2d 1052, 1059 (Pa. 1999) (emphasizing the "importance of the defendant employer's knowledge of prior conduct by the employee").

The case law is clear: a plaintiff must assert "specific conduct" and **"particular instances"** of an employee's alleged prior conduct to overcome a challenge to the sufficiency of the complaint.

*Heller*, 713 A.2d at 107-108; *Caid v. Davis*, No. 19-cv-2145 (E.D. Pa. July 29, 2019) (granting Lyft's motion to dismiss negligent hiring, training and supervision because plaintiff failed to state any specific conduct or particular instances of the driver's prior conduct); *Fusco, supra*.; *accord Henry v. Lyft, Inc.*, No. 2:24-cv-01891-JRA, 2024 WL 4293055 at *7-8 (E.D. Pa. Sept. 25, 2024) (granting motion for judgment on the pleadings as to negligent hiring, training, retention, and supervision claim where plaintiff "fail[ed] to identify any past misconduct that would put a reasonable employer on notice of an employee's propensity for dangerous activity") (attached as Exhibit A); *Doe A.F. v. Lyft, Inc.*, No. 23-3990, 2024 WL 3497886, at *4 (E.D. Pa. 2024) (dismissing the plaintiff's negligent supervision claim because plaintiff did not plead any instances of past passenger complaints of sexual misconduct by driver); *Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 231 (D.D.C. 2015) (dismissing negligent hiring claims against Uber where driver stabbed the plaintiff passenger because plaintiff did not plead any instances of specific past misconduct as to the driver).

Here, Plaintiff *fails to allege sufficient facts – with any particularity* – in her Complaint demonstrating any *specific conduct* on the part of Kuldoshov prior to the Accident, let alone explain how Lyft knew about it or how that conduct demonstrated any propensity to drive negligently. Further, Plaintiff fails to aver any factual basis from which it could be inferred that Lyft knew or should have known of any such unspecified conduct. Plaintiff relies exclusively on the quintessential "unadorned, the-defendant-harmed-me accusation," that district courts have found to be insufficient in the wake of *Twombly* and *Iqbal*. *Holmes v. Gates*, No. 10-2058, 403 Fed. Appx. 670, 674 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 555). Plaintiff's allegations are only "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, that cannot "nudge" her claim for negligent hiring,

retention, and supervision "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Plaintiff's bare-boned legal conclusions are therefore not entitled to the presumption of truth and do not give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678-79.

In her Complaint, Plaintiff fails to cite to any driving record, ISO claim search, or any other specific facts regarding prior "accidents" and/or "moving citations." The boilerplate allegations in the Complaint fall well short of the standard, which requires Plaintiff to ***plead specific examples of particular instances***. *Heller*, 713 A.2d at 107-108; *Caid v. Davis*, No. 19-cv-2145 (E.D. Pa. July 29, 2019). Nowhere does Plaintiff allege facts supporting (1) what Kuldoshov's propensity for dangerous, careless, and reckless driving was; (2) when, where, and how often it occurred; (3) how and why Lyft should have known about it; and (4) its connection to what Kuldoshov allegedly did wrong in this Accident. As a result, Plaintiff has not come close to properly alleging a direct negligence claim.

Indeed, this Court has repeatedly dismissed claims for negligent hiring, training, retention and supervision against Lyft and similarly situated defendants under these circumstances. For instance, in *Fusco*, this Court addressed plaintiff's allegation that he entered the driver's car who was using the Uber platform, and the driver, upon learning of the plaintiff's intended destination, refused to transport the plaintiff and then assaulted him. *Fusco*, 2018 WL 3618232 at *1. Uber moved to dismiss the plaintiff's claims for negligent hiring on the grounds that the plaintiff failed to allege any instance of past misbehavior by the driver that would have put it on notice of any alleged propensity for violence. *Id.* The Court rejected plaintiff's argument that "a general allegation that the driver was unqualified should suffice," *id.* at *11, and granted Uber's motion to dismiss, noting:

> A plaintiff must provide sufficient factual allegations to "nudge[ ] [a] claim[ ] across the line from conceivable to plausible," and an allegation that is merely

> "speculative" is insufficient to progress past the pleading stage. . . For this reason, federal courts routinely dismiss negligent hiring claims under Rule 12(b)(6) if the plaintiff fails to allege a specific instance of past misconduct.

*Id.*, at *12-13 (citing *Twombly*, 550 U.S. at 568-70).

Similarly, in *Caid*, plaintiff alleged that Lyft knew or should have known that the defendant driver was inexperienced, unlicensed, unqualified, unsafe, unfit, and/or a careless driver, and that Lyft knew or should have known of same, but failed to properly screen, train and supervise its employees, including the defendant driver. *See Caid*, at p. 5. The plaintiff pled no specific instances of the driver's alleged prior misconduct or of what alleged prior conduct Lyft was aware. *Id.* at pp. 5-6. Consequently, the court granted Lyft's motion to dismiss and dismissed plaintiff's claim for negligent hiring, training, supervision, and retention. *Id.*

In addition, in *Kauffman*, the Philadelphia Court of Common Pleas sustained Lyft's preliminary objections in a motor vehicle accident case to plaintiff's claims for, *inter alia*, negligent hiring, training, retention, and supervision against Lyft. In so doing, this Court held that plaintiff "fail[ed] to allege that Lyft knew or should have known of the propensity for negligent driving of [Defendant Driver] based on prior misconduct" and that plaintiff did not allege that Defendant Driver "had any 'propensity' for negligently operating the vehicle as indicated by prior 'problems' or 'red flags', except in a conclusory manner." (citing *Keffer v. Bob Nolan's Auto Serv., Inc.*, 59 A.3d 621, 632 (Pa. Super. Ct. 2012)).

Other Pennsylvania courts are in accord and have consistently held that a plaintiff's complaint is deficient as to claims for negligent hiring, training, and supervision where a plaintiff fails to allege sufficient facts to support the notion that the employer knew or should have known of the employee's prior conduct. *See, e.g., McMillan*, at pp. 3-4 (See Exhibit B); *Calvin Crawford v. Lyft, Inc. et al.*, March Term, 2021, No. 210300379 at p. 3 (Phila. Cnty. Pa. Com. Pl. Jan. 19, 2021) (sustaining Lyft's preliminary objections to claims of negligent hiring and training where

the plaintiff failed to allege any specific conduct of the defendant driver prior to the accident or that Lyft knew or should have known of such unspecified conduct); *Michele Horton v. Nehemiah Booth, et al.*, November Term, 2020, No. 1771 at p. 1 (Phila. Cnty. Pa. Com. Pl. Jan 19, 2021) (same); *Zalewski v. Alliance Energy Corp.*, No. C-48-CV-2010-2407, 2011 Pa. D. & C. Dec. LEXIS 869, at *7-8 (Northampton Cnty. Pa. Com. Pl. February 3, 2011) (finding factual averments of complaint insufficient to support claim of negligent hiring, retention and/or supervision); *Dowling v. Blue Ridge Comm.*, 16 Pa. D. & C. 5th 276, 280 (Monroe Cnty. Pa. Com. Pl. Aug. 4, 2010) (sustaining preliminary objections as to negligent hiring, retention, supervision, and entrustment claims where plaintiff "failed to allege facts establishing prior incidents that would put [the employer] on notice of any propensities" of the employee towards women); *Townes v. Nevel*, No. 2019-CV-1759 (sustaining Lyft's preliminary objections to claims for negligent hiring, training and supervision where plaintiff "fail[ed] to proffer any prior instances of any conduct, or misconduct, on behalf of [Driver] which would put Lyft on notice of his propensity to engage in negligent, careless or unsafe driving.").

These decisions are not outliers. Indeed, federal and state courts routinely dismiss virtually identical direct negligence claims against rideshare companies like Lyft and Uber:

- In *Bell v. Lyft, Inc.*, No. 25-CV-157-GKF-CDL (N.D. Okla. July 3, 2025), the court granted Lyft's motion to dismiss direct negligence claims where, "[Plaintiff's] failure to offer factual support for the scienter element of his direct negligence claim is dispositive."
- In *Henry v. Lyft*, No. CV 24-1891, 2024 WL 4293055, *7-8 (E.D. Pa. Sept. 25, 2024), the court held that the plaintiff must allege specific examples of violent or dangerous behavior to survive Lyft's motion for judgment on the pleadings as to direct negligence claims, and that a "general allegation that [driver] was dangerous does not meet this burden."

- In *Jane Doe v. Lyft*, 2024 WL 3497886, *4 (E.D. Pa. July 19, 2024), the court dismissed direct negligence claims against Lyft because "[t]he Amended Complaint fails to allege past misconduct on the part of [driver] and does not otherwise allege facts suggesting that Lyft knew or should have known that [driver] had violent tendencies."
- In *Matos v. Uber Techs., Inc.*, No. CV 23-5038-KSM, 2024 WL 3238127, at *6 (E.D. Pa. June 28, 2024), the court ruled that "[h]ere, the Complaint is completely devoid of any factual allegations suggesting that [driver] had committed similar bad acts prior to joining Uber or that Defendants otherwise knew or should have known that [driver] had violent tendencies before enrolling him as a driver. At most, Plaintiff asserts in conclusory fashion that Defendants' screening process was insufficient. But this allegation does not support a claim for negligent hiring because Plaintiff has failed to assert that more thorough screening would have uncovered some past misconduct on the part of [driver]."
- In *Fuentes v. Uber Techs., Inc.*, No. 123CV458RDALRV, 2024 WL 897603, at *4 (E.D. Va. Mar. 1, 2024), the court held that "Plaintiffs' negligent retention claim also fails for the same reasons that Plaintiffs' negligent hiring claim fails. Again, the risk of the harm must be similar to the harm actually suffered. Here, the Uber Defendants were on notice about the risk of traffic infractions – not the risk of an assault. Accordingly, Plaintiffs' claim for negligent retention [and hiring] will be dismissed."
- In *Karlen v. Uber Techs., Inc.*, No. 3:21-CV-835 (VAB), 2022 WL 3704195, at *5 (D. Conn. Aug. 27, 2022), the court granted Uber's motion to dismiss direct negligence claims where "Plaintiff alleges only that Uber 'hired [Mr. Cabrera], who was, or became unfit to perform his duties' as an Uber driver []. Plaintiff does not, however, include any facts in

her Complaint alleging that Mr. Cabrera had a propensity to commit the tortious conduct at issue."

- In *Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 362 (S.D. N.Y. 2021), the court dismissed direct negligence claims against Uber where the plaintiff did not allege "any instances of past misconduct by [the driver] or any other facts with respect to him that should have led Uber to concern."
- In *Guida v. Uber Technologies, Inc.*, No. 152107/2020, 2021 WL 781340, at *1 (N.Y. Sup. Ct. Mar. 1, 2021), the court held that "[w]ith regard to the plaintiffs' claims for negligent hiring, supervision, and/or retention, an essential element of such claims is that Uber knew or should have known of [driver]'s propensity for the type of conduct that the plaintiffs claim [driver] engaged in and caused them injury. Absent this showing, dismissal is proper. In this case, the complaint clearly lacks any allegations that Uber knew of the propensity of [driver] to engage in the conduct alleged."
- In *Murray v. Uber Techs., Inc.*, 486 F. Supp. 3d 468, 477 (D. Mass. 2020), the court granted Uber's motion to dismiss "negligent hiring, training, retention, supervision and management" claims where "Plaintiff alleges that Uber knew or should have known that [driver] would be a danger to passengers and cause the kind of harm that plaintiff suffered. Plaintiff does not, however, plead any facts in support of her causation argument. For example, she does not identify any 'red flags' in [driver]'s background or employment history that should have alerted Uber to [driver]'s propensity for sexual assault. Neither does she explain how additional training, supervision or management would have prevented, or at least minimized the risk of, [driver] sexually assaulting plaintiff."

- In *Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 229 (D. D.C. 2015), the plaintiff asserted that Uber "had a duty to use reasonable care in the selection, hiring, training, and supervision of" the TNC driver and breached that duty "by failing to hire personnel properly qualified to operate Uber vehicles in a safe and reasonable manner; by failing to properly screen potential employees ...; by failing to abide by proper screening protocols before hiring employees ...; by hiring dangerous and unstable drivers including [the driver]; by failing to provide follow-up, in-service safety training ...; by failing to terminate [the driver] prior to the incident in question; and failing to properly supervise drivers while such drivers are operating Uber vehicles." The court found these "conclusory assertions devoid of any factual matter" and thus insufficient to overcome Uber's motion to dismiss. *Id.* "Importantly, then, to state a claim for negligent hiring, a plaintiff must allege specific facts from which an inference can be drawn that the employer did not conduct a reasonable background investigation, and that such an investigation would have uncovered a reason not to hire the alleged tortfeasor." *Id.* at 230. The Search plaintiff did not specifically identify a "red flag in [the driver]'s past" that made him unfit to drive on the date in question. *Id.*

The pattern of dismissals in this District is particularly instructive. At least three federal judges in the Eastern District of Pennsylvania have dismissed materially identical negligent hiring, retention, supervision, training, and entrustment claims premised on the same boilerplate template—all brought by Plaintiff's own counsel, Simon & Simon, P.C. *See Henry v. Lyft*, No. 24-1891; *Brearey v. Ramsahai*, No. 24-cv-1693, 2024 U.S. Dist. LEXIS 99655 (E.D. Pa. June 5, 2024); *Uslu v. Evans*, No. 24-cv-5482, 2025 WL 378919 (E.D. Pa. Jan. 31, 2025). This pattern of

dismissals confirms that the pleading deficiencies at issue are systemic to the complaint template, not a product of case-specific factual shortcomings.

In *Uslu v. Evans*, United States Magistrate Judge Sitarski granted the defendant's motion to dismiss a negligent entrustment claim, observing that the plaintiff's "proximate cause" allegations "appear to have been largely cut and pasted" from earlier cases brought by Simon & Simon, "with only minor adjustments made primarily concerning the name and gender of the vehicle operator and type of vehicle operated." 2025 WL 378919, at *3. The *Uslu* court explicitly noted that "[t]wo judges within this district have already rejected as legally insufficient negligent entrustment claims based on substantially equivalent averments in cases brought by the same firm that represents Plaintiff in this matter, Simon & Simon, PC." *Id.* (citing *Henry*, 2024 U.S. Dist. LEXIS 173705; *Brearey*, 2024 U.S. Dist. LEXIS 99655).

As Judge Kenney explained in *Brearey*, "[t]his is a fact-intensive case in which the Plaintiff has not put forward any facts at all to support a plausible claim of negligent . . . entrustment by [the defendant]. Plaintiff makes a naked legal assertion that [defendant] was negligent without cloaking that assertion in any facts, which is exactly the kind of 'legal conclusion couched as a factual allegation' that the Supreme Court warned against in Iqbal." *Brearey*, 2024 WL 2848297, at *2. The *Uslu* court found this reasoning "directly applicable" and noted that the allegations in *Henry* were "arguably stronger than in this case because Henry at least averred that the co-defendant vehicle operator had 'numerous traffic violations' and had made public TikTok videos showing himself driving with no hands and while looking at the camera rather than the road." *Uslu*, 2025 WL 378919, at *3. Even those additional allegations were found insufficient. *A fortiori*, Plaintiff's Complaint here—which contains no allegations of prior misconduct whatsoever—cannot satisfy the pleading standard.

The significance of this pattern cannot be overstated. When multiple federal judges, applying the same pleading standard, independently reach the same conclusion—that these template allegations fail to state a plausible claim—this Court should be persuaded that the deficiencies are fundamental, not mere drafting oversights curable by amendment. As the *Uslu* court explained, additional unsupported allegations "are simply additional unsupported and speculative boilerplate that fails to advance the negligent entrustment claim." *Id.* at *3. Plaintiff's enumeration of sub-allegations in her Complaint does not transform conclusions of law into well-pleaded facts.

**This Court should reach the same result here for the same reasons.**

Plaintiff's Complaint suffers from the same fatal flaws as described in *Henry*, *Brearey*, *Uslu*, *Fusco, Caid,* and *Kauffman*. Namely, Plaintiff failed to plead sufficient allegations of specific, past misconduct of which Lyft knew or should have known necessary to support her claims. *See* ECF No. 2, *generally*. Likewise, Plaintiff does not describe with factual specificity the type of training or screening that Lyft should have provided as to Kuldoshov. *Id.* Plaintiff's bare-boned legal conclusions are not entitled to the presumption of truth and do not give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678-79. Consequently, the Court should dismiss, with prejudice, the allegations of negligent hiring, training, retention and supervision in Count II of Plaintiff's Complaint.

### B. Plaintiff's Complaint Fails to State a Valid Claim for Negligent Entrustment, and Therefore it Should be Dismissed.

Plaintiff's negligent entrustment claim should also be dismissed. Plaintiff's Complaint summarily alleges that Lyft negligently entrusted the vehicle to Kuldoshov. ECF No. 2, ¶ 20. To state a claim for negligent entrustment at the Rule 12 stage, a plaintiff must plead that the alleged employer "knows or should know that such person intends or is likely to use the thing or to conduct

himself in the activity in such a manner as to create an unreasonable risk of harm to others." Restatement (Second) of Torts, Section 308; *see also*, *Mitchell v. Gilbert Commonwealth, Inc.*, No. 95-2844, 1996 U.S. Dist. LEXIS 14967, at *12 (E.D. Pa. Oct. 10, 1996) (citing *Christiansen v. Silfies*, 667 A.2d 396, 400 (Pa. Super. Ct. 1995) (adopting Restatement (Second) of Torts, Section 308)). Negligent entrustment arises from liability imposed upon the defendant because of his or her own actions in relation to the activity under *their control*. *Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Super. Ct. 1998) (citing *Christiansen*, 667 A.2d at 400). "In the automobile context, a negligent entrustment claim requires a showing that a defendant entrusted a vehicle to a person *he knew or had reason to know was incompetent or likely to drive improperly*." *Perez v. Bardo*, No. 11-376, 2011 U.S. Dist. LEXIS 27532, at *7-8 (E.D. Pa. March 17, 2011) (citing *Wertz v. Kephart*, 542 A.2d 1019, 1023-24 (Pa. Super. Ct. 1988)) (emphasis added).

Indeed, other Pennsylvania courts have granted nearly identical objections from Lyft when plaintiff "fail[ed] to sufficiently allege that Lyft had any direct control or ownership over the vehicle. . ." and that plaintiff "fail[ed] to sufficiently allege . . . incident-specific knowledge of [Defendant Driver's] unfitness to drive." *Kerry Kauffman v. Lyft, Inc., et al.*, November Term, 2021, No. 1218 (Phila. Cnty. Pa. Com. Pl. Jan. 27, 2022) (Exhibit "C"); *see also McMillan v. Lyft, Inc., et al.*, April Term, 2021, No. 2926 (Phila. Cnty. Pa. Com. Pl. Sept. 3, 2021).

This very Court has reached the same conclusion in cases involving identical boilerplate allegations. In *Brearey*, Judge Kenney granted a motion to dismiss the plaintiff's negligent entrustment claim where, as here, "Plaintiff makes a naked legal assertion that [defendant] was negligent without cloaking that assertion in any facts." 2024 WL 2848297, at *2 (E.D. Pa. June 5, 2024). Similarly, in *Henry*, this Court dismissed the plaintiff's negligent entrustment claim against Lyft because, "although Henry alleges in conclusory fashion that Lyft knew of Marcelin's prior

unsafe conduct, she does not specify any facts to support her claim; making her averment a 'factual recitation of the elements' that does not suffice to state a plausible claim for relief." 2024 WL 4293055, at *5. These decisions confirm that the type of boilerplate allegations present in Plaintiff's Complaint are insufficient as a matter of law.

Plaintiff fails to plead that Lyft had any direct control or ownership over the vehicle, let alone sufficient facts that Lyft knew or should have known that Kuldoshov was likely to operate the vehicle in an unsafe manner based on any prior instances of negligence. Plaintiff fails to cite to any driving record, ISO claim search, or plead any other specific facts regarding these conclusory "accidents" and/or "moving citations". These general allegations fall well short of the standard, which requires Plaintiff to plead with specificity the nature of Kuldoshov's prior conduct, how it is causally related to the Accident, and how and why Lyft should have known about Kuldoshov's alleged prior unsafe conduct. Plaintiff provides no detail about prior instances of Kuldoshov'sconduct that could have possibly put Lyft on notice of any indication Kuldoshov would engage in negligent, careless, or unsafe driving. In short, Plaintiff's allegations of negligent entrustment against Lyft amount to nothing more than unsupported legal conclusions, not accepted as true at the pleadings stage. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's Complaint fails to state a plausible claim for negligent entrustment against Lyft and, therefore, Count II should be dismissed with prejudice.

## VI. CONCLUSION

WHEREFORE, Defendant Lyft, Inc. respectfully requests that this Honorable Court enter the attached Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure: dismissing Count II from Plaintiff's Complaint with prejudice.

Respectfully submitted,

Date: 5/7/2026

s/ James R. Andrzejewski

James R. Andrzejewski, Esq. (PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2281
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 26-2660 |
| SHUKHRAT KULDOSHOV and | : | |
| LYFT, INC. | : | |

**CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE MOTION TO DISMISS**

I, James R. Andrzejewski, hereby certifies that as Counsel for the Moving Defendant, Lyft, Inc. ("Lyft"), that I have read Judge Marston's Policies and Procedures in their entirety.

I further certify that I met and conferred with Attorney Roman Galas, Counsel for Plaintiff, on April 29th, 2026, via telephone conference, regarding Lyft's intention to file the within Motion to Dismiss, seeking to dismiss the direct negligence allegations (Count II) of the Complaint. On May 4th, Attorney Galas indicated his client's desire not to withdraw Count II. Having met and conferred regarding the alleged pleading deficiencies, the Parties cannot resolve without Court intervention.

I also certify that the within Motion to Dismiss is being filed timely, pursuant to Judge Marston's April 24, 2026, allowing a further response to the Complaint to be filed by May 7, 2026.

I also certify that it has been at least seven (7) days since the initial verbal meet and confer amongst Counsel, prior to filing the within Motion to Dismiss.

Respectfully submitted,

Date: 5/7/2026

s/James R. Andrzejewski

______________________________

James R. Andrzejewski, Esq. (PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2281
Attorneys for Defendant, Lyft, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means, unless they are not registered to receive filings electronically, in which case service was made by U.S. Mail, postage pre-paid.

DICKIE, MCCAMEY & CHILCOTE, PC

BY: *James R. Andrzejewski*
JAMES R. ANDRZEJEWSKI, ESQUIRE

Date: 5/7/2026

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAKISHA HENRY,** | : | **CIVIL ACTION** |
| ***Plaintiff,*** | : | **No. 24-1891** |
| **v.** | : | |
| | : | |
| **EDRAS MARCELIN &** | : | |
| **LYFT, INC.,** | : | |
| ***Defendants.*** | : | |

**MEMORANDUM**

**JOSÉ RAÚL ARTEAGA** **September 25, 2024**
**United States Magistrate Judge**[1]

Plaintiff Lakisha Henry was injured when she was a passenger in a motor vehicle collision involving a vehicle driven by Defendant Esdras Marcelin—a Lyft driver—on October 5, 2023. She asserts claims against Marcelin for negligence (Count I) and Defendant Lyft, Inc., for negligent hiring, retention, training, supervision, and entrustment (Count II) and for respondeat superior liability (Count III). (*See* Compl., ECF 1, Ex. A.) Lyft moves for partial judgment on the pleadings with respect to Count II. (ECF 29.) For the reasons that follow, the Court grants its motion.

## I. BACKGROUND

Henry alleges she was riding in a vehicle traveling southbound on 65th Street near its intersection with Buist Street in Philadelphia, Pennsylvania. (ECF 1, Ex. A., at ¶ 4.)

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c). (*See* ECF 22, 24.)

Marcelin was driving another vehicle which "was owned, rented, leased, and/or otherwise under the control of and entrusted to Marcelin by Lyft, Inc." (*Id.* at ¶ 5.) Marcelin's vehicle collided with another vehicle at the intersection of Buist and 65th, causing the other vehicle to strike the vehicle in which Henry was a passenger. (*Id.* at ¶¶ 5-7.) Henry alleges that Marcelin was Lyft's agent during the accident; and thus, the accident occurred "in the course and scope of [Marcelin's] agency and/or employment" for Lyft. (*Id.* at ¶¶ 8-9.)

Henry contends that she suffered "various serious and/or permanent personal injuries and/or aggravation of pre-existing conditions and other ills and injuries" as a result of the collision. (*Id.* at ¶¶ 24-25.) She also avers that she suffered emotional injuries and damage to her own personal property. (*Id.* at ¶¶ 26-27.)

Seeking compensatory damages and other costs in excess of $75,000, Henry initiated suit against both defendants in the Philadelphia County Court of Common Pleas. On May 3, 2024, Marcelin removed Henry's suit to this Court based on diversity jurisdiction. (ECF 1 at 4.) Believing Lyft had not filed an answer to Henry's Complaint within the time required, Henry requested the entry of a default against it. (***See*** ECF 17.) Judge Mark A. Kearney subsequently held an initial pretrial conference during which he "confirmed there [wa]s *no default in appearance* by Lyft, Inc.," so the Clerk's Office never entered a default under Federal Rule of Civil Procedure 55(a). (ECF 21 at 1 (emphasis added).)

According to Henry, after private negotiations, she agreed to lift the default (which was never entered) if Lyft promised to file an answer and not file a motion to dismiss as

to any issue. (ECF 35-1 at 3.) Lyft's counsel agreed that it would "file and answer within 30 days in lieu of any motion to dismiss." (*Id.*) Judge Kearney granted Lyft "leave to file an Answer by no later than June 12, 2024" and the parties consented to the jurisdiction of a Magistrate Judge on June 7, 2024. (ECF 21 at 1.) Lyft filed its Answer to Henry's complaint shortly thereafter. (ECF 26.)

On July 16, 2024, Lyft moved for partial judgment on the pleadings, arguing that Count II of Henry's Complaint fails to state a claim upon which relief can be granted. (ECF 29 at 1.) In response, Henry argues: (1) Lyft's motion for judgment on the pleadings is identical to a motion to dismiss, and thus, it would be unfair to grant it, and (2) even if the Court considers the Motion on its merits, Henry's Complaint alleges sufficient facts to state a claim. (ECF 35.) In reply, Lyft argues that its Motion for Judgment on the Pleadings is different from a motion to dismiss because it requires the Court to evaluate Henry's claims in the context all of the pleadings and not just the sufficiency of the Henry's Complaint. (*See* ECF 33 at 5.)

## II. <u>LEGAL STANDARD</u>

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may . . . be made by a motion for judgment on the pleadings," in which case the Court applies "the same standards as under Rule 12(b)(6)." *Turbe v. Govt. of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

Thus, as with a Rule 12(b)(6) motion, the Court "must accept the [C]omplaint's allegations as true and draw all reasonable inferences in favor of" Henry. *Gross v. German Found. Indus. Initiative*, 549 F.3d 605, 610 (3d Cir. 2008) (citation omitted). To defeat Lyft's motion, Henry's Complaint must provide factual allegations that are "enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It need not contain "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The plausibility standard requires more than a "sheer possibility that [Lyft] has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

To determine whether Henry's Complaint plausibly gives rise to an entitlement to relief the Court: (1) takes "note of the elements a plaintiff must plead to state a claim;" (2) identifies the allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth;" and (3) assumes "[the] veracity [of well-pleaded factual allegations]." *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (citation and internal quotation omitted).

## III. <u>DISCUSSION</u>

In Count II, Henry alleges that Lyft is liable for her injuries because it negligently hired, trained, retained, or supervised Marcelin when the accident occurred. Henry also

alleges that Lyft is liable for her injuries because it negligently entrusted Marcelin with the vehicle. The Court takes note of the elements for these claims and analyzes Lyft's 12(c) motion for each.

### A. **Henry's Fairness Argument Does Not Require the Court to Deny Lyft's Motion for Judgment on the Pleadings.**

To begin, Henry argues the Court should not consider Lyft's Motion because it is "simply a Motion to Dismiss by any other name" and Lyft agreed not to move to dismiss her Complaint. (ECF 35 at 4.) She argues its "sleight of hand must not be rewarded" because "such practices are likely to overburden the courts with needless motions . . . ." (*Id.*) However, her fairness argument does not require the Court to allow Count II to proceed to discovery without considering Lyft's Motion on its merits.

Henry does not cite to any case or other law that requires the Court to dismiss Lyft's Motion without considering whether judgment on the pleadings is appropriate with respect to Count II. Although she requested a default, no default was actually entered against Lyft. (*See* ECF 17 and 18.) After holding a telephonic Initial Pretrial Conference, Judge Kearney entered his Order confirming that Lyft was never in default. (*See* ECF 21 at 1.) So, when the parties negotiated about whether Henry would agree to lift the "default," there was actually nothing to negotiate about.

Moreover, Henry never asked Lyft to agree to refrain from filing a motion for judgment on the pleadings. As Lyft's reply correctly notes, the Federal Rules of Civil Procedure include separate provisions for motions to dismiss and motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(b)–(c). Lyft never agreed not to file a motion under Rule 12(c), which permits the Court to consider not only the Complaint, but also, *inter*

*alia*, any answers, replies, and counterclaims. *See* Fed. R. Civ. P. 7(a)-(c). In the correspondence Henry attaches to her response, Lyft agreed only that it would not file a motion to dismiss, *i.e.*, a motion under Rule 12(b). (ECF 35-1 at ECF p. 3.) It did precisely that.

**B. Negligent Hiring, Retention, and Supervision**

For Henry's negligent hiring, training, retention, or supervision claim to proceed under Pennsylvania law, her "[C]omplaint must allege specific facts tending to show: (1) [Marcelin] demonstrated a propensity for misconduct or ill fitness for the position and, (2) nevertheless, [Lyft] chose to hire, failed to train, declined to terminate, or failed to adequately supervise [Marcelin], putting [Henry] in danger." *Fusco v. Uber Techs., Inc.*, No. 17-36, 2018 WL 3618232, at *4 (E.D. Pa. 2018) (citations omitted). Negligent hiring, negligent retention, and negligent supervision all have different elements that Henry must plausibly allege to proceed.

To make out a claim for negligent hiring, she must show that Lyft, knowing or on notice of Marcelin's propensity for misconduct, nevertheless hired him and so exposed Henry to danger. *See Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 39-40 (Pa. Super. Ct. 2000) (citing Restatement (Second) of Torts, § 317 (1965)). A negligent retention claim is similar but requires Henry to show that Lyft negligently declined to terminate Marcelin after learning of a dangerous tendency. *See Dempsey v. Walso Bureau, Inc.*, 246 A.2d 418, 420 (Pa. 1968) (citing Restatement (Second) of Torts, § 317 (1965)). To make out a claim for negligent supervision, Henry must show that Lyft knew or should have known of a need to supervise Marcelin, and that, by failing to do so, exposed Henry to Marcelin's

misbehavior. *See R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 697 (Pa. Super. Ct. 2000) (citing Restatement (Second) of Torts, § 317 (1965)).

All these theories share the common requirement that Henry show that Marcelin's prior bad acts would have put a reasonable employer on notice of Marcelin's propensity to injure others. *See Heller v. Patwil Homes*, 713 A.2d 105, 108 (Pa. Super. Ct. 1998); *see also Dempsey*, 246 A.2d at 422 (stating the inquiry to be: "what was [the employee's] conduct prior to [the incident] and was it of such nature as to indicate a propensity for violence?"); *Gjeka v. Delaware Cnty. Cmty. Coll.*, No. 12-4548, 2013 WL 2257727, at *13 (E.D. Pa. 2013) (finding that because the "[p]laintiff . . . failed to plead any facts indicating that she . . . complained about [the employee's] actions to an appropriate administrator," she had "failed to plead facts satisfying the 'reasonably foreseeable' element of a negligent supervision claim"). A general allegation that Marcelin was dangerous does not meet this burden. *See Fusco*, 2018 WL 3618232, at *5 (holding that the plaintiff's complaint did not survive a Rule 12(b)(6) motion because it only "generally allege[d]" that the Uber driver who attacked him was "unqualifed and dangerous"). Similarly, a general allegation that Henry was in a sensitive position does not carry Henry's burden. *See id.* at *4.

Rather, Henry must allege specific examples of violent or dangerous behavior to survive Lyft's Motion. *See id.* at *5 (recognizing that federal courts routinely dismiss negligent hiring claims under Rule 12(b)(6), if the plaintiff fails to allege a specific instance of misconduct); *accord Doe A.F. v. Lyft, Inc.*, No. 23-3990, 2024 WL 3497886, at *4 (dismissing the plaintiff's negligent supervision claim against Lyft without prejudice because the plaintiff did not include past passenger complaints of sexual misconduct by

Lyft driver in her complaint); *Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 231 (D.D.C. 2015) (dismissing negligent hiring claim against Uber after the Uber driver stabbed the plaintiff passenger because no specific instance of the driver's past misconduct was alleged in her complaint). *Cf.*, *Lockhart v. Willingboro High Sch.*, 170 F. Supp. 3d 722, 738 (D.N.J. 2015) (denying motion to dismiss the plaintiff's negligent hiring claim following a "student-on-student" sexual assault because the plaintiff alleged there was a "pattern of sexual assaults" or harassment when a teacher would leave the classroom).

Here, Henry broadly alleges that:

> [r]etaining and Permitting Defendant Esdras Marcelin to operate the [Motor Vehicle] when [Lyft] knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe conduct, and/or substandard driving conduct during his tenure as agent/employee of Defendant Lyft, Inc. that Defendant [Marcelin] was incompetent and/or unfit to drive a motor vehicle, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public.

(ECF 1, Ex. A., ¶ 22(e).) Henry also alleges that Lyft failed: (1) to take proper and adequate measures to prevent Marcelin from endangering the motoring public; (2) to train Marcelin according to industry custom; and (3) to warn the public of Marcelin's negligent or careless operation of a motor vehicle. (*Id.* at ¶ 22.). Her allegations are only "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, that cannot "nudge" her claim for negligent hiring, retention, and supervision "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. Henry fails to identify any past misconduct that would put a reasonable employer on notice of an employee's propensity for dangerous activity. To the extent that Count II of

her Complaint rests on a claim for negligent hiring, training, retention, or supervision, Lyft's Motion is GRANTED.

### C. Negligent Entrustment

Dismissal is also warranted to the extent that Henry seeks to proceed with a negligent entrustment claim against Lyft. In Pennsylvania, Section 308 of the Restatement (Second) of Torts governs claims for negligent entrustment. *See Fakes v. Terry*, No. 15-1574, 2018 WL 1382513, at *5 (W.D. Pa. 2018) (citing *Knecht v. Balanescu*, No. 16-549, 2017 WL 4573796, at *7 (M.D. Pa. 2017)). It provides that:

> [i]t is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Restatement (Second) of Torts § 308.

To withstand Lyft's Motion, Henry must allege facts sufficient to show that Lyft "(1) permitted [Marcelin], (2) to operate its [automobile], and (3) that [Lyft] knew or should have known that [Marcelin] intended to or was likely to use the [automobile] in such a way that would harm another." *Fakes*, 2018 WL 1382513, at *5 (citing *Knecht*, 2017 WL 4573796, at *7). *Cf. Perez v. Bardo*, No. 11-376, 2011 WL 941380, at *3 (E.D. Pa. 2011) (denying a motion to dismiss where the plaintiff alleged that the trucking company defendant knew its driver lacked training or was not fit to drive).

Henry argues her allegations are akin to those found to be sufficient to withstand dismissal in *Youells v. Dzakpasu*, where a tractor-trailer driver struck an ambulance driver at a traffic intersection in icy conditions and the plaintiff ambulance driver suffered

severe physical injuries. No. 19-633, 2019 WL 3046300, at *1 (M.D. Pa. 2019). The ambulance driver sued the company that hired the truck driver under a negligent entrustment theory. *See id*. The plaintiff alleged that the trucking company: (1) failed to train its driver; (2) knew its driver was unqualified; (3) allowed its driver to operate the truck despite being unqualified; and (4) knew that allowing its driver to operate its vehicle was an unreasonable risk. *See id*. at *1-2. The court denied the trucking company's motion to dismiss because, in its view, the ambulance driver had pled sufficient facts to compel discovery. *See id*. at *8.

Plaintiff also compares her allegations to those which the court held were sufficient to put the defendants on "notice of the underlying factual allegations" in *McMahon v. Arsenberger*, No. 17-1242, 2018 WL 4855458, at *1 (E.D. Pa. 2018). There, a truck collided with the plaintiff's car. *See id.* The plaintiff alleged that the trucking company: (1) knew its driver was unqualified to operate the vehicle; (2) became aware of this fact during the driver's interview; (3) did not provide any safety training for the vehicle; and (4) still entrusted the driver with the tractor-trailer. *Id*. at *9. The court denied the defendant's motion to dismiss because the plaintiff alleged the company interviewed, hired, and trained the driver negligently, and failed to properly train the driver, so "a jury could find that Defendants were negligent in hiring and retaining [the driver] and entrusting him with Defendants' vehicle." *Id.*

The plaintiffs in *Youells* and *McMahon* both alleged that the trucking company defendants hired someone who they knew or should have known was not trained to operate commercial motor vehicles. In *Youells*, the Court held that the plaintiff had

alleged at least "25 different ways" the company negligently entrusted its vehicle to the driver. *Youells*, 2019 WL 3046300, at *1. In *McMahon*, the plaintiff supported her claim with allegations about a specific "interview" during which the company became aware of the driver's lack of qualification before deciding to hire him anyway. *McMahon*, 2018 WL 4855458, at *9. Allegations of hiring decisions made with knowledge that an individual does not possess the requisite training are sufficient to withstand dismissal because they imply that a company knowingly hired an unqualified employee to operate a company vehicle; thus, satisfying the elements of negligent entrustment.

Here, although Henry alleges in conclusory fashion that Lyft knew of Marcelin's prior unsafe conduct (*see* ECF 1, Ex. A, ¶ 22(e)), she does not specify any facts to support her claim; making her averment a "factual recitation of the elements" that does not suffice to state a plausible claim for relief. *See Twombly*, 550 U.S. at 555; *see also Brearey v. Ramashai*, 24-1693, 2024 WL 2848297, at *1 (E.D. Pa. 2024) (citing *id.*). Moreover, her remaining generalized allegations of Lyft's lack of investigation of Marcelin's record do not permit a reasonable inference that Lyft *knew* that Marcelin was unqualified. (*See* ECF 1, Ex. A, ¶ 22.) Instead, her allegations only permit an inference that Lyft did not know anything about Marcelin's qualifications because Lyft did not investigate him.

In arguing that her claim is like *Youells* and *McMahon*, Henry implicitly asks this Court to presume a generalized duty to investigate. The Court declines to presume that such a duty exists because, under Pennsylvania law, lessors—who are arguably similarly situated to Lyft—do not have a duty to investigate a lessee's driving records unless they affirmatively assume responsibility from their lessee. *See Gordon v. Robbins*, No. 23-2149,

2024 WL 4008756, at *5 (M.D. Pa. 2024); *see also Simpson v. Buchanan*, 20-2583, 2020 WL 4504444, at *3 (E.D. Pa. 2020) (dismissing a negligent entrustment claim in a motor vehicle accident because the plaintiff failed to specify anything about the defendant's prior conduct that would have put the lessor of the vehicle on notice of how the driver would operate the vehicle). Henry's complaint lacks any factual allegations that are sufficient to show that Lyft affirmatively assumed responsibility from Marcelin. Additionally, Henry cannot rely on *Youells* and *McMahon* without alleging specific facts supporting the knowledge element of her claim.

As a result, Lyft's Motion is granted to the extent that Count II of Henry's Complaint raises a claim for negligent entrustment.

## IV. CONCLUSION

Because Henry's Complaint does not allege enough facts to state a plausible claim for relief against Lyft for negligent hiring, retention, training, or supervision or for negligent entrustment, its Motion is GRANTED and Count II is DISMISSED. Because the Court cannot say that amendment would be futile or inequitable, Count II is DISMISSED WITHOUT PREJUDICE with leave to amend if Henry can allege sufficient facts to state a claim.[2] An appropriate Order follows.

---

[2] The court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]here certainly is no categorical rule that judgment on the pleadings is per se with prejudice." *Accurso v. Infra-Red Servs., Inc.*, 23 F. Supp. 3d 494, 501 (E.D. Pa. 2014). "[W]hen a complaint is vulnerable to dismissal on the pleadings, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation and internal quotation omitted). "This is true even where the plaintiff's failure to state a claim is raised in a defendant's Rule 12(c) motion." *Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 813, 824 (E.D. Pa. 2017).

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT**
**TRIAL DIVISION – CIVIL SECTION**

| | | |
|---|---|---|
| **JASEER QUANN MCMILLAN** | : | |
| **Plaintiff,** | : | |
| | : | **APRIL TERM 2021** |
| **v.** | : | **No. 02926** |
| | : | **Control No. 21060275** |
| **LYFT, INC.; ET AL.** | : | |
| **Defendant.** | : | |

**ORDER**

AND NOW, this 3rd day of September, 2021, upon consideration of the Preliminary Objections of Defendant Lyft, Inc. ("Lyft") to the Complaint of Plaintiff Jaseer Quaan McMillan, Response of Plaintiff thereto, and Defendant's Reply thereto, it is hereby **ORDERED** and **DECREED** that the Preliminary Objections of Defendant are **SUSTAINED** as Plaintiff's claims for Negligent Hiring, Selection, and Retention (Count II) and Negligent Entrustment (Count IV) are legally insufficient under Pa. R.C.P. 1028(a)(4).

**1) Negligent Hiring, Selection, and Retention (Count II)**

Defendant Lyft, Inc.'s preliminary objection under Pa. R.C.P. 1028(a)(4) to dismiss Count II for legal insufficiency is **SUSTAINED** as Plaintiff fails to allege that Lyft knew or should have known of the propensity for negligent driving of Co-Defendant Augustin Pulimuttathu Joseph ("Joseph") based on prior misconduct.

An employer may be liable for negligent hiring, training, retention, and supervision if the employer "knew or should have known that an employee was dangerous, careless or incompetent and such employment might create a situation where the employee's conduct would harm a third person." ***Brezenski v. World Truck Transfer, Inc.,*** 755 A.2d 36, 39 (Pa. Super. Ct. 2000) (citing ***Dempsey v.***

***Walso Bureau, Inc.,*** 246 A.2d 418 (Pa. 1968)). These duties apply to an employer's hiring/selection, retention, and supervision of its employees. ***See Fusco v. Uber Techs., Inc.,*** CV 17-00036, 2018 WL 3618232, at *4-5 (E.D. Pa. July 27, 2018) (dismissing similar claims under the federal standard as plaintiff "only generally allege[d] that the driver was unqualified and dangerous."); ***see also R.A. ex rel. N.A. v. First Church of Christ,*** 748 A.2d 692 (Pa. Super. Ct. 2000) (addressing negligent retention). More specifically, the Superior Court has held that an employer has "an obligation to hire drivers who operate their vehicles in a safe manner." ***Brezenski, supra,*** 755 A.2d at 44.

Plaintiff fails to allege that there was any prior misconduct on the part of Co-Defendant Joseph, that Defendant Lyft knew or should have known in the process of hiring/selecting or retaining him. Even as to negligent supervision, which is mentioned briefly in paragraphs 41, 45(a), 53(d), Plaintiff fails to allege that prior misconduct took place for a sufficient period of time or with sufficient obviousness that Lyft would have "constructive notice." ***See Heller v. Patwil Homes, Inc.,*** 713 A.2d 105, 109 (Pa. Super. Ct. 1998). Nor does Plaintiff allege that Joseph had any "propensity" for negligently operating the vehicle as indicated by prior "problems" or "red flags." ***See Keffer v. Bob Nolan's Auto Service, Inc.,*** 2012 WL 2375881 (Pa.Com.Pl.) (incorporated in ***Keffer v. Bob Nolan's Auto Serv., Inc.,*** 2012 PA Super 255, 59 A.3d 621, 632 (Pa. Super. Ct. 2012)). Indeed, the allegations in Count II largely pertain to the negligent hiring, selection, and retention of employees in general by Lyft and not to Mr. Joseph specifically (***see generally*** Complaint, ¶¶ 34-45) except in a conclusory manner. ***See id.*** at ¶ 38. Consequently, Count II is hereby **STRICKEN**.

**2) Negligent Entrustment (Count IV)**

Plaintiff's claim for negligent entrustment is legally insufficient as negligent entrustment arises from liability imposed upon the entrustor-defendant because of his or her own actions in relation to the activity or instrumentality under their ownership or control. ***Ferry v. Fisher***, 709 A.2d 399 (Pa. Super. Ct. 1998) (citing ***Christiansen v. Silfies***, 667 A.2d 396, 400 (Pa. Super. Ct. 1995)). To prove negligent entrustment, a defendant may be found negligent where he permits a third party, "to use a thing or engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create unreasonable risk of harm to others" ***Christiansen***, 667 A.2d at 400 (quoting Restatement (Second) of Torts, § 308). Plaintiff alleges that the vehicle was directly owned, maintained, and controlled by Defendants Augustin Joseph and Rani Augustin, ***see*** Complaint, ¶ 13, but only alleges that Lyft controlled or operated the vehicle vicariously through Joseph, ***see id.*** at 14-16, despite repeatedly referring to it as a "Lyft vehicle."

Even if Plaintiff were to proceed on the theory that Joseph's transporting him in the vehicle as a Lyft customer constitutes an "activity which is under the control" of Lyft, Plaintiff still fails to sustain a legally sufficient claim of negligent entrustment. To sustain such a claim, the Plaintiff must allege that the entrustor knew at the time the entrustee drove the vehicle that the entrustee was not fit to drive (i.e. incident-specific knowledge), as opposed to generalized knowledge of the entrustee's unfitness to drive. ***See Hosler v. Reich,*** 19 Pa. D. & C.4th 46, 48 (Pa. Com. Pl. 1992) ("The court knows of no Pennsylvania case which has recognized a cause of action for negligent entrustment based on a 'presumed-to-know' theory."); ***Hornberger v. Hommel,*** 6

Pa. D. & C.4th 376, 379 (Pa. Com. Pl. 1990) ("the knowledge in dispute is incident-specific, not generalized misgivings"); ***Gibson v. Bruner,*** 406 Pa. 315, 322, 178 A.2d 145, 148 (1961) ("Such testimony does not prove that *at that time* he was unfit to operate the truck."). Thus, Count IV is **STRICKEN** as Plaintiff fails to sufficiently allege that Lyft had any direct control or ownership over the vehicle or incident-specific knowledge of Joseph's unfitness to drive.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an Amended Complaint within twenty (20) days from the date this Order is docketed, which is to be followed by the Defendant filing a Responsive Pleading within twenty (20) days from the date the Amended Complaint is docketed.

If Plaintiffs have not filed an Amended Complaint within twenty (20) days from the date this Order is docketed, then Defendant shall file an Answer to the Original Complaint within (20) twenty days from that date.

**BY THE COURT:**

**Stella M. Tsai, J.**

201101218-Kauffman Vs Lyft, Inc. Etal

20110121800049

**IN THE COURT OF COMMON PLEAS OF PHILADELP**
**FIRST JUDICIAL DISTRICT**
**TRIAL DIVISION – CIVIL SECTION**

| | | |
|---|---|---|
| **KERRY KAUFFMAN,** <br> **Plaintiff,** <br><br> **v.** <br><br> **LYFT, INC., RYLEE BOGDEN, AND RYAN BOGDEN** <br> **Defendant.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **NOVEMBER TERM 2021** <br> **No. 201101218** <br> **Control No. 21112062** |

**ORDER**

AND NOW, this 26th day of January 2022, upon consideration of the Preliminary Objections of Defendant Lyft, Inc. ("Lyft") to the Amended Complaint of Plaintiff Kerry Kauffman, and Response of Plaintiff thereto, it is hereby **ORDERED** and **DECREED** that the Preliminary Objections of Defendant are **SUSTAINED** as Plaintiff's claims for Negligent Hiring, Training, and Supervision (Count II) and Negligent Entrustment (paragraph 18 and Count II) and allegations of recklessness and request for punitive damages are legally insufficient under Pa. R.C.P. 1028(a)(4).

1) **Negligent Hiring, Training, and Supervision (Count II)**

Defendant Lyft, Inc.'s preliminary objection under Pa. R.C.P. 1028(a)(4) to dismiss Count II for legal insufficiency is **SUSTAINED** as Plaintiff fails to allege that Lyft knew or should have known of the propensity for negligent driving of Co-Defendant Rylee Bogden based on prior misconduct.

An employer may be liable for negligent hiring, training, and supervision if the employer "knew or should have known that an employee was dangerous, careless or incompetent and such employment might create a situation where the employee's conduct would harm a third person." ***Brezenski v. World Truck Transfer, Inc.,***

755 A.2d 36, 39 (Pa. Super. Ct. 2000) (citing ***Dempsey v. Walso Bureau, Inc.***, 246 A.2d 418 (Pa. 1968)). These duties apply to an employer's hiring, retention, and supervision of its employees. ***See Fusco v. Uber Techs., Inc.***, CV 17-00036, 2018 WL 3618232, at *4-5 (E.D. Pa. July 27, 2018) (dismissing similar claims under the federal standard as plaintiff "only generally allege[d] that the driver was unqualified and dangerous."); ***see also R.A. ex rel. N.A. v. First Church of Christ***, 748 A.2d 692 (Pa. Super. Ct. 2000) (addressing negligent retention). More specifically, the Superior Court has held that an employer has "an obligation to hire drivers who operate their vehicles in a safe manner." ***Brezenski, supra***, 755 A.2d at 44.

Plaintiff fails to allege that there was any prior misconduct on the part of Co-Defendant Rylee Bogden that Defendant Lyft knew or should have known in the process of hiring, training or supervising her, much less that there was prior misconduct that took place for a sufficient period of time or with sufficient obviousness that Lyft would have "constructive notice." ***See Heller v. Patwil Homes, Inc.***, 713 A.2d 105, 109 (Pa. Super. Ct. 1998). Nor does Plaintiff allege that Rylee Bogden had any "propensity" for negligently operating the vehicle as indicated by prior "problems" or "red flags." ***See Keffer v. Bob Nolan's Auto Service, Inc.***, 2012 WL 2375881 (Pa.Com.Pl.) (incorporated in ***Keffer v. Bob Nolan's Auto Serv., Inc.***, 2012 PA Super 255, 59 A.3d 621, 632 (Pa. Super. Ct. 2012)). Indeed, the allegations in Count II largely pertain to the negligent hiring, training, and supervision of employees in general by Lyft and not to Rylee Bogden specifically except in a conclusory manner. ***See*** Amended Complaint ("AC"), ¶ 34. Consequently, Count II is hereby **STRICKEN** to the extent that it alleges claims for negligent hiring, training, and supervision.

**2) <u>Negligent Entrustment (Paragraph 18 and Count II)</u>**

Plaintiff's claim for negligent entrustment is legally insufficient as negligent entrustment arises from liability imposed upon the entrustor-defendant because of his or her own actions in relation to the activity or instrumentality under their ownership or control. ***Ferry v. Fisher***, 709 A.2d 399 (Pa. Super. Ct. 1998) (citing ***Christiansen v. Silfies***, 667 A.2d 396, 400 (Pa. Super. Ct. 1995)). To prove negligent entrustment, a defendant may be found negligent where he permits a third party, "to use a thing or engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create unreasonable risk of harm to others" ***Christiansen***, 667 A.2d at 400 (quoting Restatement (Second) of Torts, § 308). Plaintiff alleges that the vehicle was directly owned by Defendant Ryan Bogden, ***see*** AC, ¶ 10, but only alleges that Lyft controlled or operated the vehicle vicariously through Rylee Bogden. ***See id.*** at ¶¶ 11, 13-19, 34.

And even if Plaintiff were to proceed on the theory that Rylee Bogden operating the Lyft technology platform while driving constitutes an "activity which is under the control" of Lyft, Plaintiff still fails to sustain a legally sufficient claim of negligent entrustment. ***See id.*** at ¶¶ 34 (f)-(h). To sustain such a claim, the Plaintiff must allege that the entrustor knew at the time the entrustee drove the vehicle that the entrustee was not fit to drive (i.e., incident-specific knowledge), as opposed to generalized knowledge of the entrustee's unfitness to drive or operate the technology platform while driving. ***See Hosler v. Reich,*** 19 Pa. D. & C.4th 46, 48 (Pa. Com. Pl. 1992) ("The court knows of no Pennsylvania case which has recognized a cause of action for negligent

entrustment based on a 'presumed-to-know' theory."); ***Hornberger v. Hommel,*** 6 Pa. D. & C.4th 376, 379 (Pa. Com. Pl. 1990) ("the knowledge in dispute is incident-specific, not generalized misgivings"); ***Gibson v. Bruner,*** 406 Pa. 315, 322, 178 A.2d 145, 148 (1961) ("Such testimony does not prove that *at that time* he was unfit to operate the truck."). Thus, paragraph 18 is **STRICKEN** in its entirety and Count II is **STRICKEN** to the extent that it alleges negligent entrustment as Plaintiff fails to sufficiently allege that Lyft had any direct control or ownership over the vehicle or incident-specific knowledge of Rylee Bogden's unfitness to drive or operate the technology platform while driving.

### 3) Allegations of Recklessness and Request for Punitive Damages

Lyft's preliminary objection under Pa. R.C.P. 1028(a)(4) as to the allegations of recklessness against Lyft directly and/or vicariously through Co-Defendant Rylee Bogden contained in paragraphs 14, 21, 24, 25, 26, 27, 29, 30, 33, 34 and demands for punitive damages contained in the ad damnum clause of Count II are **SUSTAINED** as said allegations are legally insufficient. Plaintiff baldly asserts in a conclusory manner that Lyft's individual and vicarious conduct through Rylee Bogden were reckless when the underlying factual allegations only state that the Rylee Bogden was "travelling at an excessive rate of speed" and "operated her vehicle in a careless, negligent and wanton and reckless manner with respect to Plaintiff." AC, ¶¶ 14, 30(c); ***see also id.*** at ¶ 30(a).

The Superior Court has found the following similar allegations insufficient to sustain allegations of recklessness and claims for punitive damages:

> (a) operation of said vehicle at a high and excessive rate of speed under the circumstances; (b) failure to have said motor vehicle under proper and adequate control; (c) failure to have due regard for the point and position of minor plaintiff who was a pedestrian; (d) violation of the ordinance of

> Montgomery County and the statutes of the Commonwealth of Pennsylvania; and (e) otherwise failing to exercise due care under the circumstances.

***Smith v. Brown***, 283 Pa.Super. 116, 119, 423 A.2d 743, 744 (1980). Moreover, the Superior Court, in the same opinion, reasoned that allegation (a), *supra*, which is similar to the allegations in paragraphs 14 and 30(a) here, was insufficient as "the tendency of most drivers on our roads today is to drive too fast for conditions. Whether or not such conduct is outrageous depends upon the nature of the conditions. Nowhere in her complaint does the appellant indicate what those conditions were." ***Id.*** at 121. Additionally, the insufficiency of allegations (b)-(e) in ***Smith*** – particularly allegations (b), (d), and (e) – counsel us to also find paragraphs 30 (d), (e), (f), and (g) insufficient to support punitive damages.

Finally, although Plaintiff alleges that she "suffered permanent internal and external injuries," ***see*** AC, ¶ 24; ***see also id.*** at ¶ 27, when "deciding whether to impose punitive damages, a court should not look at the end result, but at the 'act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties ...'" ***Faust v. Stish***, 43 Pa. D. & C.4th 134, 137–38 (Pa. Com. Pl. 1999) (quoting ***Chambers v. Montgomery***, 411 Pa. 339, 345, 192 A.2d 355, 358 (1963)); ***see also Feld v.* Merriam**, 506 Pa. 383, 396, 485 A.2d 742, 748 (1984). Such injuries alone, or even in conjunction with the other allegations in the Amended Complaint, are not sufficient to sustain the imposition of punitive damages.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a Second Amended Complaint within twenty (20) days from the date this Order is docketed, which is to be followed by the Defendant filing a Responsive Pleading within twenty (20) days from the date the Second Amended Complaint is docketed.

If Plaintiffs have not filed a Second Amended Complaint within twenty (20) days from the date this Order is docketed, then Defendant shall file an Answer to the first Amended Complaint within (20) twenty days from that date.

**BY THE COURT:**

**Stella M. Tsai, J.**