JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DESHANTE SCOTT

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Roman Galas, Esquire
Simon & Simon, PC, 18 Campus Blvd., Suite 100,
Newtown Square, PA 19073

## DEFENDANTS

SHUKHRAT KULDOSHOV and LYFT, INC.

County of Residence of First Listed Defendant: Kings
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
James R. Andrzejewski, Esquire
DICKIE, MCCAMEY & CHILCOTE

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
8 U.S.C. § 1391(a) (1) and (2)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE: Judge John Padova
DOCKET NUMBER: Philadelphia CCP No. 260302930

DATE: May 18, 2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Broad Street at or near its intersection with Ontario Street in Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number: Philadelphia CCP No. 260302930 Judge: Judge John Padova

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☒
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☒ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | CIVIL ACTION |
| v. | : | |
| SHUKHRAT KULDOSHOV, and LYFT, INC. | : | NO. 26-2660 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 5/18/2026 | Roman Galas, Esquire | Plaintiff Deshante Scott |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 467-4666 | (267) 639-9006 | romangalas@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

American LegalNet, Inc.
www.FormsWorkFlow.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Deshante Scott<br>5118 N. 9th Street<br>Philadelphia, PA 19141<br>Plaintiff<br>v.<br><br>Shukhrat Kuldoshov<br>2250 E. 4th Street, Apt. 2T<br>Brooklyn, NY 11223<br>And<br>Lyft, Inc.<br>185 Berry Street, Ste. 400<br>San Francisco, CA 94107<br>Defendants | : | CIVIL ACTION NO.: 26-2660 |

**AMENDED COMPLAINT**

1. Plaintiff, Deshante Scott ("Plaintiff"), is a citizen of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Shukhrat Kuldoshov ("Kuldoshov"), is a citizen of the State of New York, residing at the address listed in the caption of this Complaint.

3. Defendant Lyft, Inc. ("Lyft"), is a business entity and citizen of Delaware and California with a business address listed in the caption of this Complaint,.

4. On or about February 3, 2025, at or about 6:00 p.m., Plaintiff was the operator of a motor vehicle traveling south on Broad Street at or near its intersection with Ontario Street in Philadelphia, PA.

5. Upon information and belief, at all times relevant hereto, Kuldoshov was driving north on Broad Street in motor vehicle for the purpose of providing Lyft rideshare services through the Lyft platform, which Lyft operates and controls (the "Subject Lyft Vehicle").

6. Upon information and belief, the Subject Lyft Vehicle displayed, contained, or was otherwise associated with the business name and/or trade insignia of Lyft, and was being used for

its business purpose(s).

7. At the same date and time, as Plaintiff proceeded lawfully through the aforesaid intersection with Ontario Street, Kuldoshov, approaching the same intersection, suddenly and without warning sped up and attempted to turn left onto Ontario Street, and crashed into the driver side of Plaintiff's vehicle.

8. At all times relevant hereto, including the time of the subject crash, Kuldoshov was an agent, employee, and/or servant of Lyft, Inc., and was operating the Subject Lyft Vehicle in the course and scope of his agency and/or employment with Lyft.

9. The subject crash was caused by Kuldoshov negligently and/or carelessly operating the Subject Lyft Vehicle in such a manner so as to attempt an improper left-turn without adequate clearance and strike Plaintiff's vehicle.

10. Kuldoshov had a history of unsafe driving; to wit, he was cited for careless driving for at least one prior motor vehicle crash less than four (4) weeks prior to the subject crash; Lyft knew or should have known about Kuldoshov's unsafe driving history.

11. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of Defendants, Plaintiff has sustained serious permanent personal injuries and damages, including injury to her head, neck, and back, necessitating extensive treatment including radiofrequency ablation.

**COUNT I**
**Deshante Scott v. Shukhrat Kuldoshov**
**Personal Injury—Negligence**

12. Plaintiff incorporates by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

13. The negligence and/or carelessness of Defendant Kuldoshov, which was a proximate cause of the subject motor vehicle collision and the resultant injuries and damages

suffered by Plaintiff included the following actions/inactions:

a. Failing to exercise ordinary care to avoid a crash;

b. Operating the Subject Lyft Vehicle without regard for the rights or safety of motorists like Plaintiff, and in such a manner as to attempt a left turn without proper clearance and without yielding to Plaintiff's right of way, in turn striking Plaintiff's vehicle;

c. Failing to keep a proper lookout for vehicular traffic;

d. Failing to adequately, sufficiently, and properly clear traffic to ensure it was safe to continuing proceeding forward;

e. Failing to yield the right of way to vehicular traffic, including Plaintiff;

f. Failing to maintain proper distance between vehicles;

g. Failing to have the Subject Lyft Vehicle under proper and adequate control;

h. Operating the Subject Lyft Vehicle at a rate of speed that was dangerous and excessive for conditions;

i. Violating the "assured clear distance ahead" rule;

j. Failure to apply his brakes earlier to stop the Subject Lyft Vehicle to avoid the crash;

k. Being inattentive to his duties as the operator of the Subject Lyft Vehicle;

l. Failing to remain continually alert while operating the Subject Lyft Vehicle;

m. Failing to perceive the highly apparent danger which his actions and/or inactions posed to motorists like Plaintiff;

n. Failing to be highly vigilant and maintain sufficient control of the Subject Lyft Vehicle and bring it to a stop at the shortest notice possible;

o. Operating the Subject Lyft Vehicle with disregard for the rights of Plaintiff even though he was aware, or should have been aware, of the presence of Plaintiff and the threat of harm posed to Plaintiff;

p. Continuing to operate the Subject Lyft Vehicle in a direction towards Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence should have seen, that further operation in that direction would result in a crash;

q. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

r. Failing to exercise and adhere to proper safe and defensive driving practices as set forth in his driver training and/or required by the Commonwealth of Pennsylvania;

s. Driving while fatigued, and/or distracted; and

t. Failing to operate said motor vehicle in compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles including violations of Pennsylvania Motor Vehicle Code Sections 3303, 3304, 3322, 3361 and/or 3714.

14. As a direct and proximate result of the negligent and/or careless conduct of Kuldoshov, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and other ills and injuries, including to her head, neck, and back, necessitating extensive treatment including radiofrequency ablation, all to Plaintiff's great loss and detriment.

15. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

16. As an additional result of the carelessness and/or negligence of Kuldoshov, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

17. As a direct result of the carelessness and/or negligence of Kuldoshov, Plaintiff suffered damage to her personal property, including the motor vehicle he was operating at the time of the subject motor vehicle collision, and related expenses including, but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

18. As a further result of Plaintiff's injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Deshante Scott, prays for judgment in her favor and against Defendant, Shukhrat Kuldoshov, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**COUNT II**
**Deshante Scott v. Lyft, Inc.**
**Negligent Hiring, Retention, Training, Supervision, and Entrustment**

20. Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

21. The carelessness and/or negligence of Defendant Lyft, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

a. Hiring, retaining, and permitting Kuldoshov to operate a motor vehicle on the Lyft rideshare platform without first properly and adequately qualifying him consistent with industry custom, applicable regulations, and the statutory requirements of the Pennsylvania Transportation Network Company ("TNC") Law; see 53 Pa. C.S. § 57A12;

b. Hiring, retaining, and permitting Kuldoshov to operate as a Lyft rideshare driver without first conducting a proper and adequate criminal background check, motor vehicle record review, and safety screening to ascertain whether he was competent and fit to properly and safely operate a motor vehicle while providing rideshare services for Lyft; see 53 Pa. C.S. § 57A12(b–c);

c. Retaining and permitting Kuldoshov to operate as a Lyft rideshare driver when Lyft knew or, in the exercise of due care and diligence, should have known—given Kuldoshov's history of prior unsafe, negligent, and/or substandard driving conduct, including at least one prior motor vehicle crash less than four (4) weeks prior to the subject crash, for which he was cited for careless driving—that Kuldoshov was

incompetent, unfit, or otherwise likely to engage in the careless conduct that caused harm to Plaintiff;

d. Failing to provide proper, adequate, ongoing, and/or remedial training to Kuldoshov consistent with industry custom, Lyft's own safety and rideshare policies, and applicable regulations, including, training in safe and defensive driving, time management, avoiding distracted or fatigued driving, and performing safe left turns, especially after his prior motor vehicle crash less than four (4) weeks prior to the subject crash, for which he was cited for careless driving; see 53 Pa. C.S. § 57A16(a), (h–i);

e. Failing to take proper and adequate measures to prevent Kuldoshov from endangering the motoring public, including Plaintiff, by failing to ensure that he was operating his vehicle in a safe, alert, and undistracted manner while providing rideshare services, especially after his prior motor vehicle crash less than four (4) weeks prior to the subject crash, for which he was cited for careless driving;

f. Failing to properly and adequately train, monitor, and/or supervise Kuldoshov to ensure adherence to safe driving practices consistent with the Pennsylvania Motor Vehicle Code, Lyft's rideshare safety standards, and accepted industry practice, especially after his prior motor vehicle crash less than four (4) weeks prior to the subject crash, for which he was cited for careless driving;

g. Failing to properly and adequately train, monitor, and/or supervise Kuldoshov to ensure that he could safely transport passengers and avoid collisions with the motoring public, including Plaintiff, especially after his prior motor vehicle crash less than four (4) weeks prior to the subject crash, for which he was cited for careless driving;

h. Failing to implement and enforce reasonable policies and procedures to ensure that Kuldoshov would operate his vehicle safely, lawfully, and in compliance with Lyft's own stated safety commitments and applicable law, especially after his prior motor vehicle crash less than four (4) weeks prior to the subject crash, for which he was cited for careless driving;

i. Allowing and/or directing Kuldoshov to continue operating the Subject Lyft Vehicle while fatigued, distracted, or otherwise unsafe to drive while providing rideshare services; and

j. Failing to warn or protect the motoring public, including Plaintiff, from the foreseeable risk of harm posed by Kuldoshov's unsafe and/or negligent operation of the Subject Lyft Vehicle while acting within the scope of his agency, employment, and/or contractual relationship with Lyft.

22. As a direct and proximate result of the negligent and/or careless conduct of Lyft, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-

existing conditions and other ills and including to her head, neck, and back, necessitating extensive treatment including radiofrequency ablation, all to Plaintiff's great loss and detriment.

23. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

24. As an additional result of the carelessness and/or negligence of Lyft, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

25. As a direct result of the carelessness and/or negligence of Lyft, Plaintiff suffered damage to her personal property, including the motor vehicle he was operating at the time of the subject motor vehicle collision, and related expenses including, but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

26. As a further result of Plaintiff's injuries, Plaintiff has in the past suffered, presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27. Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Deshante Scott, prays for judgment in her favor and against Defendant, Lyft, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**COUNT III**
**Deshante Scott v. Lyft, Inc.**
**Respondeat Superior**

28. Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

29. The negligent and/or careless conduct on the part of Kuldoshov, detailed in Count I, above, occurred while Kuldoshov, was acting at all relevant times within the course and scope of his agency and/or employment with Lyft, and was the direct and proximate cause of the subject crash and Plaintiff's proximately resulting injuries and damages.

30. At all times material hereto, Lyft exercised control and direction over the manner and means of Kuldoshov's work as a Lyft rideshare driver, including the following:

a. Connecting Kuldoshov with passengers through its Lyft rideshare platform and mobile application;

b. Dictating or substantially influencing the routes Kuldoshov takes through its GPS-based navigation system;

c. Requiring Kuldoshov to comply with Defendant Lyft's policies, procedures, and community guidelines, including passenger-service and safety standards, as a condition of maintaining active driver status;

d. Determining the fares charged to passengers, the payments made to drivers, and the timing and method of those payments;

e. Retaining the right to suspend or deactivate Kuldoshov for failing to comply with its standards or customer rating requirements, thereby exercising control over continued employment and participation on the platform;

f. Providing the platform, customer base, and operational framework necessary for Kuldoshov to perform rideshare services, thereby controlling the essential terms and conditions of the relationship; and

g. Holding itself out to the public as a provider of transportation services through its Lyft rideshare brand, using drivers who operate under Lyft's trade name, platform, and systems.

31. As such, Defendant Lyft is vicariously liable under the doctrine of respondeat

superior result for the negligence and/or careless conduct of Kuldoshov in causing the subject crash and Plaintiff's proximately resulting injuries and damages.

WHEREFORE, Plaintiff, Deshante Scott, prays for judgment in her favor and against Defendant, Lyft, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**SIMON & SIMON, P.C.**

BY: ______________________________

Roman Galas, Esquire
Simon & Simon, P.C.
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
215-467-4666
*Attorney for Plaintiff*