**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT, | : | |
| | : | No. 2:26-cv-02660 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | |
| SHUKHRAT KULDOSHOV, and | : | |
| LYFT, INC. | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this _____ day of ______________________, 2026, upon consideration of Defendant Lyft, Inc.'s Partial Motion to Dismiss, and Plaintiff's response in opposition thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED**.

BY THE COURT:

___________________________________
J.

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT, | : | |
| | : | No. 2:26-cv-02660 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | |
| SHUKHRAT KULDOSHOV, and | : | |
| LYFT, INC. | : | |
| Defendants. | : | |

**OPPOSITION TO MOTION TO DISMISS**

Plaintiff Deshante Scott ("Plaintiff"), by and through her undersigned counsel, hereby files this Opposition to the Partial Motion to Dismiss filed by Defendant Lyft, Inc., and, for the reasons set forth more fully in the Memorandum of Law filed contemporaneously herewith, respectfully requests that this Court enter the attached Order denying said Motion.

**SIMON & SIMON, P.C.**

By: __________________________

Roman Galas, Esquire
Attorney I.D. No. 207093
18 Campus Blvd. Suite 100
Newtown Square, PA 19073
(215) 467-4666
(267) 639-9006- Fax
*Attorney for Plaintiff*

# TABLE OF CONTENTS

Page

I. INTRODUCTION……………………………………………………………………...1

II. PERTINENT FACTUAL BACKGROUND……………………………………………...1

III. ARGUMENT……………………………………………………………………...3

A. Legal Standards for Motions to Dismiss………………………………………..5

B. Motion should be Denied as to Properly-Pled Negligence Allegations……………6

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Connelly v. Lane Constr. Corp.*,
809 F.3d 780 (3d Cir. 2016)……………………………………………………5, 6, 11, 12

*In re Ins. Brokerage Antitrust Litigation*,
618 F.3d 300 (3d Cir. 2010)…………………………………………………………...5, 12

*Perez v. Bardo*,
Civ. A. 11-376, 2011 WL 941380 (E.D. Pa. Mar. 17, 2011)……………………….……...6 ,11, 12

*McMahon v. Arsenberger Trucking Co.*,
No. 17-1242, 2018 U.S. Dist. LEXIS 172373 (E.D. Pa. Oct. 5, 2018)……………......7, 10, 11

*City of Phila. v. Beretta U.S.A. Corp.*,
277 F.3d 415, (3d Cir. 2002)……………………………………………………………..…8

*Youells v. Dzakpasu*,
No. 3:19-CV-633, 2019 WL 3046300 (M.D. Pa. June 24, 2019)……………………....8, 9, 11

*Olinger v. Zikeli*,
43 Pa. D. & C.5th 387 (C.P. Lawr. Co. Dec. 23, 2014)………………………………..…11

*Green v. Klein*,
16 Pa. D. & C.5th 144 (C.P. Monroe Co. Aug. 10, 2010)……………………………........…11

*Barber v. Wells Fargo Home Mortgage Servicing*,
No. CV-2014-5240 (C.P. Northam. Co. Apr. 6, 2016).…………………………………...11

*Moore v. McMillian*,
14 Pa. D. & C. 3d 302 (C.P. Luzerne Co. 1980) ……………………………………..…..…11

*Blocker v. Amazon.com et al*
No. 23-00629 (May 18, 2023) ………………………………..……………………….…11

## Statutes

53 Pa. C.S. § 57A12..........................................................................................................................4

## Other Authorities

Restatement (Second) Agency § 213 ..............................................................................................7

Pa. SSJI (Civ) 6.70. ....................7

Pa. SSJI (Civ) 6.80. ....................8

Pa. SSJI (Civ) 13.71....................8

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT,<br>Plaintiff,<br>v.<br><br>SHUKHRAT KULDOSHOV, and<br>LYFT, INC.<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 2:26-cv-02660 |

**MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**

Plaintiff Deshante Scott ("Plaintiff"), by and through her undersigned counsel, hereby files this Memorandum of Law in Support of her Opposition to the Partial Motion to Dismiss filed by Defendant Lyft, Inc. ("Defendant" or "Lyft").

## I. INTRODUCTION

This case arises from a motor vehicle crash in which the Defendant driver, Shukhrat Kuldoshov, while working for and driving a Lyft rideshare vehicle, sped into an intersection and t-bone crashed into Plaintiff's vehicle. Of note, Kuldoshov had been involved in at least one prior crash less than four (4) weeks before the subject crash, for which he was cited for careless driving, and of which Lyft knew or should have known.

In her Amended Complaint, Plaintiff includes direct negligence claims against Lyft, for Negligent Hiring, Retention, Training, Supervision, and Entrustment. Her claim is based on a detailed set of well-pled facts which, in totality, plainly satisfy the pleading standards announced in the Supreme Court's seminal rulings in *Twombly* and *Iqbal*. Defendants' instant motion arguing otherwise should be denied.

## II. PERTINENT FACTUAL BACKGROUND

As pled in Plaintiff's Amended Complaint, this action arises out of a February 3, 2025,

motor vehicle crash that occurred as Plaintiff proceeded lawfully on Broad Street through the intersection with Ontario Street, when Kuldoshov, approaching the same intersection, suddenly and without warning sped up and attempted to turn left onto Ontario Street, and crashed into the driver side of Plaintiff's vehicle.

The Amended Complaint specifically alleges the following facts as to how the crash occurred, and about Kuldoshov's driving history with Lyft:

- Defendant Kuldoshov -- as an agent, employee, and/or servant of Lyft, operating in the course and scope of his agency/employment -- was driving a vehicle leased, insured, and/or otherwise under the control of and entrusted to him by Lyft, when he suddenly, and without warning, crashed into Plaintiff's vehicle.
- In so crashing into Plaintiff's vehicle, Kuldoshov violated various safe and defensive driving practices and Pennsylvania Motor Vehicle Code Sections (specifically Sections 3303, 3304, 3322, 3361 and/or 3714), and, *inter alia*, failed to exercise ordinary care to avoid a collision; failed to keep a proper lookout for, failed to clear, and failed to yield the right of way to vehicular traffic ahead; failed to pay adequate attention to his surroundings; failed to drive at a safe speed under the prevailing conditions; failed to take adequate avoidance measures; and/or was fatigued and/or distracted.
- Kuldoshov had a history of unsafe driving; to wit, he was cited for careless driving for at least one prior motor vehicle crash less than four (4) weeks prior to the subject crash.
- Despite the fact that Lyft knew or should have known about Kuldoshov's unsafe driving history, specifically including the prior careless driving crash less than four (4) weeks before the subject crash, Lyft *inter alia*:
    - hired, retained, and permitted Kuldoshov to operate a vehicle on the Lyft rideshare platform without first properly and adequately qualifying him consistent with the statutory requirements of the Pennsylvania Transportation Network Company ("TNC") Law (53 Pa. C.S. § 57A12), and without first conducting a proper and adequate background check to ascertain whether or not he was competent and fit to properly and safely provide rideshare services on Lyft's behalf;
    - failed to properly and adequately train, monitor, and/or supervise Kuldoshov to ensure he could manage collision-free encounters;
    - failed to provide proper, adequate, ongoing, and/or remedial training to Kuldoshov, including safe and defensive driving training, safe and defensive driving, time management, avoiding distracted or fatigued driving, and performing safe left turns;
    - failed to implement and enforce reasonable policies and procedures to ensure that Kuldoshov would operate his vehicle safely, lawfully, and in compliance with Lyft's own stated safety commitments and applicable law; and
    - allowed and/or directed Kuldoshov to continue operating the subject vehicle while he

was fatigued, distracted, and otherwise unsafe to drive a rideshare vehicle.

(*See* Am. Compl. at ¶¶ 4-11, 13, 21).

After a meet-and-confer between counsel for the parties, Lyft filed the instant Partial Motion to Dismiss. For the reasons below, it should be denied.

## III. ARGUMENT

### A. Legal Standards for Motions to Dismiss

The Third Circuit has long recognized that, even after the Supreme Court's rulings in *Twombly* and *Iqbal*, "detailed pleading is not generally required," as federal pleading rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alteration omitted).

A defendant may move to dismiss and, to survive, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal*, 556 U.S. at 678 & *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). Of note, "the plausibility standard 'does not impose a probability requirement,'" and only requires that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556 & *Iqbal*, 556 U.S. at 678). On this front, the Third Circuit has reiterated that, even after *Twombly*, "it is **not necessary to plead evidence**." *In re Ins. Brokerage Antitrust Litigation*, 618 F.3d 300, 325 n.25 (3d Cir. 2010) (emphasis added) (quoting *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977)). Indeed, courts recognize that a certain "lack of specificity is to be expected prior to discovery."

*Perez v. Bardo*, Civ. A. 11-376, 2011 WL 941380, at *3 (E.D. Pa. Mar. 17, 2011) (citing *Pacheco v. Golden Living Ctr.-Summit*, Civ. A. No. 10-1641, 2011 WL 744656, n. 4 (M.D. Pa. Feb. 23, 2011)). Further, "for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss," and must simply set forth "enough facts to raise **a reasonable expectation that discovery will reveal evidence** of the necessary elements." *Connelly*, 809 F.3d at 788-89 (quotation & alteration omitted) (emphasis added) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) and vacating dismissal).

In analyzing a motion to dismiss, under *Twombly* and *Iqbal*, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 787 (quoting *Iqbal*, 556 U.S. at 679) (alterations omitted). Only allegations that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 787 (quoting *Iqbal*, 556 U.S. at 679). In other words, only "[m]ere restatements of the elements of a claim are not entitled to the assumption of truth." *Id.* (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)). In short, "*Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if 'unrealistic or nonsensical,' 'chimerical,' or 'extravagantly fanciful.'" *Id.* at 789 (quoting *Iqbal*, 556 U.S. at 681).

### B. Motion should be Denied as to Properly-Pled Negligence Allegations

Plaintiff's claims of negligent hiring, retention, supervision are generally governed by Section 213 of the Restatement (Second) of Agency, which provides:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless . . . (b) in the employment of improper persons in work involving risk of harm to third parties; (c) in the supervision of the activity; or (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or under his control.

*McMahon v. Arsenberger Trucking Co.*, No. 17-1242, 2018 U.S. Dist. LEXIS 172373, at *17 (E.D. Pa. Oct. 5, 2018) (quoting Restatement (Second) Agency § 213).

Courts have nonetheless established different elements for these claims. As to claims for negligent hiring or retention, "a plaintiff must demonstrate that (i) an employer knew or should have known of an employee's propensity for violence, and (ii) the employment created a situation where the violence could harm a third party." *Id.* (quoting *Court v. Loews Phila. Hotel, Inc.*, No. 16-4848, 2017 WL 569522, at *4 (E.D. Pa. Feb. 13, 2017) & citing *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 487-88 (3d Cir. 2013)). Under the applicable Pennsylvania jury instruction, the claims are expressed as follows:

> A principal must use reasonable care to select an agent who will not create an unreasonable risk of harming others.
>
> *[Name of plaintiff]* claims that *[name of principal]* was negligent in [hiring] [retaining] *[name of agent]*.
>
> To determine whether *[name of principal]* was negligent in [hiring] [retaining] *[name of agent]* to perform *[insert type of work]*, you should consider the following:
>
> > *[List only the applicable factors in the case, such as:]*
> >
> > 1. *[name of agent]*'s knowledge, skill, and experience;
> >
> > 2. the equipment available to *[name of agent]* to perform [his] [her] [their] work;
> >
> > 3. whether other alternatives to [hiring] [retaining] *[name of agent]* were reasonably available to *[name of principal]*;
> >
> > 4. whether *[name of principal]* knew or should have known *[name of agent]*'s personal characteristics made it likely that in performing the work [he] [she] [they] would create an unreasonable risk of harming others; [and]
> >
> > 5. any other evidence you find relevant to this question.

Pa. SSJI (Civ) 6.70.

As to a negligent supervision, direction, or control, the plaintiff must plead that the employer "knew, or should have known, that 'the employee ha[d] dangerous propensities that might cause harm to a third party.'" *McMahon*, 2018 U.S. Dist. LEXIS 172373, at *9 (quoting

*Court*, 2017 WL 569522, at *4 & citing *Belmont*, 708 F.3d at 487–88). Under the applicable Pennsylvania jury instruction, the claims are expressed as follows:

> A principal must use reasonable care to supervise, direct, and control [his] [her] [their] [its] agent's work in a way that does not create an unreasonable risk of harming others.
>
> *[Name of plaintiff]* claims that *[name of principal]* negligently supervised, directed, or controlled how *[name of agent]* performed [his] [her] [their] *[insert type of work]*.
>
> You should consider the following:
>
> *[List only the applicable factors in the case, such as:]*
>
> 1.Did *[name of principal]* give improper or ambiguous instructions to *[name of agent]*?
>
> 2.Did *[name of principal]* provide defective or dangerous *[type of equipment or instrumentality]* to be used by *[name of agent]*?
>
> 3.Should *[name of principal]* have reasonably known that *[name of agent]* required additional supervision, direction, and control to prevent an unreasonable risk of harm?
>
> 4. Any other evidence you find relevant to this question.

Pa. SSJI (Civ) 6.80.

Claims for negligent entrustment are governed by Section 308 of the Restatement (Second) of Torts. It provides that an employer is liable for permitting an employee:

> [T]o use a thing or to engage in an activity which is under the control of the [employer], if the [employer] knows or should know that [the employee] intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

*City of Phila. v. Beretta U.S.A. Corp.*, 277 F.3d 415, 422 n.9 (3d Cir. 2002) (citing Ferry v. Fisher, 709 A.2d 399, 403 (Pa. Super. Ct. 1998)); *see also* Pa. SSJI (Civ) 13.71.

Courts in Pennsylvania, including sister federal courts, recognize that all such claims "are fact-specific and fact-dependent," and, therefore, their resolution typically is "more appropriate at summary judgment, where undisputed facts beyond the pleadings themselves may be considered." *Youells v. Dzakpasu*, No. 3:19-CV-633, 2019 WL 3046300, at *6 (M.D. Pa. June 24, 2019) (citing

*Knecht v. Balanescu*, No. 4:16-CV-00549, 2017 WL 4573796, at *8 (M.D. Pa. Oct. 13, 2017); *Fakes v. Terry*, No. 2:15-CV-01574, 2018 WL 1382513, at *5 (W.D. Pa. Mar. 19, 2018)). Courts thus routinely dismiss motions to dismiss such claims. For example, in *Youells*, the plaintiff pled the following exhaustive list of allegations which the Court found sufficient to withstand a motion to dismiss negligent supervision/entrustment claims:

> a. In then and there being careless, negligent, and reckless by and through the acts and omissions of its agents including, but not limited to, Julius A. Dzakpasu, which acts and omissions are set forth in detail in the preceding and subsequent paragraphs and are hereby incorporated as fully as though set forth at length;
>
> b. In then and there failing to properly train, monitor, and supervise its employees/drivers including, but not limited to, Defendant, Julius A. Dzakpasu;
>
> c. In then and there hiring Defendant, Julius A. Dzakpasu, despite the fact it knew or should have known that he was not properly qualified and/or trained to operate commercial motor vehicles, including the 2017 Volvo Western Express tractor-trailer;
>
> d. In then and there permitting the Defendant, Julius A. Dzakpasu, to operate tractor-trailers in its possession or control when it knew or should have known that he was not properly qualified and/or trained;
>
> e. In failing to train and/or properly train Defendant, Julius A. Dzakpasu, prior to allowing him to operate tractor-trailers in its possession or control;
>
> f. In then and there allowing the Defendant, Julius A. Dzakpasu, to operate tractor-trailers in its possession or control when it knew or should have known that such operation posed unreasonable risk and danger to others lawfully on the roadway;
>
> g. In then and there failing to adopt appropriate policies, employee manuals, and/or training procedures;
>
> h. In then and there failing to enforce its employee manuals and/or training procedures;
>
> l. In then and there failing to enforce both the written and unwritten policies of Western Express, Inc., d/b/a Western Express;
>
> j. In then and there failing to ensure that its employees/drivers were aware of and complied with the written and unwritten policies of Western Express, Inc., d/b/a Western Express;
>
> k. In then and there failing to implement and/or enforce an effective safety system;

> l. In then and there failing to ensure that its management personnel and employees/drivers were aware of and complied with the requirements of the Pennsylvania Motor Vehicle Code and the Federal Motor Carriers Safety Regulations;
>
> m. In consciously violating the Pennsylvania Motor Vehicle Code and the Federal Motor Carriers Safety Regulations;
>
> n. In then and there failing to ensure that its employees and agents were aware of and complied with the rules, laws, and regulations pertaining to the operation of commercial motor vehicles including tractor-trailers;
>
> o. In then and there failing to inspect and/or properly maintain the aforesaid 2017 Volvo Western Express tractor-trailer operated by the Defendant, Julius A. Dzakpasu;
>
> p. In then and there violating the applicable rules, laws and regulations pertaining to the operation of commercial motor vehicles;
>
> q. In then and there placing more emphasis on its financial status and profitability than the safety of its drivers and the motoring public;
>
> r. In then and there failing to perform and/or adequately perform preventative maintenance on the vehicles in its possession or control;
>
> s. In then and there failing to appropriately maintain the 2017 Volvo Western Express tractor-trailer;
>
> t. In then and there failing to ensure that its employees/drivers completed adequate pre-trip inspections prior to operating vehicles in its fleet;
>
> u. In failing to ensure that its employees, agents, and/or servants adequately maintained the vehicles in its possession/control;
>
> v. In failing to have appropriate maintenance personnel on staff and/or in failing to perform adequate preventative maintenance;
>
> w. In then and there failing to properly instruct and train its employees/drivers regarding operating tractor-trailers during adverse road and weather conditions;
>
> x. In then and there failing to properly instruct and train its employees/drivers regarding defensive driving principles;
>
> y. In then and there failing to instruct and/or appropriately instruct its employees/drivers in the safe operation of its vehicles.

*Id*. at *1-2.

In *McMahon v. Arsenberger*, the plaintiffs did not allege the specific elements of each of these claims, but the district court nonetheless found that the pleadings put the defendants "on

sufficient notice of the underlying factual allegations" -- similarly exhaustive as those in *Youells* (*see McMahon* complaint, attached as **Ex. A**) -- denied a motion to dismiss the claims:

> Plaintiffs allege that Arsenberger interviewed, hired, and trained Best in violation of the FMCSR and, along with Trucking Co., entrusted Best with a tractor-trailer knowing that he was improperly trained, inexperienced, and unqualified, posing a risk of danger to others. Taking the allegations in the Amended Complaint in the light most favorable to Plaintiffs, a jury could find that Defendants were negligent in hiring and retaining Best and entrusting him with Defendants' vehicle.

2018 U.S. Dist. LEXIS 172373, at *8-9.[1]

Here, despite the fact that "detailed pleading is not generally required" under federal pleading rules, Plaintiff expressly and exhaustively alleges various facts regarding the subject stop-sign crash, outlined above, to support her claims that Lyft was negligent in its hiring, retention, training, supervision, and entrustment; Plaintiff's pleading is more than sufficient in giving Lyft "fair notice of what the claim is and the grounds upon which it rests." *Connelly*, 809 F.3d at 786 (quoting *Twombly*, 550 U.S. at 555). Likewise, Plaintiff's pleading contains more than enough "factual matter, accepted as true, to state a claim to relief that is plausible on its face," and sufficient "factual content that allows the court to draw the reasonable inference that [Lyft] is liable

---

[1] *See also, e.g.*, *Olinger v. Zikeli*, 43 Pa. D. & C.5th 387 (C.P. Lawr. Co. Dec. 23, 2014) (denying preliminary objection as to claims that employer was "negligent by failing to properly train, instruct and supervise defendant Zikeli, failing to properly inspect, maintain and repair the vehicle, failing to properly investigate the qualifications and driving record of defendant Zikeli and failing to properly update and provide educational opportunities to their employees to ensure safe operation of the vehicle," finding these averments "sufficient to establish a claim for direct negligence"); *Green v. Klein*, 16 Pa. D. & C.5th 144, 151 (C.P. Monroe Co. Aug. 10, 2010) (denying preliminary objections because it was "premature to dismiss plaintiff's claim for negligent entrustment against defendant owner" at such early "stage in litigation and under the facts averred"); *Barber v. Wells Fargo Home Mortgage Servicing*, No. CV-2014-5240 (C.P. Northam. Co. Apr. 6, 2016) (attached as **Ex. B**) (denying preliminary objections to "Plaintiff's averments that Defendant failed to monitor, supervise, and investigate," finding them "sufficiently specific as to enable Defendant to prepare its defense and to inform Defendant 'of the specific basis on which recovery is sought so that [it] may know without question upon what grounds to make [its] defense'"); *Perez*, 2011 WL 941380, at *3 (denying motion to dismiss negligent entrustment claim based on allegations that driver "was not adequately trained to operate the truck" and that employer was "otherwise negligent under the circumstances," finding it "reasonable to infer that Durgin, as the truck's owner or as Bardo's supervisor, had reason to know of Bardo's deficient training or other factors suggesting he was not fit to drive the truck"); *Moore v. McMillian*, 14 Pa. D. & C. 3d 302, 305 (C.P. Luzerne Co. 1980) (noting that Pennsylvania caselaw supports "a liberal application of" negligent entrustment pleading standards and denying preliminary objection as to negligent entrustment claim).

for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678 & *Sheridan*, 609 F.3d at 262 n. 27). Plaintiff is not, as Lyft implies, required to "establish a *prima facie* case," at this early phase, *Connelly*, 809 F.3d at 788-89, nor is he required "**to plead evidence**," *In re Ins. Brokerage*, 618 F.3d at 325 n.25 (quoting *Bogosian*, 561 F.2d at 446). Indeed, a certain "lack of specificity is to be expected prior to discovery." *Perez*, 2011 WL 941380, at *3 (citing *Pacheco*, 2011 WL 744656, n. 4). **Discovery** will establish record evidence to support those facts. It is therefore, "for purposes of pleading sufficiency" and "in order to survive a motion to dismiss," enough for Plaintiff to simply set forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Connelly*, 809 F.3d at 788-89 (quoting *Phillips*, 515 F.3d at 234). Plaintiff's factual allegations more than suffice under these standards.

While Lyft cites a number of other decisions dismissing direct negligence claims against it, it is not at all clear that those cases involved specific allegations like those in Plaintiff's Amended Complaint here, including a prior careless driving crash just one month before the subject crash. It is also not clear that those decisions grappled with the otherwise more accepting decisions set forth herein, and even less clear how Lyft (or any prior court ruling in its favor) thinks a plaintiff could satisfy its demanding pleading standards without taking discovery -- absent a blatant careless driving crash appearing in a public docket like the one here, how could a plaintiff possess information about a drivers non-public misdeeds? Courts recognize that reality, and do not require what Lyft proposed. Tellingly, Judge Chad Kenney recently denied a motion to dismiss filed by Amazon defendants seeking the exact relief same sought here -- dismissal of the similarly-pled direct negligence count against it. *See Blocker v. Amazon.com et al*, No. 23-00629 (May 18, 2023) (attached as **Ex. C**).

In sum, as to all of these direct negligence claims and the facts pled in support, "which are assumed to be true" for purposes of this motion, Lyft simply cannot show that Plaintiff's pleading

does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 786 (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's factual allegations are more than sufficient under Pennsylvania law and applicable federal pleading standards, and Lyft's motion to dismiss must be denied.

**SIMON & SIMON, PC**

BY: ______________________
Roman T. Galas, Esquire
*Attorneys for Plaintiff*

Date: June 10, 2026

**CERTIFICATE OF SERVICE**

I, Roman T. Galas, Esquire, attorney for Plaintiff(s), certify that the Response in Opposition to the Defendant's Motion, was served via electronic filing on June 10, 2026, upon the following:

*Counsel for all Defendants*

**SIMON & SIMON, P.C.**

Roman T. Galas, Esquire