# EXHIBIT A

CIVIL ACTION NO. 17-1242
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# McMahon v. Arsenberger Trucking Co.

Decided Oct 5, 2018

CIVIL ACTION NO. 17-1242

10-05-2018

ARTHUR MCMAHON and JOANNE MCMAHON v. ARSENBERGER TRUCKING CO. INC., ROMAN BEST AND ROBERT ARSENBERGER

Baylson, J.

**MEMORANDUM RE: MOTIONS TO DISMISS** **Baylson, J.**

## I. Introduction

In this case, Plaintiffs Arthur and Joanne McMahon allege that Defendant Roman Best negligently operated a tractor-trailer unit
2 ("Defendants' vehicle") owned by Defendant Arsenberger Trucking Co. Inc. ("Trucking Co."), which collided with Plaintiffs' vehicle. Plaintiffs also allege that Defendant Robert Arsenberger ("Arsenberger") and Defendant Trucking Co. engaged in negligent hiring practices by employing Best as a commercial driver, which led to the eventual vehicle accident. Lastly, Plaintiffs allege that this negligence led to a loss of consortium for both Arthur and Joanne McMahon. The First Amended Complaint alleges five causes of action on behalf of Plaintiffs:

1. **Count One**: Negligence on the part of Defendant Best, and vicariously Defendant Trucking Co., in operating Defendants' vehicle.

2. **Count Two**: Gross negligence and recklessness, including negligence per se, on the part of Defendant Best, and vicariously Defendant Trucking Co., in the operation of Defendants' vehicle.

3. **Count Three**: Negligence on the part of Defendants Arsenberger and Trucking Co. in hiring, retaining, supervising, and entrusting Defendant Best to operate Defendants' vehicle.

*2

4. **Count Four**: Loss of consortium for Joanne McMahon against Defendants Arsenberger, Trucking Co., and Best.

5. **Count Five**: Loss of consortium for Arthur McMahon again Defendants Arsenberger, Trucking Co., and Best.

Presently before this Court is Defendants Best and Trucking Co.'s Motion to Dismiss Counts Two and Three of Plaintiffs' First Amended Complaint, including punitive damages-the gross negligence and recklessness and negligent hiring/retention/supervision/entrustment claims-for failure to state a claim for which relief can be granted and for exceeding the statutes of limitations. Also before this Court is a Motion to

Dismiss all claims against Arsenberger. For the reasons discussed below, both Motions to Dismiss are denied.

## II. Factual Background

Taking Plaintiffs' allegations as true, the factual background is as follows. In or around 2015, Plaintiffs were citizens of Massachusetts. (First Am. Compl. ¶¶ 6-7, ECF 1.) Defendants Trucking Co., Best, and Arsenberger were citizens of Pennsylvania. (Id. ¶ 6.) On July 12, 2015, Defendant Trucking Co. owned a purple 2004 Kenworth W900L large truck, bearing license plate number AF37216, registered in Pennsylvania. (Id. ¶ 9.) At approximately 6:34 P.M. on this date, Defendants' vehicle rear-ended an automobile operated by Plaintiff Joanne McMahon. (Id. ¶ 8.) Plaintiff Arthur McMahon was a lawful occupant and front-seat passenger of that automobile. (Id.) Defendants' vehicle was operated by Defendant Best, an employee of Defendant Trucking Co. (Id. ¶ 11.) At the time of the accident, both parties were traveling East on Interstate 84 in Pennsylvania. (Id.) As a result of the collision, Plaintiffs sustained "serious and
3 permanent personal injuries." (Id. ¶ 12.) *3

## III. Procedural History

Plaintiffs filed the original Complaint in this case on March 17, 2017 (ECF 1). Defendants Trucking Co. and Best filed an Answer on August 29, 2017 (ECF 13). Plaintiffs moved to amend the original Complaint on March 29, 2018 (ECF 54). Defendants Best and Trucking Co. filed a Response on April 19, 2018 (ECF 63). Plaintiffs filed a Reply on April 27, 2018 (ECF 64). On May 22, 2018, the Court granted Plaintiffs' Motion to Amend the Complaint (ECF 69). On June 1, 2018, Plaintiffs filed a First Amended Complaint in the Eastern District of Pennsylvania (ECF 71).

Presently before the Court are two motions: (1) Defendant Trucking Co. and Defendant Best's Motion to Dismiss Counts Two and Three of the First Amended Complaint, which was filed on June 27, 2018 (ECF 81, "Trucking and Best MTD"); and (2) Defendant Arsenberger's Motion to Dismiss "all claims against him personally,"[1] which was filed on July 12, 2018 (ECF 85, "Arsenberger MTD"). The parties submitted Responses and Replies to both motions. (ECF 84, "Resp. to Trucking and Best MTD"; ECF 87, "Resp. to Arsenberger MTD"; ECF 86, "Trucking and Best Rep."; ECF 89, "Arsenberger Rep."). There are no motions to dismiss Count I of the First Amended Complaint.[2]

1 Defendant Arsenberger does not identify the claims he moves to dismiss, but instead moves to dismiss "all claims against him personally," which are Counts Three, Four, and Five. However, Arsenberger's Motion to Dismiss does not contend that Plaintiffs failed to state loss of consortium claims-Counts Four and Five.

2 Defendants Trucking Co. and Best's Reply requests that this Court "grant Defendants' Motion to Dismiss Counts I and II." However, Defendants only moved to dismiss Counts Two and Three. Compare Trucking Co. and Best Rep., at 13, with Trucking and Best MTD, at 1.

## IV. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d
4 Cir. 2011) (internal quotation marks and *4 citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore,

pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n.3). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## V. Discussion

### A. Parties' Contentions

#### i. Defendants Trucking Co. and Best's Motion to Dismiss

In the Motion to Dismiss, Defendants contend that Plaintiffs' claims of gross negligence and recklessness (Count Two) and negligent hiring/retention/supervision/entrustment (Count Three)[3] are time-barred by several two-year statutes of limitations. (Trucking and Best MTD, at 4.). Specifically, the Commonwealth of Pennsylvania's statute of limitations for negligence, including gross or reckless negligence, is two years. (Id.) Likewise, the Commonwealth's
5 *5 statute of limitations for negligent hiring, supervision, and retention claims is also two years. (Id.) Defendants also attempt to undermine any "relation back" argument from Plaintiffs, arguing that the additional claims of gross negligence and recklessness and negligent hiring alleged in the First Amended Complaint do not arise "out of the conduct, transaction, or occurrence" set forth in the original pleading, as required by Federal Rules of Civil Procedure 15(c)(1)(A). (Id. at 5) (quoting Fed. R. Civ. P. 15(c)(1)(B)). Specifically, Defendants argue that the First Amended Complaint adds factual allegations of a different type and time than the accident, such as the hiring of Best seventeen months prior to the accident and the post-accident actions of Best, which allegedly violated federal regulations. (Trucking and Best MTD, at 7-8.)

[3] The Court refers to Count Three as a claim of "negligent hiring" and "negligent hiring/retention/supervision/entrustment" interchangeably in this Memorandum.

Defendants also argue that even if Plaintiffs' negligent hiring claim is not time-barred, this claim is legally deficient because Plaintiffs improperly relied upon factual allegations concerning Best's post-accident conduct. (Id. at 9.) According to Defendants, Plaintiffs were unable to allege any facts about Best's pre-accident conduct which demonstrate that he had the propensity to drive in a reckless manner. (Id. at 11.) Similarly, Defendants contend that Plaintiffs' negligent hiring claim is incompatible with Plaintiffs' respondeat superior liability allegations. (Id. at 11-12.) In particular, because Trucking Co. conceded its responsibility for the actions of Best, and Plaintiffs failed to state a viable claim for punitive damages against Trucking Co., Defendants argue that Trucking Co. cannot also be found liable for negligently hiring Best. (Id.)

Defendants further contend that Plaintiffs' gross negligence and recklessness claim should be dismissed with prejudice because Plaintiffs failed to allege any additional facts that demonstrate the substantive difference between gross negligence and the negligence alleged in the original Complaint. (Id. at 13-14.) Specifically, Defendants
6 contend that they had no duty to *6 provide Best with safety training or training in accepted commercial vehicle operations because Best had a valid Commercial Driver's License ("CDL") tested for and issued by the Commonwealth of Pennsylvania. (Id. at 13.) In addition, Defendants contend that punitive damages should be stricken

from the First Amended Complaint because Plaintiffs failed to provide facts sufficient to demonstrate the level of negligence necessary to warrant such damages. (Id. at 15, 18, 23.)

Finally, Defendants argue that all averments in the First Amended Complaint for which discovery has shown to be false should be stricken. (Id. at 15.) Specifically, Defendants point to Plaintiffs' allegations that Best was functionally illiterate[4] and lacked prior experience operating tractor-trailers. (Id. at 16-17.) Defendants also contend that Plaintiffs made similarly false statements about Trucking Co.'s violations of Federal Motor Carrier Safety Regulations ("FMCSR") in its hiring procedures. (Id.)

4 In the 09/12/18 Hearing, the Court noted that Plaintiffs failed to demonstrate that Best was functionally illiterate in violation of 49 C.F.R. § 391.11, as Best could read at a "low level" and "could not read very large words," but was issued a CDL. (09/12/18 Hearing Audio, ECF 112; Resp. to Trucking Co. and Best MTD, at 6-7, 18-19.)

**ii. Plaintiffs' Response to Defendants Trucking Co. and Best's Motion to Dismiss** [5]

5 Although Trucking Co. and Best filed a Motion to Dismiss (ECF 81) separately from Arsenberger (ECF 85), Plaintiffs filed a Response addressing all Defendants (ECF 84), as well as a separate Response to Arsenberger's Motion to Dismiss (ECF 87).

In the Response, Plaintiffs contend that this Court should refuse to reconsider its prior Order[6] (ECF 69) permitting Plaintiffs' amendments, which are not time-barred. (Resp. to Trucking and Best MTD, at 13.) Alternatively, Plaintiffs contend that if the Court reconsiders the issue of timeliness of the amendments, neither the new claim for
7 punitive damages against *7 Defendants Trucking Co. and Best, nor the additional causes of action asserting direct liability against Defendant Trucking Co. and newly added Defendant Arsenberger, are time-barred because the amendments relate back to the date of the original pleading under Federal Rules of Civil Procedure 15(c). (Id. at 14.) Specifically, Plaintiffs contend that the additional claims arise from the same occurrence as the factual allegations in the original pleading-the accident. (Id. at 16, 22.)

6 Plaintiffs reference the following language from the Court's May 22, 2018 Order to support their contention that this Court expressly ruled on the procedural bases for permitting amendment: "The Third Circuit cases construing Rule 15 are consistent in finding that district courts should grant motions to amend liberally, in an effort to be fair to the parties to bring forth additional facts, or new claims. Although the Defendants have raised a number of legal arguments that Plaintiffs' Amended Complaint is legally insufficient, Defendants can make those arguments in its response to the Amended Complaint, at which time the Court will give them due consideration."

Finally, Plaintiffs contend that the two-year statues of limitations applicable to the amended claims were tolled per Pennsylvania's Discovery Rule. (Id. at 15.) Plaintiffs argue that they could not have reasonably discovered Best's grossly negligent and reckless conduct or Arsenberger's violations of the FMCSR, industry standards, and the Arsenberger Trucking Safety Manual in the hiring and training of Best until Defendants' depositions and Plaintiffs' receipt of Plaintiffs' expert's report-after the original pleading was filed.[7] (Id.) Specifically, Plaintiffs argue that the bases for these claims first came to light during the February 13, 2018 depositions of Best and Stephen Brooks, Trucking Co.'s 30(b)(6) witness; the March 28, 2018 report issued by Plaintiffs' expert, which largely relied on the depositions of Best and Brooks in identifying Defendants' violations of mandatory trucking industry safety standards and practices; and the May 16, 2018 deposition of Arsenberger, which revealed

Arsenberger's role in interviewing, hiring, and training Best. (Id. at 9-11; id. Ex. B, Expert Report of Walter A. Gunthárp, Jr., "Gunthárp Report.")

[7] The Court ignores Plaintiffs' references to documents outside the pleadings on ruling on the Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(d). The Court only considers the factual allegations in the pleadings.

Plaintiffs also argue that the First Amended Complaint states a viable claim for negligent hiring under Pennsylvania law. (Id. at 22.) Plaintiffs refer to the relevant allegations in the First Amended Complaint, which include that Arsenberger and Trucking Co. improperly hired
8 Best *8 because he was not sufficiently literate and lacked prior experience operating tractor-trailers. (Id.) Further, Plaintiffs allege that after Best was hired, Defendants failed to provide him with safety training or conduct annual investigations into his safety performance. (Id. at 23.) Regarding Defendants' contention that post-accident conduct fails to demonstrate Best's propensity to drive recklessly, Plaintiffs assert that Defendants' failure to subject Best to an alcohol test within two hours and a CDS test within thirty-two hours of the accident, in violation of the FMCSR, is relevant. (Id. at 31-32.) Plaintiffs explain that Defendants' failure to test Best is "relevant . . . to Defendants' sate [sic] of mind and may also result in a negative inference at the time of trial." (Id. at 32.)

Plaintiffs do not specifically address Trucking Co.'s concession of responsibility for Best, but instead reiterate that punitive damages may be awarded on the basis of Trucking Co.'s vicarious liability if Best, Trucking Co.'s agent, is found liable. (Id. at 28-29.) Plaintiffs also do not specifically respond to Defendants' contention that Plaintiffs' gross negligence and recklessness claim should be dismissed with prejudice. Instead, Plaintiffs contend that punitive damages may also be awarded for Trucking Co.'s direct liability because Trucking Co. hired a potentially unsafe driver with inadequate experience and failed to provide appropriate safety training in reckless disregard of the FMCSR. (Id. at 26, 28-30; Gunthárp Report, at 8-10.)

### iii. Defendants Trucking Co. and Best's Reply to Plaintiffs' Response [8]

[8] The Court notes that although Defendants moved to dismiss Plaintiffs' claims of gross negligence and recklessness (Count Two) and negligent hiring/retention/supervision/entrustment (Count Three), Defendants' Reply requests that the Court "grant Defendants' Motion to Dismiss Counts I and II and punitive damages asserted . . . as well as all references to recklessness and negligent hiring." (Trucking and Best Rep., at 13.)

In the Reply, Defendants refute Plaintiffs' contention that the Discovery Rule tolled the statutes of limitations. (Trucking and Best Rep., at 3.) Specifically, Defendants argue that Plaintiffs' claims are time-barred because Plaintiffs failed to
9 perform a reasonable investigation *9 into potential claims within two years of the date of the accident, when the applicable statutes of limitations started to run. (Id. at 4-7.)

Defendants also contend that Plaintiffs' relation back arguments for negligent hiring and punitive damages fail because the claims are not the same in time and substance. (Id. at 7.) Defendants reiterate that the hiring of Best prior to the accident is not the same in substance or time as the accident. (Id. at 7-8.) Defendants argue in the alternative that Plaintiffs failed to state a claim for negligent hiring against Trucking Co., reiterating the same arguments set forth in Defendants' Motion to Dismiss. (Id. at 8-10.)

Further, Defendants argue that Plaintiffs' punitive damages averments are legally insufficient because Plaintiffs have failed to demonstrate how Best's conduct furthered Trucking Co.'s interests, as required to impute punitive damages arising from an employee's conduct to his employer under

Pennsylvania law. (Id. at 10-11.) Alternatively, Defendants contend that Plaintiffs' Response improperly relies on "an inadmissible hearsay purported 'expert' report" outside the pleadings. (Id. at 11-12.)

Finally, Defendants assert that several of Plaintiffs' factual allegations are false. Specifically, Defendants refute Plaintiffs' allegations that Defendants spoliated evidence by destroying vehicle records and that Defendants failed to submit Best to alcohol and CDS testing after the accident. (Id. at 12-13.)

**iv. Defendant Robert Arsenberger's Motion to Dismiss**

Defendant contends that all claims against Arsenberger personally should be dismissed, specifically arguing that Plaintiffs' negligent hiring, supervision, retention, entrustment claim (Count Three) should be dismissed because Arsenberger is protected under Pennsylvania's corporate shield precedent. (Arsenberger MTD, at
10 4.) In particular, because Arsenberger was *10 acting as a director or officer of a corporation as the President of Defendant Trucking Co., he cannot be held personally liable in the absence of a misfeasance allegation. (Id. at 4-5.)

Alternatively, Arsenberger contends that Plaintiffs' claims against Arsenberger are time-barred, putting forth identical arguments to those of Defendants Trucking Co. and Best in the Motion to Dismiss. (Id. at 8-13.) Arsenberger further contends that Plaintiffs' negligent hiring claim is legally deficient, employing the same arguments as Defendants Trucking Co. and Best. (Id. at 17-20.) Regarding Plaintiffs' anticipated relation back arguments, Arsenberger argues that Plaintiffs' claims against him should be dismissed because Plaintiffs failed to provide Arsenberger with adequate notice that he would be added as a new defendant. (Id. at 13-14.) In particular, Arsenberger contends that Plaintiffs failed to meet the notice requirements of Federal Rules of Civil Procedure 15(c)(1)(A) or 15(c)(1)(C), as Arsenberger did not know and should not have known within ninety days of the filing of the original complaint that "but for a mistake concerning the identity of the proper party, the action would have been brought against [him.]" (Id. at 13) (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)); (Id. at 15-16.) According to Arsenberger, Plaintiffs were not reasonably mistaken in failing to add him as party in the original complaint. (Id. at 15-16.) Finally, Arsenberger contends that Plaintiffs failed to allege facts establishing that Arsenberger's actions relate back to the transaction or occurrence set forth in the original pleading-the accident at issue. (Id. at 16.)

**v. Plaintiffs' Response to Arsenberger's Motion to Dismiss**

In the Response, Plaintiffs contend that the Court should refuse to reconsider the Order[9] permitting Plaintiffs' amendments, which were not time barred, putting forth identical arguments to those in Plaintiffs' Response to Trucking Co. and Best's
11 Motion to Dismiss. (Resp. to *11 Arsenberger MTD, at 12.) Plaintiffs also refute Arsenberger's contention that Plaintiffs' improperly added him as a new party, pointing to Mitchell v. Hendricks, 67 F.R.D. 569 (E.D. Pa. 1975) (Davis, J.), in which Judge Davis noted that "relation back" is governed by federal law and not by state procedural rules. Id. at 572 n.2.

9 Plaintiffs' Response to Arsenberger's Motion to Dismiss references the same language from the Court's May 22, 2018 Order as Plaintiffs' Response to Trucking Co. and Best's Motion to Dismiss. See supra note 6.

Plaintiffs also contend that the First Amended Complaint states valid claims against Arsenberger because Arsenberger committed "misfeasance," and therefore is personally liable to Plaintiffs under Pennsylvania law. (Resp. to Arsenberger MTD, at 13-14.) According to Plaintiffs, Defendants incorrectly categorized Arsenberger's

conduct in hiring and training Best and entrusting Best with a tractor-trailer as "nonfeasance," as opposed to "misfeasance." (Id. at 14-16.)

Plaintiffs also seek to negate Arsenberger's arguments concerning vicarious liability, asserting that they are not alleging vicarious liability and that they do not seek to pierce the corporate veil to hold Arsenberger personally liable. (Id. at 16.) Plaintiffs argue that the First Amended Complaint states a direct cause of action against Arsenberger for negligent hiring, retention, supervision, and entrustment that amounted to willful indifference to the rights and safety of others. (Id.) Plaintiffs refer to the factual allegations in the Amended Complaint and the Guntharp Report, putting forth the same arguments as in Plaintiffs' Response to Trucking Co. and Best's Motion to Dismiss. (Id. at 17- 20.) Further, Plaintiffs briefly address Arsenberger's contention that Plaintiffs cannot allege both vicarious and direct liability against an employer while seeking punitive damages in a footnote, asserting that this contention is contrary to Pennsylvania law. (Id. at 20 n.2) (citing Burke v. TransAm Trucking, Inc., 605 F. Supp. 2d 647,
12 657-59 (M.D. Pa. 2009)). *12

Lastly, Plaintiffs contend that the amended allegations set forth bases for awards of punitive damages, citing the same factual allegations in the First Amended Complaint and the Guntharp Report as in Plaintiffs' Response to Trucking Co. and Best's Motion to Dismiss. (Resp. to Arsenberger MTD, at 20-24.)

**vi. Defendant Arsenberger's Reply to Plaintiffs' Response**

In the Reply, Defendant Arsenberger first takes issue with Plaintiffs' misrepresentation of facts, contending that Plaintiffs mischaracterized Best and Arsenberger's deposition testimony. (Arsenberger Rep., at 2-8.) Specifically, Defendant argues that Best is literate, had on-the-job training, that Arsenberger is not responsible for training each driver, and that Arsenberger did take steps to verify Best's employment history. (Id.)

Regarding the legal sufficiency of Plaintiffs' negligent hiring claim against Arsenberger, Defendant contends that Plaintiffs' claim is time-barred, making identical arguments to those in Defendants Trucking Co. and Best's Reply. (Id. at 9-10.) Defendant specifically refutes Plaintiffs' contention that Defendant erroneously relied on state law in its relation back argument, referring to Federal Rules of Civil Procedure 15(c)(1)(A). (Id. at 9.)

Alternatively, Defendant argues that Plaintiffs must pierce the corporate veil to hold Arsenberger liable, contending that the cases cited in Plaintiffs' Response are factually distinct from the matter at hand. (Id. at 11.)

Finally, Defendant argues that Plaintiffs failed to state a claim for negligent hiring and that Plaintiffs' punitive damages averments are legally insufficient, incorporating the arguments set forth in Defendants Trucking Co. and Best's Reply. (Id.
13 at 11-13.) *13

**B. Analysis**

**i. Defendants' Motions to Dismiss Amendments as Time-Barred**

Federal Rules of Civil Procedure 15(c)(1)(b) provides that amendments to add claims arising out of the same "conduct, transaction, or occurrence" as set out in the original pleading will relate back to the date of the original pleading. See Arthur v. Maersk, Inc., 434 F.3d 196, 202-03 (3d Cir. 2006); see also Krupski v. Costa Cociere S.p.A., 560 U.S. 538, 545 (2010) (amendment related back where it "clearly involved the same occurrence" as the original negligence claim based on plaintiff's slip and fall). Pursuant to Federal Rules of Civil Procedure 15(c)(3), an amendment naming a new party relates back to the date of the original pleading where the new party had adequate notice of the action and should have known that it would have been named in the complaint but for an error. See Arthur, 434 F.3d at 209; see also Krupski, 560 U.S. at 540

(amendment changing defendant related back where the new defendant and existing defendant were related corporate entities with similar names); Barbour v. Emkay, Inc. (Ill.), No. 11-1869, 2011 WL 3438189, at *4 (E.D. Pa. Aug. 5, 2011) (Baylson, J.) (same).

Taking Plaintiffs' allegations in the light most favorable to Plaintiffs, as the Court must at this stage, the addition of Counts Two and Three is not time-barred because the claims relate back to the same occurrence set forth in the original pleading-the accident. Further, the addition of Defendant Arsenberger as a party also relates back to the date of the original pleading because Arsenberger had constructive notice of the suit as the President, owner, and chief operating officer of Defendant Trucking Co., a party to the original pleading. (See First Am. Compl. ¶ 5; see also Arsenberger MTD, at 4-5.) Therefore, Plaintiffs' additional claims and the amended claims against Defendant Arsenberger personally, including punitive
14 damages, will not be dismissed. *14

**ii. Defendants' Motions to Dismiss Plaintiffs' Punitive Damages Request**

Defendants contend that the factual allegations in the First Amended Complaint fail to support an award for punitive damages. (Trucking and Best MTD, at 12-15; Arsenberger MTD, at 23-26.) In response, Plaintiffs assert that the factual allegations supporting a claim of gross negligence and recklessness against Defendants Trucking Co. and Best, as well as those underlying a claim of negligent hiring against Defendants Trucking Co. and Arsenberger, demonstrate Defendants' outrageous conduct and reckless indifference to the safety of others, warranting punitive damages. (Resp. to Trucking and Best MTD, at 26-32; Resp. to Arsenberger MTD, at 20-24.)

Taking the allegations in the light most favorable to Plaintiffs, the Court cannot dismiss Plaintiffs' claims for punitive damages. The facts alleged in the First Amended Complaint could support a punitive damages award.

**iii. Defendants' Motions to Dismiss Negligent Hiring Claim Against Defendants Trucking Co. and Arsenberger (Count Three)**

**1. Defendant Arsenberger's Personal Liability**

Defendant Arsenberger moves to dismiss Plaintiffs' negligent hiring claim against him, contending that Plaintiffs' allegations are insufficient to pierce the corporate veil. (Arsenberger MTD, at 4-8.) Defendant also contends that Plaintiffs have failed to plead sufficient factual allegations showing that Arsenberger knew or should have known of Best's alleged propensity to drive in a reckless manner and, notwithstanding, Arsenberger cannot be held personally liable because he conceded liability for Best's conduct. (Id. at 19-20.) In response, Plaintiffs contend that they do not seek to hold Defendant Arsenberger vicariously liable-only personally liable for his role in interviewing, hiring, and training Best. (Resp. to Arsenberger
15 MTD, at 15-16.) *15 Plaintiffs also assert that they do not need to pierce the corporate veil to hold Arsenberger liable for his own allegedly negligent and reckless conduct. (Id. at 16.)

Defendant's Motion to Dismiss Plaintiffs' claims will be denied. Piercing the corporate veil of a corporation "is an equitable remedy whereby a court disregards the existence of the corporation to make the corporation's individual principals and their personal assets liable for the debts of the corporation." In re Blatstein, 192 F.3d 88, 100 (3d Cir. 1999) (internal quotation marks and citation omitted); see also Shay v. Flight C Helicopter Servs., Inc., 822 A.2d 1, 17 (Pa. Super. Ct. 2003) (citation omitted) ("Where the court pierces the corporate veil, the owner is liable because the corporation is not a bona fide independent entity; therefore, its acts are truly his."). Plaintiffs do not need to pierce the corporate veil for a jury to find Defendant Arsenberger personally liable. If Defendant Trucking Co., the corporate defendant,

does not have assets to satisfy the eventual judgment, then piercing the corporate veil may become relevant.

In the alternative, Defendant contends that because Arsenberger was acting as a director or officer of Trucking Co. in interviewing, hiring, and training Best, he cannot be held personally liable in the absence of a misfeasance allegation under the "participation theory." (Arsenberger MTD, at 4-5.) Under the "participation theory," to hold a corporate officer personally liable, a plaintiff must establish that the officer engaged in "misfeasance," or the improper performance of an act. Shay, 822 A.2d at 17 (citing Brindley v. Woodland Vill. Rest., Inc., 438 A.2d 865, 868 (Pa. Super. Ct. 1995)). A corporate officer cannot be held liable for "mere nonfeasance," or "the omission of an act which a person ought to do." Brindley, 438 A.2d at 868.

Plaintiffs' First Amended Complaint seeks to hold Arsenberger personally liable for his independent role in interviewing, hiring, and training Best, not on the theory that Arsenberger participated in the alleged negligent and reckless acts on behalf of
16 Arsenberger Trucking Co. *16 Plaintiffs' First Amended Complaint also pleads sufficient facts alleging that Arsenberger personally committed misfeasance. Plaintiffs allege that Arsenberger independently interviewed, hired, and trained Best in violation of the FMCSR and, along with Trucking Co., entrusted Best with a tractor-trailer when Arsenberger knew or should have known that Best was not properly qualified and/or trained to safely operate the tractor-trailer within the mandates of the FMCSR. (First Am. Compl. ¶ 30.) Accordingly, Defendant has failed to demonstrate that Plaintiffs cannot prove that Arsenberger is personally liable on alternative theories.

**2. Negligent Hiring, Retention, Supervision, and Entrustment Claim Against Defendants Trucking Co. and Arsenberger (Count Three)**

Defendants also move to dismiss Plaintiffs' negligent hiring, retention, supervision, and entrustment claim[10] against Trucking Co. and Arsenberger for failure to show that Best was a dangerous driver with a propensity to harm others, contending that Plaintiffs improperly relied on post-accident conduct. (Trucking and Best MTD, at 11; Arsenberger MTD, at 17-19.) In response, Plaintiffs point to several allegations in the First Amended Complaint that support a viable claim for negligent hiring under Pennsylvania law, including that Defendants improperly hired Best when he lacked prior experience operating tractor-trailers. (Resp. to Trucking and Best MTD, at 22.) Further, Plaintiffs contend that Defendants negligently trained and supervised Best and improperly entrusted a vehicle to him. (Id. at 24.)

10 Plaintiffs combine negligent hiring/retention, negligent supervision, and negligent entrustment causes of action into Count Three of the First Amended Complaint. (First Am. Compl. ¶ 12.)

Plaintiffs cite Section 213 of the Restatement (Second) of Agency as providing the applicable test for all claims set forth in Count Three.[11] See
17 Brezenski v. World Truck Transfer, *17 Inc., 755 A.2d 36, 42 (Pa. Super. Ct. 2000); see also Burke, 605 F. Supp. 2d at 657. Section 213 provides, in relevant part:

11 Pennsylvania courts have looked to Section 213 of the Restatement (Second) of Agency in considering negligent hiring, retention, supervision, and entrustment claims. See, e.g., Burke, 605 F. Supp. 2d at 657; Brezenski v. World Truck Transfer, Inc., 755 A.2d 36, 42 (Pa. Super. Ct. 2000); see also Keffer v. Bob Nolan's Auto Serv., Inc., 59 A.3d 621, 661-62 (Pa. Super. Ct. 2012) (applying Section 213 to determine whether plaintiff presented evidence of negligent supervision). However, Pennsylvania courts have also determined that negligent entrustment claims are specifically governed by Section 308 of the

Restatement (Second) of Torts. See, e.g., City of Philadelphia v. Beretta U.S.A. Corp., 277 F.3d 415, 422 n.9 (3d Cir. 2002). Section 308 provides that an employer is liable for permitting an employee:

> [T]o use a thing or to engage in an activity which is under the control of the [employer], if the [employer] knows or should know that [the employee] intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless . . . (b) in the employment of improper persons in work involving risk of harm to third parties; (c) in the supervision of the activity; or (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or under his control.

Restatement (Second ) Agency § 213 (1958).

Though Plaintiffs do not allege the specific elements of a negligent hiring or retention claim, Plaintiffs do cite Court v. Loews Phila. Hotel, Inc., No. 16-4848, 2017 WL 569522, at *4 (E.D. Pa. Feb. 13, 2017) (Pratter, J.), and Brezenski, 755 A.2d at 42, which set forth the distinct elements of negligent hiring/retention and negligent supervision claims. (Resp. to Trucking and Best MTD, at 22-23; Resp. to Arsenberger MTD, at 15, 16, 19.) Reflecting Section 213, to state a claim for negligent hiring or retention under Pennsylvania law, "a plaintiff must demonstrate that (i) an employer knew or should have known of an employee's propensity for violence, and (ii) the employment created a situation where the violence could harm a third party." Court, 2017
18 WL 569522, at *4. *18

Similarly, Plaintiffs do not allege the elements specific to a negligent supervision claim. However, Court explains that Section 317 of the Restatement (Second) of Torts imposes liability on an employer who "knew or, in the exercise of ordinary care, should have known of the necessity for exercising control of [its] employee." Id. (citing Restatement (Second) of Torts § 317 (1965)); see also Brezenski, 755 A.2d at 41-42. Court provides that in order to state a claim for negligent supervision under Pennsylvania law, "a plaintiff must demonstrate that an employer failed to exercise ordinary care to prevent intentional harm to a third party when that harm was (i) committed on the employer's premises, (ii) committed by an employee acting outside the scope of his or her employment, and (iii) was reasonably foreseeable." Court, 2017 WL 569522, at *4 (citing Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 487-88 (3d Cir. 2013)). Harm is "reasonably foreseeable" if "it is part of a general type of injury that has a reasonable likelihood of occurring." Court, 2017 WL 569522, at *4 (citing Belmont, 708 F.3d at 491). An employer can only be liable for negligent supervision "if it knew, or should have known, that 'the employee ha[d] dangerous propensities that might cause harm to a third party.'" Court, 2017 WL 569522, at *4 (quoting Belmont, 708 F.3d at 491).

Plaintiffs allege that Arsenberger interviewed, hired, and trained Best in violation of the FMCSR and, along with Trucking Co., entrusted Best with a tractor-trailer knowing that he was improperly trained, inexperienced, and unqualified, posing a risk of danger to others. (First Am. Compl. ¶ 30.) Taking the allegations in the Amended Complaint in the light most favorable to Plaintiffs, a jury could find that Defendants were negligent in hiring and retaining Best and entrusting him with Defendants' vehicle. The Court concludes that under federal standards of pleading and

Pennsylvania law, Plaintiffs' claims of negligent entrustment, negligent hiring, negligent supervision, and negligent retention will be
19 governed by the same basic standards, and *19 Defendants are on sufficient notice of the underlying factual allegations. As such, Defendants' Motions to Dismiss Count Three of Plaintiffs' First Amended Complaint will be denied. Defendants can renew their legal arguments after discovery by Motion for Summary Judgment.

## VI. Conclusion

Defendants Trucking Co. and Best's Motion to Dismiss will be denied. Defendant Arsenberger's Motion to Dismiss will also be denied. O:\CIVIL 17\17-1242 McMahon v Arsenberger\17cv1242 Memo re Motions to Dismiss.docx

Id. (quoting Ferry v. Fisher, 709 A.2d 399, 403 (1998)). The parties do not address Section 308 in their briefs. The only case Plaintiffs cite that considers the viability of a negligent entrustment claim is Burke, in which the court did not discuss whether plaintiffs specifically stated a claim of negligent entrustment in denying defendants' motion for summary judgment. 605 F. Supp. 2d at 658-59. For purposes of this Rule 12 motion, the Court finds Plaintiffs' allegations sufficient to proceed on this claim.

casetext
Part of Thomson Reuters