# EXHIBIT B

**IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **JOHN BARBER,** | : | **NO: CV-2014-5240** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **WELLS FARGO HOME MORTGAGE SERVICING,** | : | |
| **Defendant.** | : | |

**ORDER OF COURT**

**AND NOW,** this 6th day of April, 2016, upon consideration of the Defendant's, Wells Fargo Bank, N.A.'s ("Defendant"),[1] Preliminary Objections and Memorandum in support thereof and Plaintiff's, John Barber's ("Plaintiff"), Second Amended Complaint and Memorandum of Law in Contra Preliminary Objections to Second Amended Complaint, it is hereby **ORDERED**:

1. As it relates to Paragraph 20(h) of Plaintiff's Second Amended Complaint, Defendant's preliminary objection pursuant to Rule 1028(a)(3) of the Pennsylvania Rules of Civil Procedure is **SUSTAINED**.
2. As it relates to Paragraphs 20(a) and (d) of Plaintiff's Second Amended Complaint, Defendant's preliminary objection pursuant to Rule 1028(a)(3) of the Pennsylvania Rules of Civil Procedure is **OVERRULED**.

[1] In filing suit, Plaintiff incorrectly identified Defendant as Wells Fargo Home Mortgaging Servicing. This error is neither an issue in this Order nor has been throughout the pleadings thus far.

3. Defendant's preliminary objection to Plaintiff's breach of contract claim pursuant to Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure is **OVERRULED**.
4. Defendant's preliminary objection to Plaintiff's breach of covenant of good faith and fair dealing claim pursuant to Rule 1028(a)(4) Rule of the Pennsylvania Rules of Civil Procedure is **SUSTAINED**.[2]
5. Plaintiff shall have twenty (20) days from the date of this Order to file a Third Amended Complaint.

## STATEMENT OF REASONS

### I. Factual and Procedural History

The following facts are stated as averred by Plaintiff. Prior to May 3, 2014, Plaintiff was the co-owner of real estate located at 100 Palmer Street, Easton, Northampton County, Pennsylvania (the "Property") with his wife, Linda Barber, who had recently vacated the Property. Second Am. Compl. ¶ 3. The Property was subject to a mortgage, which was originally in favor of Wachovia Bank, N.A. before Defendant attained the mortgage through consolidation and/or merger. Id. at ¶ 4. On August 15, 2013, Defendant instituted a foreclosure action against Plaintiff, which is docketed at case number 2013-8188. Id. at ¶ 5. Subsequent to receiving the foreclosure complaint, Plaintiff marketed the Property for sale through Berkshire

[2] Our ruling does not, however, preclude Plaintiff from asserting, within his breach of contract claim, that Defendant violated a general duty of good faith in its enforcement of its rights under the contract. See infra Part II.B.2.

Hathaway Home Services Fox and Roach ("Berkshire Hathaway"). Id. at ¶ 6. At some point thereafter, Berkshire Hathaway contacted Defendant and sought approval for a short sale. Id. An Agreement of Sale was executed on January 26, 2014, and submitted to Defendant. Id. at ¶ 7. On April 2, 2014, Defendant approved the short sale pursuant to the Agreement of Sale and scheduled a projected settlement date of June 1, 2014. Id. at ¶ 8.

Simultaneous with the short sale process, Defendant continued to pursue execution of its mortgage foreclosure judgment through sheriff's sale. Id. at ¶ 9. The sheriff's sale was scheduled for April 11, 2014, but was continued, at Defendant's request, to May 9, 2014. Id. Additionally, throughout the mortgage foreclosure process, Plaintiff continued to reside on the Property, and his furnishings and belongings also remained on the Property. Id. at ¶ 10. Despite this, on April 21, 2014, Plaintiff discovered that his home was broken into, his locks changed, the Property ransacked, and many of his personal belongings missing. Id. at ¶ 13. The missing items included a coin collection, gun, gun ammunition, silverware, car polisher/buffer, tool box and tools, battery charger, and box of DVD's. Id. at ¶ 18. On his front door was a notice, which stated that the Property was "secured and maintained…to protect it against future deterioration" and listed toll-free phone numbers belonging to Defendant. Id. at ¶ 14. The notice also provided a work order number. Id. Plaintiff maintains that the notice was posted by Defendant's agents, and those individuals or that entity is

responsible for the damage and missing items from Plaintiff's home. Id. at ¶¶ 16-17.

Plaintiff avers that Defendant engages Mortgage Contracting Services, LLC ("MCS") to perform "property services," including inspections and securing of the Property, which, in turn, engaged Erin Uciehowski d/b/a Blue Property Management ("Blue Property") to perform such services at the Property. Id. at ¶ 27. Accordingly, Plaintiff asserts that "it may have been agents, representative[s], and/or employees of Blue Property and/or MCS who engaged in the break-in and removal of personal property from the premises." Id. at ¶ 28.

Plaintiff filed his Complaint on June 3, 2014, which averred two counts: conversion and a violation of the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq. Compl. ¶¶ 20, 21, 23-25. Defendant filed its Answer to Plaintiff's Complaint with New Matter on September 17, 2014. Plaintiff filed his Reply to New Matter on October 30, 2014. On October 23, 2015, the Honorable Paula A. Roscioli granted Plaintiff leave to file an Amended Complaint. Plaintiff filed his Amended Complaint on October 30, 2015. Plaintiff filed his Second Amended Complaint on November 20, 2015. Plaintiff's Second Amended Complaint corrected typographical errors and attached exhibits that were missing from the Amended Complaint. Plaintiff's Amended Complaint and Second Amended included three new counts:

negligence, breach of contract, and breach of covenant of good faith and fair dealing.

On December 10, 2015, Defendant filed preliminary objections to the Second Amended Complaint, and on December 30, 2015, Defendant filed a memorandum in support of the same. Defendant's objected to the Second Amended Complaint on the following bases:

1. Plaintiff's claim of negligence, specifically paragraph 29 of the Second Amended Complaint, lacks sufficient specificity.
2. Plaintiff's breach of contract claim fails to state any claim for which relief may be granted.
3. Plaintiff's breach of covenant of good faith and fair dealing claim fails to state any claim for which relief may be granted.

On February 22, 2016, Plaintiff filed his Memorandum of Law Contra Preliminary Objections to Second Amended Complaint.

This matter was placed on the February 23, 2016, Argument List and was submitted on brief.

**II. Discussion**

A court may properly grant preliminary objections when the pleadings are legally insufficient for one or more of several reasons enumerated in Rule 1028 of the Pennsylvania Rules of Civil Procedure, two of which are asserted by Defendant in this case. In ruling on preliminary objections, "we will

consider as true all well-pleaded facts and inferences reasonably deducible therefrom, but not conclusions of law, argumentative allegations or opinions." Erie Cty. League of Women Voters v. Com., Dep't of Envtl. Res., 525 A.2d 1290, 1291 (Pa. Commw. 1987).

**A. Preliminary Objection as to Insufficient Specificity**

Defendant's first preliminary objection asserts that the Second Amended Complaint lacks sufficient specificity as to Plaintiff's negligence claim. See Second Am. Compl. ¶ 29. Specifically, Defendant argues that Plaintiff's negligence claim violates Pennsylvania Rule of Civil Procedure 1019 and Connor v. Allegheny Hospital. See 461 A.2d 600, 604 (Pa. 1983). The pertinent question under Rule 1028(a)(3) is "'whether the complaint is sufficiently clear to enable the defendant to prepare his defense," or "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.'" Rambo v. Greene, 906 A.2d 1232, 1236 (Pa. Super. 2006) quoting Ammlung v. City of Chester, 302 A.2d 491, 498 n. 36 (Pa. Super. 1973).

Further, Rule 1019 requires that "material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. No. 1019(a). Both parties assert Connor supports their position. In Connor, the appellants appealed the trial court's denial of their motion to amend their complaint. Connor, 461 A.2d at 602. Appellant's original

complaint averred, that "appellee, acting individually and through its employees, was negligent '[i]n otherwise failing to use due care and caution under the circumstances.'" Id. The appellants sought to amend their complaint to include that the "barium enema had been negligently performed." Id. The Court held that it was an abuse of discretion for the trial court to refuse the proposed amended, finding that the "proposed amendment does not change the original cause of action, but rather merely amplifies it" and "would not result in any prejudice to appellee." Id. The Court contemplated that

> [i]f appellee did not know how it "otherwise fail[ed] to use due care and caution under the circumstances," it could have filed a preliminary objection in the nature of a request for a more specific pleading or it could have moved to strike that portion of the appellants' complaint… In this case, however, appellee apparently understood this allegation of appellants' complaint well enough to simply deny it in its answer. Thus, appellee cannot now claim that it was prejudiced by the late amplification of this allegation in appellants' complaint.

Id. at 602, n.3. In sum, when an appropriate preliminary objection is raised, catch-all allegations of negligence or unsupported boilerplate should be stricken. The facts in Connor, however, allowed the appellant to amend his complaint because the appellee failed to raise a preliminary objection to the insufficient specificity of the appellant's complaint.

In Liquori v. Wind Gap Chiropractic Ctr., the Honorable William F. Moran recollected that "[t]his court has ruled under *Connor* that a defendant has an obligation to file preliminary objections to general allegations of

negligence in a complaint to avoid 'shotgun theories of a plaintiff's case.' Brown v. Snyder, no. 1991-C-599 (Northampton Cty. C.P., Freedberg, P.J.)." 75 Pa. D. & C.4th 106, 111 (Com. Pl. 2005). Judge Moran struck multiple sub-paragraphs that he held were "little more than boilerplate language, meant as a catch-all provision" and specifically directed the plaintiff that "[i]f discovery should turn up additional facts to support the negligence claim, [he] may move to amend his counterclaim." Id. at 112.

Defendant's first preliminary objection specifically argues that sub-paragraphs (a), (d), and (h) of paragraph 29 are insufficiently specific. In whole, paragraph 29 states:

> Defendant failed to exercise due case with regard to the said actions, including but not limited to, the following:
>
> (a) Failing to properly supervise and monitor the activities of MCS and/or Blue Property;
>
> (b) Failing to properly notify MCS and/or Blue Property of the correct status of the occupancy and/or ownership by Plaintiff of the subject premises;
>
> (c) Failing to property [sic] provide and receive appropriate reports to and from MCS and/or Blue Property related to Plaintiff and the subject premises;
>
> (d) Failing to properly investigate and monitor the background of the employees of MCS and/or Blue Property;
>
> (e) Failing to properly advise MCS and/or Blue Property of the ongoing occupancy by Plaintiff of the premises and the negotiations between Plaintiff and/or his agents and agents of Defendant related to a short sale;

> (f) Failing to properly advise MCS and/or Blue Property of the date of impending closing and anticipated transfer of occupancy from Plaintiff to a Buyer of the premises;
>
> (g) Failing to contact Plaintiff and/or his representatives to obtain information as to the occupancy of the premises;
>
> (h) Failing to perform such other duties as a mortgagee bank has to a residential mortgagor in inspection of and access to the mortgaged premises.

Second Am. Compl. ¶ 29.

Plaintiff's reliance on Connor is misplaced. In Connor, the appellee failed to object to the appellant's complaint, and the Court's decision rested on the appellant's failure to do so. Here, Defendant has raised an appropriate preliminary objection to Plaintiff's Second Amended Complaint, and consequently, we consider whether paragraph 29(h) should be stricken for insufficient specificity.

Paragraph 29(h) purports that Defendant failed to perform "other duties" involved with the "inspection of and access to" the Property whereas the other sub-paragraphs of paragraph 29 contain specific allegations. Taken in light of the remaining sub-paragraphs, paragraph 29(h) is clearly a catch-all provision and must be stricken. Therefore, we sustain Defendant's first preliminary objection as it pertains to paragraph 29(h).

Defendant also objects to sub-paragraphs (a) and (d), claiming that these allegations contain insufficient specificity. Defendant argues that Plaintiff's averments that Defendant failed to supervise and monitor the activities of MCS and/or Blue Property and failed to investigate and monitor

the backgrounds of the same are impermissibly vague. However, unlike paragraph 29(h), sub-paragraphs (a) and (d) are clearly not boilerplate. Plaintiff clearly avers that he believes that "agents, representative[s], and/or employees of Blue Property and/or MCS…engaged in the break-in and removal of personal property" from the Property. See Second Am. Compl. ¶ 28. Likewise, Plaintiff avers that he discovered the alleged break-in on April 21, 2014, and provided the work order number left on the door of the Property. Id. at ¶ 13-15. Plaintiff's averments that Defendant failed to monitor, supervise, and investigate MCS and/or Blue Property employees are not as attenuated as Defendant suggests and are sufficiently specific as to enable Defendant to prepare its defense and to inform Defendant "of the specific basis on which recovery is sought so that [it] may know without question upon what grounds to make [its] defense." Thus, we overrule the balance of Defendant's first preliminary objection.

**B. Preliminary Objections in the Nature of a Demurrer**

Defendant's final two preliminary objections are in the nature of a demurrer. Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. Pa.R.C.P. 1028(a)(4); see also Feingold v. Hendrzak, 15 A.3d 937, 941 (Pa. Super. 2011), citing Haun v. Community Health Systems, Inc., 14 A.3d 120, 123 (Pa. Super. 2011). A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom. Creeger Brick & Bldg. Supply Inc.

v. Mid-State Bank & Trust Co., 560 A.2d 151, 152 (Pa. Super. 1989). This type of preliminary objection is only proper when the law is clear that a plaintiff is not entitled to recovery based on the facts alleged in the complaint. Bargo v. Kuhns, 98 A.3d 686, 689 (Pa. Super. 2014) quoting Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 436 (Pa. 2004). Thus, if any doubt exists as to whether a demurrer should be sustained, the preliminary objection should be overruled. Joyce v. Erie Ins. Exch., 74 A.3d 157, 162 (Pa. Super. 2013) citing Feingold, 15 A.3d at 941.

**1. Demurrer as to Count IV: Breach of Contract**

Defendant's second preliminary objection is in the nature of a demurrer and objects to Plaintiff's Count IV, breach of contract. In a breach of contract cause of action, the plaintiff must establish three hallmark elements: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." Hart v. Arnold, 884 A.2d 316, 332 (Pa. Super. 2005). Defendant narrows our scope of analysis, arguing that Plaintiff has not established that Defendant owed Plaintiff a duty, and thus, Defendant's actions cannot be said to be the legal cause of Plaintiff's damages. See Def.'s Mem. Law 7. Defendant claims Plaintiff's breach of contract claim merely recasts what would otherwise be a tort theory of recovery, and therefore, violates the gist of the action doctrine. See id.

The gist of the action doctrine bars tort claims where "'the true gravamen, or gist, of the claim sounds in contract.'" Dommel Props., LLC v.

Jonestown Bank, No. 1:11-CV-2316, 2016 WL 695098, at *4 (M.D. Pa. Feb. 22, 2016) quoting Dommel Props. LLC v. Jonestown Bank & Trust Co., 626 F. App'x 361, 364 (3d Cir. 2015).[3] In Bruno v. Erie Ins. Co., our Supreme Court surveyed centuries of Pennsylvania jurisprudence and concluded that "the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract" is "nature of the duty alleged to have been breached." 106 A.3d 48, 68 (Pa. 2014). The Court continued:

> In this regard, the substance of the allegations comprising a claim in a plaintiff's complaint are of paramount importance, and, thus, the mere labeling by the plaintiff of a claim as being in tort, e.g., for negligence, is not controlling. If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

Id. (citations omitted).

Plaintiff bases his breach of contract claim on two paragraphs contained in the mortgage agreement between Plaintiff and Defendant (the "Mortgage

[3] As noted in Plaintiff's Memorandum of Law Contra Preliminary Objections, the gist of the action doctrine is rarely asserted to object to a breach of contract claim. That is, the majority of case law involves a plaintiff who asserts a *tort* claim when the claim is truly one in contract. In those cases where the plaintiff attempts to couch his tort claim in the framework of a breach of contract claim, there is a common theme: the plaintiff sought to defeat immunity provisions in the Tort Claims Act. See Gibellino v. Manchester Twp., 109 A.3d 336, 341 (Pa. Commw. 2015); Matarazzo v. Millers Mut. Grp., Inc., 927 A.2d 689, 693 (Pa. Commw. 2007), as amended (Sept. 17, 2007); Gilius v. Bd. of Sup'rs of Fairview Twp., 552 A.2d 327, 330 (Pa. Commw. 1988).

Agreement"). In his Second Amended Complaint, Plaintiff cites to the following language from the Mortgage Agreement:

> [Paragraph 7:] Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Grantor notice at the time of or prior to such an interior inspection specifying such reasonable cause.
>
> [Paragraph 9: In the event of Grantor default,] Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including…securing and/or repairing the Property.

Second Am. Compl. Ex. C, at 7. Plaintiff asserts that the aforementioned paragraphs of the Mortgage Agreement impose certain duties upon Defendant: to provide Plaintiff (1) with notice prior to or at the time Defendant entered the Property; (2) with reasonable cause before entering the Property; and (3) to do and pay for whatever is reasonable or appropriate to protect the Property. Id. at ¶ 35.

Defendant argues that that Plaintiff's "claimed damages are not based upon the contract nor any damage to the real property or improvements to such property," and "[t]o the contrary, plaintiff is seeking recovery in the form of damages arising out of his alleged loss of personal property which he claims was stolen by defendant's independent contractors." Def.'s Mem. Law 6. Defendant further claims that Plaintiff's claim "does not arise out of any breach of a specific duty in the mortgage agreement owed by [D]efendant," and instead, "the underlying mortgage simply established the relationship between the parties." Id.

In sum, while Defendant asserts that Plaintiff's claimed damages do not arise from the Mortgage Agreement and the Mortgage Agreement imposes a duty on Plaintiff, not Defendant, Plaintiff focuses on Defendant's purported duty to follow certain procedural requirements *before* the Property was damaged. First, Plaintiff challenges notice, averring that the notice, which was left on Plaintiff's front door, was insufficient. Second, although Plaintiff concedes that the notice contains cause for entering the Property—"[t]o secure and further preserve and maintain the property"—Plaintiff asserts that Defendant failed to provide *reasonable* cause. Third, Plaintiff reasons that Defendant's actions exceeded what was reasonable and appropriate to protect its interest in the Property. Plaintiff's second and third assertions are based on his averments that he continued to reside on the Property, and Defendant knew Plaintiff remained on the Property, as evidenced by the then-upcoming short sale. Accepting Plaintiff's factual averments as true, we conclude that the Plaintiff's breach of contract claim is legally sufficient to defeat Defendant's demurrer. We find that Plaintiff's claim is in fact based upon a contract—the Mortgage Agreement—and find that the nature of the duty alleged to have been breached is contractual in nature. Therefore, the gist of the action doctrine does not preclude Plaintiff's breach of contract claim.

**2. Demurrer as to Count V: Breach of Covenant of Good Faith and Fair Dealing**

Defendant's final demurrer asserts that Plaintiff's Count V, breach of covenant of good faith and fair dealing, is not an independent cause of action

and must be dismissed. In Creeger, our Superior Court addressed the duty of good faith and fair dealing:

> Section 205 of the Restatement (Second) of Contracts suggests that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." A similar requirement has been imposed upon contracts within the Uniform Commercial Code by 13 Pa.C.S. § 1203. The duty of "good faith" has been defined as "[h]onesty in fact in the conduct or transaction concerned." See: 13 Pa.C.S. § 1201; Restatement (Second) of Contracts § 705, Comment a. Where a duty of good faith arises, it arises under the law of contracts, not under the law of torts. *AM/PM Franchise Association v. Atlantic Richfield Co.,* 373 Pa.Super. 572, 579, 542 A.2d 90, 94 (1988). See also: *Clay v. Advanced Computers Applications, Inc.,* 370 Pa.Super. 497, 505 n. 4, 536 A.2d 1375, 1379 n. 4 (1988), *allocatur granted,* 518 Pa. 647, 544 A.2d 959 (1988).

560 A.2d at 153. Further, Pennsylvania courts have recognized a duty of good faith inherent in certain types of legal relationships, but "[s]uch an inherent duty of good faith does *not* extend to the lender-borrower relationship." Cable & Associates Ins. Agency, Inc. v. Commercial Nat. Bank of Pennsylvania, 875 A.2d 361, 364 (Pa. Super. 2005). Moreover, "a lending institution does not violate a separate duty of good faith by adhering to its agreement with the borrower or by enforcing its legal and contractual rights as a creditor." Id. Still, "a borrower may plead sufficient facts to make out a claim that a lender violated its general duty of 'good faith' arising out of the law of contracts." Id.

Accordingly, Plaintiff concedes that a breach of the covenant of good faith and fair dealing is subsumed under a breach of contract action and is not an independent cause of action. Mem. Law Contra Prelim. Objections 6.

However, Plaintiff asserts that Defendant violated its general duty of good faith in its enforcement of its rights under the contract, by "without notice, breaking into Plaintiff's home, which it knew or had reason to know was occupied, and allowing it to be rifled through and stolen from." Id. In short, the same actions that comprised Plaintiff's Court IV were also those used to allege Plaintiff's Count V.

Thus, we sustain Defendant's third preliminary objection insofar as Plaintiff's Count V is not an independent cause of action, but Plaintiff may still "plead sufficient facts to make out a claim that a lender violated its general duty of 'good faith' arising out of the law of contracts."

**BY THE COURT:**

**/s/ Samuel P. Murray**
**SAMUEL P. MURRAY, J.**