**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 26-2660 |
| SHUKHRAT KULDOSHOV and | : | |
| LYFT, INC. | : | |

**ORDER**

AND NOW, this ____ day of _______________, 2026, upon consideration of Defendant Lyft, Inc.'s Motion for Protective Order, it is hereby ORDERED and DECREED that said Motion is GRANTED and the Stipulation and Protective Order attached to the Motion as Exhibit A is hereby APPROVED.

BY THE COURT:

______________________________
Hon. Karen Spencer Marston

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 26-2660 |
| SHUKHRAT KULDOSHOV and | : | |
| LYFT, INC. | : | |

**DEFENDANT LYFT, INC.'S MOTION FOR PROTECTIVE ORDER**

Defendant Lyft, Inc. ("Lyft"), by and through its undersigned counsel, Dickie, McCamey & Chilcote, P.C., hereby files the instant Motion, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, for this Court's approval of a Stipulation and Protective Order. A Brief in Support of this Motion is being filed contemporaneously herewith and is incorporated by reference herein.

WHEREFORE, Defendant Lyft, Inc. respectfully requests that this Honorable Court enter the attached Order.

Respectfully submitted,

Date: 8/3/26

s/ James R. Andrzejewski

James R. Andrzejewski, Esq. (PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2281
Attorneys for Defendant, Lyft, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 26-2660 |
| SHUKHRAT KULDOSHOV and LYFT, INC. | : | |

**BRIEF IN SUPPORT OF DEFENDANT LYFT, INC.'S**
**MOTION FOR PROTECTIVE ORDER**

Defendant Lyft, Inc. ("Lyft"), by and through its undersigned counsel, Dickie, McCamey & Chilcote, P.C., hereby files the instant Brief in Support of its Motion, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, for this Court's approval of a Stipulation and Protective Order, and in support thereof, avers as follows:

## I. STATEMENT OF FACTS

Plaintiff Deshante Scott ("Plaintiff") brings this lawsuit against Lyft and Defendant Shukhrat Kuldoshov ("Kuldoshov") for alleged injuries and damages arising out of a motor vehicle accident that occurred on February 3, 2025. Plaintiff alleges that, at all times relevant hereto, Kuldoshov was an employee, contractor, and/or agent of Lyft and was acting within the course and scope of that relationship.[1]

On July 27, 2026, Plaintiff served Lyft with Interrogatories and Requests for Production of Documents.

Under Pennsylvania law, Lyft has been designated as a "transportation network company" or "TNC." *See* 53 Pa.C.S. § 57A01, *et seq*. The TNC industry is both new and highly competitive, and the disclosure of any of Lyft's trade secrets or other confidential information in

[1] Lyft disputes that Kuldoshov was an employee or agent of Lyft.

this action could injure Lyft in the marketplace. Accordingly, Lyft requested that Plaintiff and Kuldoshov execute a Stipulation and Protective Order and all parties consented.[2] *See* Exhibit A.

More specifically, the Stipulation and Protective Order is needed to protect Lyft's internal information that is housed within its proprietary systems that would necessarily need to be disclosed in response to Plaintiff's discovery requests, as some of the information requested is derived from Lyft's operational management software system and Zendesk. This includes the way in which Lyft collects, processes, and leverages that information to optimize operations across the portfolio (including processes for addressing user complaints, user feedback, driver rides/logins, and detail on routes for rides provided on the Lyft platform). Lyft has invested significant money and resources into creating these proprietary systems, derives value from its methods of storing and organizing information within these systems and they therefore constitute trade secrets. Lyft requires, as a condition of employment, that all new employees sign a confidentiality agreement, which is put in place to protect Lyft's proprietary information from being disclosed by employees or former employees to outside parties. Lyft also requires all employees to sign Lyft's employee handbook, which describes in detail each employee's obligations regarding technology use, security, and protection of Lyft's confidential and proprietary information. Lyft even requires all visitors to Lyft headquarters to read and sign a non-disclosure agreement before proceeding past the reception desk.

Lyft operates in a new and highly competitive industry. If that information and propriety system were disclosed to the public, it could be revealed to Lyft's competitors and provide them with a competitive edge in the marketplace.

---

[2] Paragraph 18 of the Stipulation and Protective Order have been revised pursuant to Your Honor's request.

To balance the needs of the parties in the instant litigation with Lyft's interest in protecting its proprietary systems, Lyft proposed the Stipulation and Protective Order, to which all parties have consented. Accordingly, Lyft requests that this Honorable Court approve the Stipulation and Protective Order.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(b) sets forth the general scope of discovery in litigation, as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense** and **proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> Fed. R. Civ. P. 26(b) (emphasis added).

Against this backdrop, Rule 26 further provides that "any person from whom discovery is sought may move for a protective order in the court where the action is pending . . ." Fed. R. Civ. P. 26(c)(1). When considering such motions, "[t]he court may, for good cause, issue an order to protect a party or person from . . . oppression, or undue burden," by "requiring that trade secret or other confidential research, development, or commercial information … be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1).

"[A] party seeking a protective order over discovery materials must demonstrate that 'good cause' exists for the protection of that material." *Joon Assocs. v. House of Blues Tours & Talent, Inc.*, 2006 U.S. Dist. LEXIS 68170, at *7 (E.D. Pa. Sep. 18, 2006) (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury

must be shown with specificity." *Joon. Assocs.*, 2006 U.S. Dist. LEXIS 68170, at *7 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

The Third Circuit has identified factors a court may consider in determining whether good cause exists for issuing a protective order:

> [1] whether disclosure will violate any privacy interests; [2] whether the information is being sought for a legitimate purpose or for an improper purpose; [3] whether disclosure of the information will cause a party embarrassment; [4] whether confidentiality is being sought over information important to public health and safety; [5] whether the sharing of information among litigants will promote fairness and efficiency; [6] whether a party benefitting from the order of confidentiality is a public entity or official; and [7] whether the case involves issues important to the public.

*In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (quoting *Glenmede*, 56 F.3d at 483).

Certain documents that Lyft would produce in response to Plaintiff's Requests for Production contain trade secrets and other confidential, proprietary, and commercially sensitive information. These materials are the product of enormous investments of time and resources by Lyft, including in the software systems, programs, and methods used to collect and track this data. To that end, the responsive materials are the subject of rigorous efforts by Lyft to maintain their secrecy and confidentiality, including storing them on a private network drive protected by the appropriate computer security controls, limiting access to them to a subset of Lyft employees who have been individually approved, requiring new Lyft employees to sign a confidentiality agreement as a condition of employment, requiring all Lyft employees to sign an employee handbook outlining their obligation to maintain the confidentiality of the information, and requiring all visitors to Lyft's headquarters to read and sign a non-disclosure agreement before proceeding past reception. The disclosure of this information outside the confines of this litigation would assist Lyft's competitors to Lyft's detriment. Indeed, if disclosed, these

materials—and data contained in them—would provide Lyft's competitors with information about Lyft's confidential methods, techniques, programs, and processes that they may be able to copy or use without having to make the same investments of time and resources and therefor obtain a competitive advantage at Lyft's expense.

To balance the needs of the parties in this litigation with Lyft's interest in protecting its proprietary and trade secret information, Lyft has proposed, and all parties have agreed to, a Stipulation and Protective Order. *See* Ex. A. The proposed protective order is reasonable because it provides a definition of "CONFIDENTIAL" that should be considered non-controversial by all the parties in this action. It permits *all* parties to designate as confidential any information that falls into one of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. *Id.*, ¶ 2. Significantly, Plaintiff will also benefit from the proposed protective order as she will be entitled to designate as confidential all documents containing personal identifying information, and personal health, financial, and employment information. Also, the designation of a document as "confidential" constitutes a certification by the attorney representing the designating party that the document contains confidential information as defined by the protective order, which prevents any abuse of the designation process. *Id.*, ¶ 3(b).

Furthermore, Lyft's proposed protective order seeks only to reasonably limit the dissemination of confidential information to third parties; ***it does not limit the disclosure of***

***information in this action***. Under this order, the following categories of people would be permitted to review any information designated as confidential: the parties; counsel for the parties and the employees of counsel; the Court and its personnel; court reporters; contractors used for document processing; consultants and experts; witnesses at depositions; and any other third parties, upon written consent of the producing party or by order of the Court. *Id.*, ¶ 5(b). These limits would not result in injustice or hardship to any party of this action, and these limits certainly would not frustrate Plaintiff's ability to litigate her case.

Finally, Lyft's proposed protective order includes a reasonable provision for resolving disputes over confidentiality designations. *Id.*, ¶ 9. The dispute resolution provision first requires the objecting party to meet and confer in good faith by explaining the basis for the belief that a confidentiality designation is not proper, and then giving the producing party an opportunity to review the designated material to reconsider the designation. *Id.*, ¶ 9(a). If the meet-and-confer process fails to resolve the parties' dispute of a particular confidentiality designation, the protective order provides for Court intervention to resolve that dispute. *Id.*, ¶ 9(b).

Accordingly, the entry of a Protective Order will not inhibit the parties' ability to conduct discovery; to the contrary, it facilitates the exchange of Lyft's propriety information and prevents dissemination of that information beyond the contours of this litigation (which there is no valid reason to do in any event).

WHEREFORE, Defendant Lyft, Inc. respectfully requests that this Honorable Court enter the attached Order.

Respectfully submitted,

Date: 8/3/26

s/ James R. Andrzejewski

James R. Andrzejewski, Esq. (PA ID No.: 308153)
jandrzejewski@dmclaw.com

Dickie, McCamey & Chilcote, P.C.
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
Telephone: 215-925-2281
Attorneys for Defendant, Lyft, Inc.