EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DESHANTE SCOTT | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: 26-2660 |
| SHUKHRAT KULDOSHOV and | : | |
| LYFT, INC. | : | |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between the parties to Deshante Scott v. Lyft, Inc., et al. (hereinafter "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceedings, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 26-2660.

b. "Court" means any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any Documents, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law.

d. "Confidential Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e. "Highly Confidential" means any information which belongs to a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

f. "Highly Confidential Materials" means any Documents, Testimony, or Information, as defined below, designated as "Highly Confidential" pursuant to the provisions of this Stipulation and Protective Order.

g. "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential" or "Highly Confidential."

h. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

i. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the Federal Rules of Civil Procedure, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

j. "Information" means the content of Documents or Testimony.

k. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good

faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The parties may agree that a case name and number are to be part of the "Highly Confidential" designation. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material.

b. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript.

In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party

that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information, by page and line number where appropriate, to which each objection pertains, and the specific reasons and support for each such objection (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections. If the objecting Party disagrees with the extent of any such de-designation, or if the Designating Party declines to de-designate any such material, the Designating Party shall have 14 days to file a noticed motion with the Court seeking

confirmation of their designation of specific material contained in Documents, Testimony, or Information addressed by the Designation Objections (the "De-Designation Motion"). Pending a resolution of the De-Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The objecting Party shall have the burden on any De-Designation Motion of establishing the non-applicability of any "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are not timely addressed by the Designating Party, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material. In the event that the objecting Party fails to timely address any remaining objections in the De-Designation Motion, then such Documents, Testimony, or Information shall retain its initial designation as assigned by the Designating Party.

7. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

a. the Court;

b. the named Parties, including (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. the Parties' insurers;

d. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

e. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

f. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

g. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

h. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and

shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

i. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

j. any other person or entity that the Designating Party agrees to in writing.

8. Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

a. Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this

Protective Order. "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

b. In-house counsel to the undersigned Party corporation and the paralegal, clerical and secretarial staff employed by such counsel to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding. Provided, however, that each non-lawyer given access to Highly Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms.

c. the Parties' insurers;

d. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Highly Confidential Materials. It shall be the obligation of Trial Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify Trial Counsel for the Designating Party of such breach or threatened breach;

e. any person who authored, received, saw or was otherwise familiar with Documents, Testimony, or Information or thing designated "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

f. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding); and

g. the Court.

h. any other person or entity that the Designating Party agrees to in writing.

9. Confidential Materials and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding only, and not for any business or other purpose whatsoever. Such materials and information derived therefrom may not be made public or filed publicly without the written authorization of the Designating Party or an order of the Court.

10. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

11. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" contains or

reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i. to seek a determination by the Court of whether any particular Confidential Materials or Highly Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

12. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application

made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials or Highly Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena or prior to provision of adequate notice to the Designating Party.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Stipulation and Protective Order, any Confidential Materials or Highly Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating

Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials or Highly Confidential Materials to the immediate attention of the Designating Party.

17. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials or Highly Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18. Where any Confidential Materials or Highly Confidential Materials, or Information derived therefrom, is included in any motion or other proceeding governed by the Federal Rules of Civil Procedure, the Parties and any involved non-party shall follow those rules. With respect to discovery motions or other proceedings not governed by the Federal Rules of Civil Procedure, the following shall apply: If Confidential Materials, Highly Confidential Materials, or Information derived therefrom are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the filing or submitting Party shall first move the Court for permission to file or submit same under seal and, upon the Court's approval, shall file or submit same with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

19. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

20. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials or Highly Confidential Materials.

21. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

22. Upon written request made within thirty (30) days after the settlement or other final termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

23. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials or Highly Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

24. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials and Highly Confidential Materials under the terms herein.

25. This Stipulation and Protective Order may be executed in counterparts.

DATED: August 3, 2026 SIMON & SIMON, PC

By: ***Roman Galas***
Roman Galas, Esquire
Attorney for Plaintiff

DATED: July 31, 2026

BENNETT, BRICKIN & SALTZBURG, LLC

By: *Kelly Raymond*
Kelly L. Raymond, Esquire
Attorney for Defendant Shukhrat Kuldoshov

DATED: July 31, 2026

DICKIE, McCAMEY & CHILCOTE, P.C.

By: *James Andrzejewski*
James Andrzejewski, Esquire
Attorney for Defendant Lyft, Inc.

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, ________________________________[NAME], ___________________________________________ [POSITION AND EMPLOYER], am about to receive Confidential Materials and/or Highly Confidential Materials supplied in connection with the Proceeding, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 26-2660. I certify that I understand that the Confidential Materials and/or Highly Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials and Highly Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials and Highly Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of ______, 20__, at _________________.

BY: ________________________________
Signature

________________________________
Title

________________________________
Address

________________________________
City, State, Zip

________________________________
Telephone Number